UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-12513-GAO

KING DOWNING,
    Plaintiff

V.

MASSACHUSETTS PORT AUTHORITY,
THE MASSACHUSETTS DEPARTMENT
OF STATE POLICE, STATE POLICE TROOPER
THOMPSON, STATE POLICE SERGEANT
CROXTON, THOMAS G. ROBBINS, and
PETER J. DIDOMENICA,
    Defendants

## DEFENDANT TROOPER THOMPSON'S ANSWERS TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### First Defense

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

1. This paragraph contains conclusions of law for which a responsive pleading is not required. To the extent a responsive pleading is necessary the Defendant denies said allegations.

2. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

3. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

4. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

5. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

6. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

7. The Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. The Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. This paragraph contains conclusions of law for which a responsive pleading is not required. To the extent a responsive pleading is necessary the Defendant denies said allegations.

10. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

11. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

12. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

13. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

14. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

15. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

16. Defendant admits that the Plaintiff was using a telephone in the terminal but denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies he stopped the Plaintiff and the remaining allegations constitute conclusions of law for which a responsive pleading is not required. To the extent such response is necessary Defendant denies same.

19. Defendant admits Plaintiff left the terminal building but denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The Defendant realleges and affirms his answers to the allegations contained in Paragraphs 1 through 26 as through fully set forth herein.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. The Defendant realleges and affirms his answers to the allegations contained in Paragraphs 1 through 29 as through fully set forth herein.

31. The Defendant admits that at all times he was acting as a Massachusetts State Police Officer within the scope of his lawful duties.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. The Defendant realleges and affirms his answers to the allegations contained in Paragraphs 1 through 34 as through fully set forth herein.

36. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

37. The Defendant neither admits nor denies the allegations contained in this paragraph as he is without personal knowledge as to the truth or falsity of the allegation and therefore denies same.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

By way of affirmative defense the Defendant says that he was justified in his conduct and acts and is therefore not liable to the Plaintiff as alleged in the Complaint.

### Second Affirmative Defense

By way of affirmative defense the Defendant says that he was justified in his conduct and acts and that therefore the Plaintiff cannot recover.

### Third Affirmative Defense

By way of affirmative defense the Defendant says that his actions and conduct were performed according to and protected by law and/or legal process, and that therefore the Plaintiff cannot recover.

### Fourth Affirmative Defense

By way of affirmative defense the Defendant says that he was privileged in his conduct and acts and that therefore the Plaintiff cannot recover.

### Fifth Affirmative Defense
By way of affirmative defense the Defendant says that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### Sixth Affirmative Defense
Defendant is entitled to immunity based upon good faith in that the harm suffered by Plaintiff was not a result which a reasonable person in Defendant's position would have known to result from his actions.

### Seventh Affirmative Defense
Defendant says that at all times relevant hereto he has acted without malice toward the Plaintiff and that his actions relative to the Plaintiff were privileged by virtue of his acting reasonably and in good faith within the scope of his authority as a Massachusetts State Police Officer.

### Eighth Affirmative Defense
The Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time they were committed.

### Ninth Affirmative Defense
The Plaintiff's Complaint against Defendant is frivolous, without basis in fact and not advanced in good faith. The Defendant is therefore entitled to attorney's fees, costs and any other sanctions the Court deems appropriate under the terms and provisions of 42 U.S.C. §1988.

### Tenth Affirmative Defense
Any damage incurred by the Plaintiff as alleged in the Complaint were the result of their own intentional and illegal conduct and they are, therefore, barred from recovery.

### Eleventh Affirmative Defense
Acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of Plaintiff rights at the time they were committed. Anderson vs. Creighton.

### Twelfth Affirmative Defense
Defendant says that his conduct or actions were not the proximate cause of Plaintiff's injuries.

### Thirteenth Affirmative Defense
And further answering, Defendant says that the Complaint fails to state a claim under 42 U.S.C. §1983 against him as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution and further that no violation

of any federal or constitutional right has been plead with the requisite particularity, and counts purporting to allege such violation must, therefore, be dismissed.

### Fourteenth Affirmative Defense

Plaintiff's Complaint is frivolous, without any basis in fact or law and not advanced in good faith and therefore the Defendant is entitled to attorney's fees, costs and any other sanctions the Court deems appropriate pursuant to M.G.L. c. 231 §6F.

### Fifteenth Affirmative Defense.

Defendant says that the damages, if any, sustained by plaintiff were caused by the acts or omissions of third parties for whose conduct Defendant is not legally responsible.

WHEREFORE the Defendant prays this Court dismiss each and every prayer of relief contained in Plaintiff's Complaint and award him his costs, attorneys fees and such other relief as this Court deems just.

### DEMAND FOR JURY TRIAL

The Defendant demands a jury trial on all triable issues.

Respectfully submitted,
For Defendant Trooper Thompson,
By his attorneys,

Joseph P. Kittredge, Esquire
BBO/#548841
Suzanne T. Caravaggio, Esquire
BBO #634175
LAW OFFICES OF TIMOTHY M. BURKE
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via first class mail, postage pre-paid.

Date: 12/9/04