UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KING DOWNING,<br><br>              Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SARGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA<br><br>              Defendants. | Civil Action No. 04-12513-GAO |

## ANSWER OF DEFENDANT MASSACHUSETTS PORT AUTHORITY

In response to the numbered paragraphs in Plaintiff's Complaint, Defendant Massachusetts Port Authority ("Massport" or "the Defendant") answers as follows:

1. Paragraph 1 of the Complaint consists of a characterization of the alleged claims and legal conclusions as to which no answer is required, but to the extent that paragraph 1 contains factual allegations, they are denied.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. The Defendant admits that it is a public instrumentality established pursuant to Chapter 465 of the Acts and Resolves of 1956, and charged with the responsibility to operate, maintain and improve Logan Airport on behalf of the Commonwealth of Massachusetts in the exercise of essential government functions and otherwise denies the allegations of paragraph 3 of the Complaint.

4. The Defendant admits that the Massachusetts State Police provides security and police services at Logan and otherwise denies the allegations in paragraph 4 of the Complaint.

5. The Defendant admits that Defendant Thomas G. Robbins is the Superintendent of the Massachusetts State Police and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. The Defendant admits that the Defendant Paul J. DiDomenica is a Sergeant in the Massachusetts State Police, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. The Defendant admits the allegations contained in paragraph 7 based on information and belief.

8. The Defendant admits the allegations contained in paragraph 8 based on information and belief.

9. Paragraph 9 of the Complaint consists of a characterization of the alleged claims and legal conclusions as to which no answer is required, but to the extent that paragraph 9 contains factual allegations, they are denied.

10. The Defendant admits that it issued a statement on November 10, 2002 that, among other statements, contains the quoted phrase contained in the first sentence of paragraph 10 of the Complaint and it admits that the State Police are trained to provide various security services at Logan, but otherwise denies the allegations in paragraph 10 of the Complaint.

11. The Defendant admits on information and belief that the State Police have a training program that uses behavioral assessment methods for purposes of security, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. The allegations of paragraph 12 are premised on Plaintiff's subjective beliefs, which Defendant is without knowledge or information sufficient to form a belief as to their truth. Further answering the Defendant avers that certain behavioral assessment training has been provided to personnel having responsibility for security at Logan.

13. The allegations of paragraph 13 are premised on Plaintiff's subjective beliefs, which Defendant is without knowledge or information sufficient to form a belief as to their truth. To the extent that paragraph 13 contains factual allegations, they are denied. Further answering, Defendant specifically denies that it: (a) directs or authorizes State Police Troopers to stop, question and/or arrest certain individuals at Logan despite the absence of reasonable suspicion; (b) authorizes State Police officers to deny access to Logan to any person who refuses to cooperate with police requests for identification or other information; and (c) effectively condones and encourages racial ethnic profiling.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. The allegations of paragraph 16 are premised on Plaintiff's subjective beliefs, which Defendant is without knowledge or information sufficient to form a belief as to their truth. To the extent that paragraph 16 contains factual allegations, they are denied.

17. The allegations of paragraph 17 are premised on Plaintiff's subjective beliefs, which Defendant is without knowledge or information sufficient to form a belief as to their truth, except that, on information and belief, after he completed his call, Plaintiff initiated a confrontation with Officer Thompson which resulted in the Plaintiff being asked for

identification. To the extent that paragraph 17 contains other factual allegations, they are denied.

18. The allegations of paragraph 18 are premised on Plaintiff's subjective beliefs, which Defendant is without knowledge or information sufficient to form a belief as to their truth. To the extent that paragraph 18 contains legal conclusions, no response is required. To the extent that paragraph 18 contains factual allegations, they are denied.

19. The Defendant, on information and belief, denies the allegations set forth in paragraph 19 of the Complaint.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. The allegations of paragraph 22 are premised on Plaintiff's subjective beliefs, which Defendant is without knowledge or information sufficient to form a belief as to their truth. To the extent that paragraph 22 contains factual allegations, they are denied.

23. The allegations of paragraph 23 are premised on Plaintiff's subjective beliefs, which Defendant is without knowledge or information sufficient to form a belief as to their truth. To the extent that paragraph 23 contains legal conclusions, no response is required. To the extent that paragraph 23 contains factual allegations, they are denied.

24. Paragraph 24 consists of a characterization of the alleged claims and legal conclusions as to which no answer is required, but to the extent that paragraph 24 contains factual information, they are denied.

25. The Defendant denies the allegations in paragraph 25 of the Complaint.

26. The Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant repeats, realleges and incorporates by reference its answers to paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28. The Defendant denies the allegations in paragraph 28 of the Complaint.

29. The Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant repeats, realleges, and incorporates by reference its answers to paragraphs 1 through 26 of the Complaint as if set forth fully herein.

31. The Defendant denies the allegations in paragraph 31 of the Complaint.

32. The Defendant denies the allegations in paragraph 32 of the Complaint.

33. The Defendant denies the allegations in paragraph 33 of the Complaint.

34. The Defendant denies the allegations in paragraph 34 of the Complaint.

35. The Defendant repeats, realleges, and incorporates by reference its answers to paragraphs 1 through 26 of the Complaint as if set forth fully herein.

36. The Defendant admits that the State Police use certain observation and screening techniques in providing security services at Logan but otherwise denies the allegations in paragraph 36 of the Complaint.

37. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. The Defendant denies the allegations in paragraph 38 of the Complaint.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff has not been deprived of any right secured by the Constitution of the United States or the laws of the Commonwealth of Massachusetts.

### THIRD ADDITIONAL DEFENSE

The Defendant does not qualify as a "person" for purposes of 49 U.S.C. §1983 and thus no §1983 action can lie against it.

### FOURTH ADDITIONAL DEFENSE

Plaintiff has failed to plead a violation of federal or constitutional right with particularity, and as such, his claims under 49 U.S.C. §1983 must be dismissed.

### FIFTH ADDITIONAL DEFENSE

Any injury resulting to Plaintiff was the result of his own provocation and intentional conduct, and he is thus barred from recovery.

### SIXTH ADDITIONAL DEFENSE

At all times material to the allegations in the complaint, the Defendant acted in good faith and upon a reasonable belief that its actions were in compliance with all applicable laws.

### SEVENTH ADDITIONAL DEFENSE

The Defendant asserts all relevant immunities entitled to it as an instrumentality of the Commonwealth of Massachusetts.


MASSACHUSETTS PORT AUTHORITY

By its attorneys,

_____
Roscoe Trimmier, Jr. (BBO #502506)
Sarah L. Levine (BBO #651718)
 Ropes & Gray LLP
 One International Place
 Boston, Massachusetts 02110
 (617) 951-7000

Dated: