UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>      Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY,<br>THE MASSACHUSETTS DEPARTMENT OF<br>STATE POLICE, TROOPER THOMPSON,<br>STATE POLICE SERGEANT CROXTON,<br>THOMAS G. ROBBINS, and PETER J.<br>DIDOMENICA,<br>      Defendants. | C.A. No. 04-12513-GAO |

## DEFENDANTS MASSACHUSETTS DEPARTMENT OF STATE POLICE, TROOPER ROBBINS AND TROOPER DIDOMENICA'S ANSWER AND JURY DEMAND

Introductory Statement

1.  This "introductory paragraph" represents conclusions of law for which no answer is required. If it contains any factual allegations that require an answer the answer is that they are denied.

2.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.  The Defendants admit that the Massachusetts Port Authority ("Massport") is a public instrumentality created by Chapter 465 of the Acts and Resolves of 1956, and that its functions include maintaining and operating Logan Airport, and they further admit that there is a memorandum of understanding regarding security services at Logan Airport; the remaining allegations are denied.

4.  The Defendants admit that they provide security services at Logan Airport, the remaining allegations are denied.

5.  Defendant Thomas G. Robbins ("Robbins") admits that he is the Superintendent of the Massachusetts Department of State Police, and that in that capacity he is responsible for the training of State Police Troopers, and that he is responsible for providing police and

      security services at Logan Airport. Defendant Superintendent Robbins further answers that prior to his appointment as Superintendent he was a Major, specifically, the commanding officer of Logan Airport for the State Police as well as Director of Aviation Security for Massport, with some responsibility for training State Police Troopers.

6.     Defendant DiDomenica admits that he is a Sergeant in the Massachusetts State Police and he further admits that he did author the "Behavioral Assessment Security System", and that he did provide training regarding this security system. All remaining allegations are denied.

7.     Admitted.

8.     It is admitted that Defendant Croxton is a Massachusetts State Trooper, and that he was assigned to the Massachusetts State Police Troop at Logan. All remaining factual allegations are denied.

Jurisdiction

9.     This paragraph contains conclusions of law for which no responsive pleading is required; if there are any factual allegations that require a response, they are denied.

Facts

10.     The Defendants did issue a statement on November 10, 2002 that, in addition to other information, included the quoted phrase set out in paragraph 10. The Defendants further admit that the State Police are trained to provide security services at Logan Airport. Any other allegations are denied.

11.     The Defendants admit that the State Troopers received behavioral assessment training created by Sergeant DiDomenica and Superintendent Robbins, and that such training assisted the Troopers in voluntary conversations at Logan Airport.

12.     The Defendants admit that the intent was to train all Massachusetts State Troopers assigned to Logan, and that this training was in effect in October of 2003. The Defendants, upon information and belief, state that Troopers Croxton and Thompson should have received that training.

13.     The Defendants are not in a position to respond to allegations concerning the Plaintiff's subjective beliefs. If there are factual allegations contained in this paragraph, they are denied. And the Defendants further answer and deny that the behavioral assessment security system: (a) directs or authorizes State Police Troopers to stop, question, and/or arrest certain individuals at Logan despite the absence of reasonable suspicion to believe that the individuals were committing, had committed or were about to commit any crime; (b) authorizes State Police Officers to deny access to Logan to any person who refuses to cooperate with police requests for identification or other information apart

      from the policy that was already in existence regarding suspicious behavior; or (c) effectively condones and encourages racial and ethnic profiling.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Again, Plaintiff is setting forth his subjective beliefs, and, as such, the Defendants are not in a position to respond to allegations concerning his beliefs. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any factual allegations which may be contained in paragraph 16.

17. Again, Plaintiff is setting forth his subjective beliefs, and, as such, the Defendants are not in a position to respond to these allegations concerning his beliefs as they are without information sufficient to form a belief as to their truth.  Any other factual allegations are denied.

18. Again, Plaintiff is setting forth his subjective beliefs, and, as such, the Defendants are not in a position to respond to his allegations regarding his beliefs as they are without information sufficient to form a belief as to their truth.  The remaining allegations in this paragraph are legal conclusions for which no answer is required.  If the paragraph contains any factual allegations, they are denied.

19. Upon information and belief, the Defendants deny the allegations contained in paragraph 19.

20. The Defendants are without information or knowledge sufficient to form a belief regarding the truth of any factual allegations contained in paragraph 20.

21. Again, the Plaintiff is setting forth his subjective beliefs, and, as such, the Defendants are not in a position to respond to his allegations concerning these beliefs. As for any factual allegations contained in this paragraph, the Defendants are without information or knowledge sufficient to form a belief as to the truth of those allegations.

22. Again, the Plaintiff is setting forth his subjective beliefs, and, as such, the Defendants are not in a position to respond to his allegations as they are without information sufficient to form a belief as to the truth of the Plaintiff's subjective beliefs.  As for any factual allegations contained in this paragraph, the Defendants are without information or knowledge sufficient to form a belief as to the truth of those allegations.

23. In addition to Plaintiff further reciting his subjective beliefs, Plaintiff sets forth legal conclusions for which no reply is required.  If paragraph 23 contains any factual allegations, they are denied.

24. Paragraph 24 sets forth legal conclusions for which no answer is required. If an answer were required it would be a denial.

25. Denied.

26. Denied.

## COUNT I
### (Mass. Gen. Laws c. 12, § 11I)

27. The Defendants repeat, reallege, and incorporate by reference their answers to paragraphs 1 through 26, as if set forth herein.

28. Denied.

29. Denied.

## COUNT II
### (42 U.S. C. § 1983)

30. The Defendants repeat, reallege, and incorporate by reference their answers to paragraphs 1 through 29, as if set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT III
### (Declaratory Relief)

35. The Defendants repeat, reallege, and incorporate by reference their answers to paragraphs 1 through 34, as if set forth herein.

36. The Defendants admit that they employ a security screening system at Logan Airport. The remaining allegations are denied.

37. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Denied.

## FIRST ADDITIONAL DEFENSE

The conduct complained of by the plaintiff does not rise to a Constitutional violation.

### SECOND ADDITIONAL DEFENSE

Defendants Robbins and DiDomenica are entitled to good faith immunity under the Massachusetts common law, as the acts were ones requiring discretion.

### THIRD ADDITIONAL DEFENSE

Defendants Robbins and DiDomenica are entitled to qualified immunity.

### FOURTH ADDITIONAL DEFENSE

Defendant Department of State Police asserts its sovereign immunity against any suits for civil rights violations under both state and federal law.  Further, the Defendants state that this Court lacks jurisdiction over it for any such claims.  And, that if the complaint provides for any claims against Defendants Robbins and DiDomenica in their official capacity that they are asserting their sovereign immunity as well.

### FIFTH ADDITIONAL DEFENSE

The Defendants cannot be held liable under the theory of respondeat superior.

### SIXTH ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SEVENTH ADDITIONAL DEFENSE

The Defendant does not qualify as a "person" for purposes of a 42 U.S.C. § 1983 claim.

### EIGHTH ADDITIONAL DEFENSE

If the Plaintiff was injured in any way it was because of his own provocative acts, and thus, he should not recover any damages.

### NINTH ADDITIONAL DEFENSE

At all material times the Defendants acted in good faith, and upon the reasonable belief that there actions complied with the law.

### TENTH ADDITIONAL DEFENSE

Defendants Robbins and DiDomenica state that at all relevant times they acted without malice toward the Plaintiff and that their actions were privileged by virtue of their acting

reasonably and in good faith within the scope of their authority as Massachusetts State Police Officers.

_____

        Respectfully Submitted,
        COMMONWEALTH OF MASSACHUSETTS
        MASSACHUSETTS STATE POLICE

        By its Attorneys,

        THOMAS F. REILLY
        ATTORNEY GENERAL


        /s/ Mary O'Neil
        Mary O'Neil, BBO #379430
        Assistant Attorney General
        Government Bureau/Trial Division
        One Ashburton Place, Room 1813
        Boston, MA 02108-1598
        (617) 727-2200 x 3331


Date: January 6, 2005


## CERTIFICATE OF SERVICE

I, Mary O'Neil, served the above document by e-filing it with the United States District Court on January 6, 2005.


        /s/ Mary O'Neil
        /s/ Mary O'Neil, Esq.