UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br><br>        Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SARGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA<br><br>        Defendants. | Civil Action No. 04-12513-GAO |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Local Rule 16.1(D) and the Court's Notice of Scheduling Conference, counsel for the parties have conferred on April 27, 2005 concerning an agenda for matters to be discussed at the Initial Scheduling Conference on May 18, 2005 and a proposed Pretrial Schedule for the case that includes a plan for discovery and consideration of consent to trial by Magistrate Judge. Counsel jointly submit the following:

    I.      BACKGROUND

Plaintiff, King Downing, filed suit on November 10, 2004 in Suffolk Superior Court of the Commonwealth of Massachusetts seeking a declaratory judgment and money damages from the Massachusetts Port Authority ("Massport"), the Massachusetts Department of State Police ("State Police) and individual State Police Trooper Thompson, State Police Sergeant Croxton, State Police Trooper Thomas G. Robbins and State Police Trooper Peter J. Didomenica

("individual troopers") for violation of his rights under the Massachusetts and federal constitutions. Plaintiff alleged that defendants were acting pursuant to policies and requested documents relating to the incident which gave rise to the complaint and to the policies and procedures of the defendants, including documents relating to any behavioral assessment policy of Massport. On November 30, 2004, Massport removed the case to United States District Court.

In responding to plaintiff's request for documents, Massport withheld certain documents containing what it believes to be "Sensitive Security Information," as defined by 49 C.F.R. § 1520 *et seq.* On December 22, 2004, Massport forwarded those documents that potentially include Sensitive Security Information to the Transportation Security Administration ("TSA") for a determination as to whether the documents may be publicly disclosed, either in their entirety or with redactions. That request for review is currently pending with the TSA.

II.    PROPOSED PRETRIAL SCHEDULE

The parties agree generally to be bound by the discovery event limitations set forth in Local Rule 26.1(C), and have agreed to the following Proposed Pretrial Schedule:

1. The parties shall exchange automatic required disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 by June 1, 2005. Discovery that is not related to potential Security Sensitive Information shall commence and be conducted as soon as practical after the automatic disclosures.

2. Following the determination by the TSA concerning the documents potentially containing Sensitive Security Information, all discovery shall be completed within nine months. In the event the TSA determination is contested, the parties reserve the right to request that the discovery cutoff be extended to allow for administrative or judicial proceedings for review of that determination. The parties further reserve the right, to the extent permitted by law, to request the court at any time to review any discovery issue, including the propriety of having TSA control in any way the discovery of information otherwise discoverable in this matter.

3. Fact discovery will be completed within 150 days of the TSA determination.

4. Expert reports will be completed and served on all parties within 45 days following the close of fact discovery.

5. Rebuttal expert reports will be completed and served on all parties within 45 days of the deadline for expert reports.

6. Expert discovery will be completed within 30 days after the deadline for exchange of rebuttal expert reports.

7. All dispositive motions shall be filed and served within 60 days following close of all discovery and the exchange of expert reports.

8. Final pretrial conference will be scheduled following the Court's determination of dispositive motions.

9. Trial will commence as scheduled by the Court at the final pre-trial conference.

III. TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE

The parties have not reached agreement on the assignment of this matter to a United States Magistrate Judge.

IV.  LOCAL RULE 16.1(D)(3) CERTIFICATIONS

Each counsel hereby certifies that he has conferred with his respective clients concerning the matters set forth in Local Rule 16.1(D)(3) including establishing a budget and consideration of resolution of the litigation through alternative dispute resolution programs.

By their attorneys,

s/ Roscoe Trimmier, Jr.
Roscoe Trimmier, Jr. (BBO #502506)
Sarah L. Levine (BBO #651718)
  Ropes & Gray LLP
  One International Place
  Boston, Massachusetts  02110
  (617) 951-7000
*Attorneys for Defendant Massachusetts Port Authority*

s/ John Reinstein
John Reinstein (BBO #416120)
  American Civil Liberties Union of
   Massachusetts
  99 Chauncy Street
  Boston, Massachusetts  02111
  (617) 482-3170

s/ Jean Kelley
Jean Kelley
  Assistant Attorney General
  Government Bureau/Trial Division
  Office of the Attorney General
  One Ashburton Place
  Boston, Massachusetts  02108
  (617) 727-2200
*Attorneys for Defendants  Commonwealth of*
  *Massachusetts,*
*Massachusetts State Police,*
*Thomas G. Robbins and Peter J. Didomenica*

s/ Peter B. Krupp
Peter B. Krupp (BBO #548112)
  Lurie & Krupp LLP
  One McKinely Square
  Boston, Massachusetts  02109
  (617) 367-1970

*Attorneys for Plaintiff King Downing*

s/ Joseph P. Kittredge
Joseph P. Kittredge (BBO #54881)
  Law Offices of Timothy Burke
  160 Gould Street, Suite 111
  Needham, Massachusetts  02494
  (781) 455-0707
*Attorneys for Defendants Sergeant Croxton and Trooper Thompson*