UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KING DOWNING,
    Plaintiff,

v.

MASSACHUSETTS PORT AUTHORITY,
THE MASSACHUSETTS DEPARTMENT OF
STATE POLICE, TROOPER THOMPSON,
STATE POLICE SERGEANT CROXTON,
THOMAS G. ROBBINS, and PETER J.
DIDOMENICA,
    Defendants.

C.A. No. 04-12513-GAO

## INITIAL DISCLOSURES OF DEFENDANTS THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, THOMAS G. ROBBINS, AND PETER J. DIDOMENICA PURSUANT TO F.R.C.P. 26 (a)(1) AND LOCAL RULE 26.2

NOW COME THE DEFENDANTS THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, THOMAS G. ROBBINS, AND PETER J. DIDOMENICA, who, pursuant to the requirements of F.R.Civ.P. 26(a)(1) and L.R. 26.2, respectfully submit the following Initial Disclosures as required by this Court's Scheduling Order (O'Toole, J.):

1.    **Fed. R. Civ. P. 26 (a)(1):**

    (A)    Witnesses:

        1.    Colonel Thomas Robbins, current Colonel of the State

Police, and Troop Commander of Troop F at the time of the incident alleged in Plaintiff's Complaint ("the incident".) Colonel Robbins may testify generally regarding policies, procedures, and training;

2. Major Scott Pare, current Troop Commander of Troop F Executive Officer of Troop F at the time of the incident. Major Pare may also testify generally regarding policies, procedures, and training;

3. Captain Daniel Grabowski, current Executive Officer of Troop F. Captain Grabowski may testify as to policies, procedures and training now in effect;

4. Sgt. Peter DiDomenica, may testify regarding training and regarding the drafting and implementation of State Police policies with respect to racial profiling;

5. Sgt. Brian Duffy, together with Troopers Savage, Bannister, and McGhee, below, is a Troop F instructor and may testify as to the training of State Police at Logan Airport;

6. Tpr. James Savage -- See above;

7. Tpr. Robert Bannister -- See above;

8. Tpr. Todd McGhee -- See above;

9. Tpr. Howard Croxton may testify as to the factual circumstances of the incident alleged in Plaintiff's Complaint;

10. Tpr. William Thompson may also testify as to the factual circumstances of the incident alleged in Plaintiff's Complaint;

Defendants note that the above witnesses described at Nos. 1-8 may be reached through Attorney Jean M. Kelley, counsel for the Defendants Massachusetts State Police, Col. Thomas Robbins, and Sgt. Peter DiDomenica. Troopers Croxton and Thompson are Co-Defendants in this matter and are represented by Attorney Joseph Kittredge.

11. The Defendants reserve the right to call any witnesses identified by the plaintiff or other parties in this case.

**(B) Documents, Data Compilations, and Tangible Things:**

1. Plaintiff's handwritten citizen response form;

2. Letter from Lieutenant Credit of the Massachusetts State Police to Attorney Reinstein dated May 3, 2004;

3. Letter from Attorney Reinstein to Lieutenant Colonel Foley dated March 8, 2004;

4. Letter from Attorney Farrell to Attorney Reinstein dated April 15, 2004;

5. Two-page Program Bibliography relating to the Behavioral Assessment Screening System ("BASS") program;

6. Listing of Experts relating to the BASS program;

7. Sign-in Lists for P.A.S.S. training at Logan up to the

point in time of the ACLU's Public Records request;

        8.    Interview and Observation Reports, which set out the race and sex of individuals stopped, and which were produced during the period November, 2003 through December, 2004. (However, Defendants have redacted any privacy information of any individual screened by the State Police. Defendants assert the privacy privileges set out in G. L. c. 66A, Sec. 1, et seq. and G. L. c. 4, Sec. 7, cl. 26 para. (c). They further assert the security privilege set out in G.L. c. 4, Sec. 7, cl. 26 para. (n); the investigatory privilege set out in G.L. c. 4, Sec. 7 cl. 26 para. (f), as well as any common law investigatory privilege.

        9.    Form document utilized by State Police for any trespasser stop as of the date of the incident;

        10.    Department of State Police General Order No. ADM-47, dated April 1, 2001, regarding Identification and Prevention of Racial and Gender Profiling.

Defendants note that the documents identified as Nos. 1-9 have previously been produced to all parties in this case. Defendants attach to these Disclosures as Ex. A the document identified as No. 10.

Defendants further note that they are withholding the following documents as they constitute "Sensitive Security Information" as defined by 49 C.F.R. Sec. 1520 *et seq.*, and as to which a request has been made by Co-Defendant Massachusetts Port Authority to the Transportation Security Administration to determine whether such documents may be disclosed. In addition, Defendants submit that these documents fall under the security privilege set out in G.L. c. 4, Sec. 7, cl. 26 para. (n):

    1. Law Enforcement Powerpoint Presentation -- B.A.S.S. Program;

    2. B.A.S.S. Law Enforcement Training Handout;

3. Massachusetts State Police Behavior Assessment Screening System Lesson Plan.

**(C) Computation of Damages:** N/A

**(D) Insurance Agreement:** N/A

Defendants hereby state that they have prepared the above Initial Disclosures based upon the information and documents currently available to them at this time. In doing so, they do not not waive, but specifically reserve, the right to present additional information, evidence, and documents pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court. The Defendants also specifically reserve their right to object to the admissibility of any of the information and documents produced.

> Respectfully Submitted,
> THE MASSACHUSETTS DEPARTMENT OF
> STATE POLICE, THOMAS G. ROBBINS, AND
> PETER J. DIDOMENICA,
>
> By their Attorneys, THOMAS F. REILLY
> ATTORNEY GENERAL
>
> /s/ Jean M. Kelley
> Jean M. Kelley, BBO #265540
> Assistant Attorney General
> Government Bureau/Trial Division
> One Ashburton Place, Room 1813
> Boston, MA 02108-1598
> (617) 727-2200 ext. 3327

Date: June 1, 2005



# Department of State Police
# General Order

| Effective Date | Number |
|---|---|
| April 1, 2001 | ADM-47 |

| Subject |
|---|
| IDENTIFICATION AND PREVENTION OF RACIAL AND GENDER PROFILING |

**Introduction**    The Department of State Police is committed to protecting the constitutional and civil rights of all citizens. Allegations of racial and gender profiling or discriminatory practices, real or perceived, are detrimental to the relationship between police and the communities they protect and serve, because they strike at the basic foundation of public trust. This trust is essential to effective community based policing. Racial and gender profiling are illegal and ineffective methods of law enforcement. Racial profiling results in increased safety risks to officers and citizens and the misuse of valuable police resources. More importantly, such improper methods violate the civil rights of members of the public and may lead to increased exposure to liability. The Department does not endorse, train, teach, support or condone any type of bias, stereotyping or racial and gender profiling by their officers. While recognizing that most officers perform their duties in a professional, ethical and impartial manner, the Department is committed to identifying and eliminating any instances of racial and gender profiling.

**Definitions**    *Racial and Gender Profiling* – Chapter 228 of the Acts of 2000 includes the following definition: the practice of detaining or stopping a suspect based on a broad set of criteria which cast suspicion on an entire class of people without any individualized suspicion of the particular person being stopped.

*Suspect Specific Incident* – an incident in which an officer(s) is lawfully attempting to detain, apprehend, or otherwise be on the lookout for one or more specific suspects who have been identified or described in part by national or ethnic origin, gender or race.

**Policy**    Except in "suspect specific incidents", members are prohibited from considering the race, gender, national or ethnic origin of members of the public in deciding to detain a person or stop a motor vehicle and in deciding upon the scope or substance of any law enforcement action.

| Subject | Number |
|---|---|
| IDENTIFICATION AND PREVENTION OF RACIAL AND GENDER PROFILING | ADM-47 |

**Responsibilities**

| Position | Duties |
|---|---|
| Division of Standards and Training | • Utilize appropriate citizen complaint procedures to document and investigate allegations of racial or gender profiling;<br>• Investigate referrals from the Executive Office of Public Safety (EOPS) statewide toll free complaint number;<br>• Develop and utilize procedures for the proactive review of performance, complaint and other employment information to assist supervisors in identifying and modifying potentially problematic behavior and to promote professionalism throughout the Department; and<br>• Ensure that appropriate employees receive training on racial and gender profiling practices and the standards established by this policy. |
| Supervisors | • Monitor conduct to ensure that the standards of this policy are being carried out;<br>• Ensure that members collect data on race, gender and subsequent searches in accordance with laws, established protocol of EOPS, and policies and procedures of the Department; and<br>• Take positive steps to identify, prevent, and eliminate any instances of racial or gender profiling by members of the Department. |
| All Members | • Provide all people within the Commonwealth fair and impartial police services consistent with constitutional and statutory mandates;<br>• Respect the diversity and the cultural differences of all people;<br>• Continue their commitment to community policing and problem solving, including vigorous, lawful and nondiscriminatory enforcement that promotes public safety and strengthens public trust, confidence, and awareness; and<br>• Collect data on race, gender and subsequent searches pursuant to the protocol established by EOPS and policies and procedures of the Department. |

| Subject | Number |
|---|---|
| IDENTIFICATION AND PREVENTION OF RACIAL AND GENDER PROFILING | ADM-47 |

**Prevention of Profiling**

To prevent racial and gender profiling, the Department shall:

- Provide training programs to help ensure that appropriate employees receive training on racial and gender profiling practices and the standards established by this policy;

- Ensure that this policy is disseminated to all members, dispatchers and appropriate civilian employees;

- Continuously review and, where appropriate, revise all procedures that involve the stop, detention, apprehension or search of individuals to ensure that such procedures are in compliance with the provisions of the law and this policy;

- Continuously review performance recognition and evaluation systems, training curricula, policies and customs of the Department to determine if any practice encourages conduct that may support or lead to racial or gender profiling; and

- Work with EOPS and the Registry of Motor Vehicles to educate the public on what to expect when either stopped or detained by the State Police, as well as the officer's expectations during motor vehicle stops or detainment to ensure officer and citizen safety.

**Enforcement of Profiling Policy**

To enforce the provisions of this policy, the Department shall:

- Take appropriate and timely action to address allegations of racial or gender profiling;

- Take appropriate and timely measures to correct any institutional practice or policy that may support or lead to the use of racial or gender profiling.

**References**

THE COMMONWEALTH OF MASSACHUSETTS
Chapter 228 of the Acts and Resolves of 2000:
*An Act Providing for the Collection of Data Relative to Traffic Stops*
Chapter 420 of the Acts of 2000:
*An Act Further Regulating the Collection of Certain Data Relative to Stopping of Motor Vehicles*
Whren v. United States   517 U.S. 806, 116 S. Ct. 1769 (1966)
Commonwealth v. Franklin Fruit Co., Inc.   388 Mass. 228 (1983)
Commonwealth v. Gonsalves   429 Mass. 658 (1999)

Promulgated By

## CERTIFICATE OF SERVICE

I, Jean Kelley, hereby certify that I have this date, June 1, 2005, served the foregoing **Initial Disclosures** and **Certificate Of Service** upon counsel of record by mailing a copy first class, postage prepaid, to:

Peter B. Krupp, Esquire
LURIE & KRUPP
One McKinley Square
Boston, MA 02109

John Reinstein, Esquire
ACLU
99 Chauncy Street, Suite 310
Boston, MA 02111

Roscoe Trimmier, Jr., Esquire
Sarah L. Levine, Esquire
ROPES & GRAY LLP
One International Place
Boston, MA 02110

Joseph P. Kittredge, Esquire
Suzanne T. Caravaggio
Law Offices of Timothy M. Burke
Suite 111
160 Gould Street
Needham, MA 02494

/s/ Kelly
Jean Kelley, Assistant Attorney General
Government Bureau/Trial Division