UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>　　　　Plaintiff,<br><br>　　v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE<br>MASSACHUSETTS DEPARTMENT OF STATE<br>POLICE, STATE POLICE TROOPER<br>THOMPSON, STATE POLICE SERGEANT<br>CROXTON, THOMAS G. ROBBINS, and<br>PETER J. DIDOMENICA,<br>　　　　Defendants. | Civil Action No. 04-12513-RBC |

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 37(a), plaintiff, King Downing, moves to compel disclosure of the documents responsive to Plaintiff King Downing's First Request for Production of Documents by Defendant Massachusetts Port Authority ("First Request for Production"), which defendant Massachusetts Port Authority ("Massport") has withheld from discovery under a claim that the documents requested may contain sensitive security information under 49 C.F.R. § 1520, *et seq.* In support of this motion, Mr. Downing states as follows:

This is a civil rights action in which Mr. Downing seeks a declaratory judgment and monetary damages from Massport, the Massachusetts Department of State Police, and individual State Police troopers for violation of his right to be free from unreasonable search and seizure. In October 2003, Mr. Downing was unlawfully detained by State Police troopers at Logan International Airport ("Logan") and required, under threat of arrest and prosecution, to produce identification and travel documents. Mr. Downing alleges that his unlawful stop, questioning,

arrest and temporary detention was carried out pursuant to the policy and practice of Massport and the Massachusetts State Police directing law enforcement officials at Logan to question and remove from the airport persons who meet particular "behavioral" profiles notwithstanding the absence of reasonable suspicion to believe the person engaged in any wrongdoing.

In November, 1994, Mr. Downing served Massport with its First Request for Production. In the First Request for Production, Mr. Downing sought the following categories of documents:

> 4.  All documents relating to any Behavioral Assessment policy of Massport or the State Police, which was followed during any portion of the Stop.
>
> 5.  All documents relating to any training provided to Thompson and Croxton relating to any Behavioral Assessment policy used at Logan.
>
> 6.  All documents setting forth any Behavioral Assessment policy used at Logan, including the Behavior Assessment Screening System ("BASS") program and the Screening of Passengers by Observation Techniques ("SPOT") program.
>
> 7.  All documents used to train State Police troopers to apply any Behavioral Assessment policies used at Logan, including the BASS and SPOT programs.
>
> 8.  All documents relating to the race and ethnicity of each person stopped pursuant to any Behavioral Assessment policies used at Logan, including the BASS and SPOT programs.

On December 22, 2004, Massport provided plaintiff's counsel with Defendant Massachusetts Port Authority's Responses to Plaintiff's First Request for Production of Documents ("Massport's Response"), a copy of which is attached. In response to each of the requests numbered 4 - 8, which are listed above, Massport responded as follows:

> Massport objects to Request No. [number] on the ground that it calls for the production of Sensitive Security Information ("SSI"). Exhibit A, attached hereto, is a letter to TSA seeking a determination as to whether the documents may be disclosed. At

2

>  this time, Massport will produce only those responsive documents
>  not constituting SSI.

The Exhibit A, which is referenced in Massport's Response, is a letter dated December 22, 2004 from Roscoe Trimmier, one of Massport's lawyers at Ropes & Gray, to Dennis Cronin, Regional Counsel at the Transportation Security Administration ("TSA").

To date, Massport has not produced any of the documents it has withheld from production under a concern that the documents might contain so-called sensitive security information ("SSI"). TSA has had more than a year to consider the question of whether any of the documents that Mr. Downing has requested contain SSI. Indeed, it seems remote that any SSI that might have been a part of the requested documents would even remain SSI with the passage of time, entirely of TSA's making.

Massport's failure to produce its responsive documents is holding up this case.

To the extent there is a concern with the disclosure of sensitive information, such concern can be handled through the entry of a suitable protective order. There is no issue here that any of the materials at issue are classified in any way, or would require a special security clearance or classification before being provided. Indeed, this is information widely available to many people, including, presumably among others, employees of Massport, Massport's lawyers, Massport's consultants, Massachusetts State Police personnel, TSA screeners, airline personnel and the like. Given the nature of the information, there is no reason this material should be withheld from plaintiff's counsel if an appropriate protective order is put in place.

For these reasons, Mr. Downing requests the Court to order Massport to produce its documents responsive to plaintiff's First Request for Production, which Massport withheld from discovery under a claim that the documents may contain sensitive security information.

CERTIFICATION OF PRIOR CONFERENCE

Pursuant to Local Rule 7.1(A)(2) and Fed. R. Civ. P. 37(a)(2)(A), I, Peter B. Krupp, hereby certify that I conferred with Sarah L. Levine, counsel for Massport, about the subject of this motion in an effort to resolve or narrow the issues, but we were unable to do so.  Ms. Levine indicated that it is her understanding that TSA is about to make a decision about whether any of the documents that Mr. Downing has requested contain SSI.

                                                KING DOWNING
                                                By his attorneys,

                                                / S /  Peter B. Krupp

Dated:  January 11, 2006                 Peter B. Krupp
                                                 BBO #548112
                                                Lurie & Krupp, LLP
                                                One McKinley Square
                                                Boston, MA  02109
                                                Tel:  (617) 367-1970


                                                / S /  John Reinstein

                                                John Reinstein
                                                 BBO # 416120
                                                American Civil Liberties Union of
                                                Massachusetts
                                                99 Chauncy Street, Suite 310
                                                Boston, MA 02111
                                                Tel:  (617) 482-3170

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SARGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA<br><br>Defendants. | Civil Action No. 04-12513-GAO |

**DEFENDANT MASSACHUSETTS PORT AUTHORITY'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant, Massachusetts Port Authority, ("Massport") hereby responds to Plaintiff's First Request for Production of Documents dated November 10, 2004 (the "Requests").

General Objections

1. Massport is providing this response, and producing documents pursuant to it, without waiver of or prejudice to its rights to raise objections at any later time to: (1) any further discovery relating to the matters raised in the Requests, or (2) the relevance, materiality, or admissibility of the Requests (or any part thereof), the statements made in this response (or any part thereof), or any documents produced pursuant to this response.

2.      Massport objects to the Definitions and Instructions contained in the Requests to the extent such Definitions and Instructions purport to impose obligations on the Defendant which exceed or conflict with Federal Rules of Civil Procedure 26 and 34.

3.      Massport objects to the Requests to the extent that they seek production of any document covered by the attorney-client privilege, the work product privilege, or any other applicable privilege. In the event any privileged document is produced by Massport its production is inadvertent and does not constitute a waiver of any privilege.

4.      Massport objects to the Requests to the extent that they seek the production of any documents constituting Sensitive Security Information as defined under the relevant statutes and regulations. A request for a determination as to whether Sensitive Security Information may be disclosed has been sent, as required, to the Transportation Security Administration ("TSA") in a letter, a copy of which is attached to this response as Exhibit A. Also attached as Exhibit B is a list of the documents withheld as Sensitive Security Information.

5.      Massport objects to the Requests on the ground that they are overly broad, unduly burdensome, and seek documents or information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Massport shall construe the Requests to cover only those documents and information relevant to Plaintiff's Complaint.

6.      The specific responses set forth below and the production made pursuant thereto are based upon information now available to Massport after having made a diligent search of files in its possession, custody, or control within the period allotted for response. Massport objects to the Requests to the extent that they purport to demand production of documents not in

-3-

Massport's possession, custody, or control, or require a search of files that do not reasonably relate to one or more of the specific requests or is unreasonable within the time allotted.

7. Massport objects to the Requests to the extent that they are redundant, calling for the production of the same documents pursuant to two or more requests. Where a document is responsive to more than one request, Massport will produce it under the first such request.

8. Massport objects to the production of any document falling within the General Objections set forth above. In the event any document falling within such an objection is produced by Massport, its production is inadvertent and does not constitute a waiver of the objection. The following response to the specific requests each incorporate by reference and are subject to the General Objections set forth in Paragraphs 1 through 11.

Specific Responses and Objections

Request No. 1:

All documents relating to Downing.

Response No. 1:

Massport states that there are no such documents in its possession, custody or control.

Request No. 2

All documents relating to the Stop.

Response No. 2

Massport states that there are no such documents in its possession, custody or control.

Request No. 3

All turret tapes or other recordings of any police radio transmissions or other communications relating to Downing or the Stop.

Response No. 3

Massport states that there are no such documents in its possession, custody or control.

Request No. 4

All documents relating to any Behavioral Assessment policy of Massport or the State Police, which was followed during any portion of the Stop.

Response No. 4

Massport objects to Request No. 4 on the ground that it calls for the production of Sensitive Security Information ("SSI"). Exhibit A, attached hereto, is a letter to TSA seeking a determination as to whether the documents may be disclosed. At this time, Massport will produce only those responsive documents not constituting SSI. This response should not be read to admit or concede that there was any Behavioral Assessment policy "which was followed during any portion of the Stop."

Request No. 5

All documents relating to any training provided to Thompson and Croxton relating to any Behavioral Assessment policy used at Logan.

Response No. 5

Massport objects to Request No. 5 on the ground that it calls for the production of Sensitive Security Information ("SSI"). Exhibit A, attached hereto, is a letter to TSA seeking a determination as to whether the documents may be disclosed. At this time, Massport will produce only those responsive documents not constituting SSI.

Request No. 6

All documents setting forth any Behavioral Assessment policy used at Logan including the Behavior Assessment Screening System ("BASS") program and the Screening of Passengers by Observation Techniques ("SPOT") program.

Response No. 6

-4-

Massport objects to Request No. 6 on the ground that it calls for the production of Sensitive Security Information ("SSI"). Exhibit A, attached hereto, is a letter to TSA seeking a determination as to whether the documents may be disclosed. At this time, Massport will produce only those responsive documents not constituting SSI.

Request No. 7

All documents used to train State Police troopers to apply any Behavioral Assessment policies used at Logan including the BASS and SPOT programs.

Response No. 7

Massport objects to Request No. 7 on the ground that it calls for the production of Sensitive Security Information ("SSI"). Exhibit A, attached hereto, is a letter to TSA seeking a determination as to whether the documents may be disclosed. At this time, Massport will produce only those responsive documents not constituting SSI.

Request No. 8

All documents relating to the race and ethnicity of each person stopped pursuant to any Behavioral Assessment policies used at Logan, including the BASS and SPOT programs.

Response No. 8

Massport objects to Request No. 8 on the ground that it calls for the production of Sensitive Security Information ("SSI"). Exhibit A, attached hereto, is a letter to TSA seeking a determination as to whether the documents may be disclosed. At this time, Massport will produce only those responsive documents not constituting SSI.

Request No. 9

All documents relating to any policy of Massport or the State Police to maintain or compile a "trespasser list" or list of persons who are not permitted under some or any circumstances to be at Logan.

Response No. 9

      Massport states that there are no such documents in its possession, custody or control.

Request No. 10

All documents used to train State Police troopers to maintain, compile or add names to a "trespasser list" or list of persons who are not permitted under some or any circumstances to be at Logan.

Response No. 10

      Massport states that there are no such documents in its possession, custody or control.

Request No. 11

All documents relating to the race and ethnicity of each person listed on any "trespasser list" or list of persons who are not permitted under some or any circumstances to be at Logan.

Response No. 11

      Massport states that there are no such documents in its possession, custody or control.

 

MASSACHUSETTS PORT AUTHORITY

By its attorneys,

_____
Roscoe Trimmier, Jr.  (BBO #502506)
Sarah L. Levine (BBO #651718)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Dated:  December 22, 2004



ROPES & GRAY LLP
ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050
BOSTON    NEW YORK    SAN FRANCISCO    WASHINGTON, DC

December 22, 2004

Roscoe Trimmier, Jr.
(617) 951-7521
rtrimmier@ropesgray.com

**BY OVERNIGHT COURIER**

Mr. Dennis Cronin, Regional Counsel
Transportation Security Administration
Office of the General Counsel
One Harborside Drive
East Boston, MA 02128

    Re:    <u>In re: King Downing v. Massachusetts Port Authority, et al.,</u>

Dear Mr. Cronin:

    On behalf of the Massachusetts Port Authority ("Massport"), I am enclosing documents for review pursuant to Sensitive Security Information procedures, along with a list of those documents.

    Massport is currently a defendant in litigation pending in the United States District Court for the District of Massachusetts, captioned *King Downing* v. *Massachusetts Port Authority*, et al., CA No. 03-12513-GAO.

    Plaintiff's action relates to an alleged stop conducted by Massachusetts State Police at Logan Airport. In addition to the Complaint, the plaintiff has requested documents relating to Massport's security procedures, including documents relating to any behavioral assessment policy of Massport, and in particular, documents relating to the Behavior Assessment Screening System program and the Screening of Passengers by Observation Techniques program.

    Having conducted a diligent review of documents within Massport's custody or control, Massport will respond to the request on or before December 24, 2004. As part of that response, Massport intends to provide the plaintiff with all relevant documents that are not Sensitive Security Information. The enclosed documents are responsive to the Plaintiff's document request but have been withheld from disclosure pursuant to the requirements of 49 C.F.R. § 1520 *et seq.*, and are forwarded to you for a determination by the Administrator of the Transportation Security Administration as to whether the documents may be publicly disclosed, either in their entirety or with whatever redactions are deemed appropriate by TSA to protect public safety.

Dennis Cronin                                      - 2 -                                      December 22, 2004

      Please contact me if you have any questions regarding this request. Thank you for your assistance in this matter.

Very truly yours,

Roscoe Trimmier, Jr.

RT/rdr  
enclosures  
cc:    Peter B. Krupp, Esq.  
        John Reinstein, Esq.  
        Mary O'Neil, Esq.  
        Joseph P. Kittredge, Esq.  
        Suzanne T. Caravaggio, Esq.

## KING DOWNING V. MASSPORT
### SENSITIVE SECURITY INFORMATION
### DOCUMENT LIST

| Date | Document Description | Bates Numbers |
|---|---|---|
| 10/25/04 | Massport Program Overview | MPSSI 00001-00006 |
| 10/7/04 | Power Point Presentation | MPSSI 00007-00043 |
| 10/25/04 | Legal Update | MPSSI 00044-00045 |
| N/A | Power Point Presentation | MPSSI 00046-00071 |
| 10/04 | Lesson Plan | MPSSI 00072-00206 |
| N/A | Historical Background | MPSSI 00207-00434 |
| N/A | Training Program | MPSSI 00435-00469 |