UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br><br>        Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY, THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SARGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-12513-RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MASSACHUSETTS PORT AUTHORITY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant Massachusetts Port Authority ("Massport") submits this Memorandum in opposition to Plaintiff's Motion to Compel Production of the documents responsive to Plaintiff King Downing's First Request for Production of Documents by Defendant Massachusetts Port Authority ("First Request for Production") that Defendant Massport has withheld from discovery under a claim that the documents requested may contain Sensitive Security Information ("SSI") under 49 C.F.R. § 1520, *et seq*. Massport objected to those requests that sought the production of documents that might be SSI, withheld those documents from production and sought a determination whether they were SSI. That request for determination is still pending before the Transportation Security Administration ("TSA" or "agency").

## INTRODUCTION

Plaintiff seeks to compel Massport to produce documents that might be sensitive security information relevant to security practices at Logan Airport. In the statute designating TSA as the expert agency responsible for monitoring disclosure of sensitive security information, 49 U.S.C. § 114(s), Congress mandated that TSA prohibit disclosure of sensitive security information *whenever* disclosure would be detrimental to transportation security, with no exception for private parties seeking discovery in the context of civil litigation. Congress further stipulated that any review of TSA's determination must be taken directly in the Court of Appeals. 49 U.S.C. § 46110(a).

In his action alleging an unreasonable stop and search, Downing asked Massport to produce documents relating to security practices at Logan International Airport ("Logan"). Pursuant to applicable federal regulations, 49 C.F.R. § 1520 *et seq.*, and without conceding the relevance of the requested documents, Massport forwarded the relevant documents to TSA for a determination as to whether the documents may be disclosed to the plaintiff. The documents are currently under review by TSA; there has been no determination or final order by TSA as to whether the documents may be disclosed.[1] Plaintiff's request, that this Court bypass TSA, the expert agency authorized by Congress to protect sensitive security information, and compel production of these documents, should be denied because Massport may not lawfully disclose the documents without TSA approval and because this Court, respectfully, does not have the jurisdiction to issue such an order.

---

[1] Periodically, and as frequently as weekly recently, Massport has checked on the status of the request for a determination. We have been advised by TSA that a review of the documents is underway and a determination will be forthcoming shortly.

**STATEMENT OF FACTS**

    A.    **Underlying Events**

Downing filed this action on November 10, 2004, in the Suffolk Superior Court of the Commonwealth of Massachusetts, seeking a declaratory judgment and money damages from Massport, the Massachusetts Department of State Police and individual State Police Trooper Thompson, State Police Sergeant Croxton, State Police Trooper Thomas G. Robbins and State Police Trooper Peter J. Didomenica for alleged violations of his rights under the Massachusetts and federal constitutions. Downing claimed that he was unlawfully detained by State Police troopers at Logan and required to produce identification and travel documents in the context of an illegal stop and search. He alleged that Defendants were acting pursuant to state and Massport policies and requested documents relating both to the actual incident at issue and to the behavioral assessment policy of Massport. On November 30, 2004, Massport removed the case to this Court.

In response to Downing's request for production of documents, Massport produced all relevant documents that did not contain SSI. Pursuant to the federal regulations governing disclosure of SSI, 49 C.F.R. § 1520 *et seq.*, on December 22, 2004, Massport forwarded the remaining responsive documents containing SSI to TSA for a determination as to whether the documents may be disclosed to Downing. TSA has not issued a determination or final order.

    B.    **Sensitive Security Information**

Congress created TSA and directed it to prevent disclosure of sensitive information relevant to transportation security. *See* 49 U.S.C. § 114(s)(1)(C). Pursuant to its statutory authority, TSA issued regulations addressing "information obtained or developed in the conduct of security activities, including research and development, the disclosure of which TSA has determined would . . . [b]e detrimental to the security of transportation." 49 C.F.R. §§ 1520.5(a),

1520.5(a)(3). TSA's regulations address transportation security information which, though not classified, may nevertheless not be disclosed to the public. 49 C.F.R. § 1520.1(a). SSI includes "[s]ecurity screening information" such as "[a]ny procedures, including selection criteria . . . for screening of persons" and "[i]nformation and sources of information used by a passenger or property screening program or system." 49 C.F.R. §§ 1520.5(b)(9), 1520.5(b)(9)(i), 1520.5(b)(9)(ii).

According to regulations promulgated by TSA, an individual or entity in possession of documents containing SSI may disclose the SSI only to "covered persons who have a need to know." *See, e.g.,* 49 C.F.R. § 1520.9(a)(2). Covered persons include, for example, airport and aircraft operators, persons participating in national or local security committees, and persons conducting research relating to transportation security and funded by the Department of Homeland Security or the Department of Transportation. *See* 49 C.F.R. § 1520.7. The list of "covered persons" promulgated by TSA does not include civil litigants. *Id*. Moreover, even covered persons may access SSI only when they have a "need to know." 49 C.F.R. § 1520.9(a)(2). Under the terms of the regulations issued by TSA, persons with a "need to know" include persons who require access to SSI in order to fulfill transportation security activities or training, persons who require access to SSI for the management of security activities and federal employees for whom access to SSI is necessary for performance of official duties. 49 C.F.R. § 1520.11. A party must have written permission from TSA to disclose SSI to persons other than "covered persons who have a need to know." 49 C.F.R. § 1520.9(a)(2). An individual or entity in possession of documents containing SSI must "[r]efer requests by other persons for SSI to TSA." 49 C.F.R. § 1520.9(a)(3).

TSA has broad discretion to determine whether documents containing SSI may or may not be disclosed. "TSA may authorize a conditional disclosure of specific records or information that constitute SSI upon the written determination by TSA that disclosure of such records or information, subject to such limitations and restrictions as TSA may prescribe, would not be detrimental to transportation security." 49 C.F.R. § 1520.15(e). Violation of these requirements for handling and disclosing SSI is grounds for civil penalty. 49 C.F.R. § 1520.17. Finally, if a party wishes to challenge a final order by TSA, review must be sought in an appropriate Court of Appeals. 49 U.S.C. § 46110 (a).

In light of the regulations governing disclosure of sensitive security information, and for the reasons stated below, the Court should deny plaintiff's Motion to Compel.

## ARGUMENT

### A. Congress Authorized TSA To Determine Whether Sensitive Security Information May Be Disclosed And Plaintiff Offers No Basis For Undermining TSA's Authority.

In asking the court to compel production of documents containing SSI, Plaintiff seeks to end-run the procedures governing disclosure of sensitive security information authorized by Congress. Congress designated TSA as the expert agency responsible for determining whether, and to what extent, documents containing SSI may be disclosed. *See, e.g.,* 49 C.F.R. § 1520.15(e). Nevertheless, Plaintiff seeks to compel disclosure of documents while the documents remain under review by TSA.[2] The request directly contravenes Congress's mandate vesting authority for safeguarding disclosure of SSI with TSA. *See* 49 U.S.C. §

---

[2] Plaintiff's attempt to challenge TSA's determination is not ripe. There has been no final order by TSA, the administrative agency authorized by Congress to make the determination at issue. Any challenge to TSA's decision-making on disclosure is premature. *See, e.g.*, *Tenoco Oil Co., Inc.* v. *Department of Consumer Affairs*, 876 F.2d 1013, 1024 (1st Cir. 1989) ("A court cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes") (*quoting MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 348 (1986)).

114(s)(1)(C)("the Under Secretary [of the Transportation Security Administration] shall prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security under authority of the Aviation and Transportation act"); 49 C.F.R. § 1520.9(a)(3) ("Refer requests by other persons for SSI to TSA"); 49 C.F.R. § 1520.15(e) ("TSA may authorize a conditional disclosure of specific records or information that constitute SSI upon the written determination by TSA").  Plaintiff's request that the Court ignore Congress's decision to entrust decisions relating to disclosure of security-related information to TSA, should be resoundingly rejected.

### B.  Jurisdiction Over Challenges To TSA's Determinations Rests Exclusively With The Court Of Appeals.

Once there is a final determination by TSA as to whether the documents at issue may be disclosed to Plaintiff, and if that determination is adverse to Plaintiff, review properly lies in the Court of Appeals, not the District Court.  Congress expressly provided that review of an order of TSA pursuant to section 114(s) (non-disclosure of certain information) is exclusively in the Court of Appeals.  *See* 49 U.S.C. § 46110(a) (restricting jurisdiction over a petition for review to "the United States Court of Appeals for the District of Columbia Circuit or . . . the court of appeals of the United States for the circuit in which the person resides or has its principal place of business").  Thus, Congress gave the Court of Appeals *exclusive* jurisdiction over challenges to final determinations by TSA.

### C.  On The Merits, Downing's Claim Fails Because There Is No Civil Litigation Exception To The Requirement That TSA Determine Whether Disclosure Of SSI Documents Is Permissible.

Though this court need not reach the underlying issue for the reasons stated above, on the merits, Plaintiff's claim fails.  Congress authorized TSA to prohibit disclosure of security information in *any circumstance* under which TSA determines that the disclosure would be

"detrimental to the security of transportation." 49 U.S.C. § 114(s)(1)(C). The statute authorizing TSA states in broad terms:

> [T]he Under Secretary shall prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security . . . if the Under Secretary decides that disclosing the information would . . . be detrimental to the security of transportation.

49 U.S.C. § 114(s)(1) & (1)(C).

There is no civil litigation exception to the requirements that TSA determine whether disclosure of SSI documents is permissible. The regulations defining the procedures for assessing disclosure of SSI make no reference to any civil litigation exception. *See* 49 C.F.R. § 1520 *et seq*. Nor do the regulations defining a party's "need to know" SSI include a "need to know" for the purpose of civil litigation. *See* 49 C.F.R. § 1520.11; *see also Chowdhury v. Northwest Airlines Corp.*, 226 F.R.D. 608, 610 (N.D. Cal. 2004) ("The [SSI] regulations do not include a 'civil litigant' . . . as a person with a 'need to know.'").

Although there is no civil litigation exception to the general standards governing TSA discretion over disclosure of SSI, Congress did specify one exception where disclosure of SSI is specifically permitted. In the statute authorizing TSA to exercise broad discretion over prohibiting disclosure of sensitive security information, 49 U.S.C. § 114(s)(2), Congress stated that the statute "does not authorize information to be withheld from a committee of Congress authorized to have the information." *Id*. Consistently, 49 C.F.R. § 1520.15(c) specifies that none of the regulations addressing SSI should be interpreted to exclude disclosure to committees of Congress. *See id*. ("Nothing in this part precludes TSA or the Coast Guard from disclosing SSI to a committee of Congress authorized to have the information"). Were it consistent with congressional intent, Congress could have included a comparable provision permitting disclosure of SSI in the context of civil litigation, or the context of civil litigation in which the parties agree

to enter into a protective order, but did not choose to do so.  *See, e.g., Chowdhury*, 226 F.R.D. at 613 ("Section 114(s) mandates nondisclosure if the TSA believes that disclosure would be detrimental to air transportation safety" and makes no distinction for "'attorneys' eyes only' protective order[s]").   Unlike the exception for access to SSI by congressional committees, there is no basis in statute or regulation for a civil litigation exception to TSA's discretion to determine whether documents containing SSI may be disclosed in the context of civil litigation.

## CONCLUSION

Under the relevant federal regulations, Massport may not disclose SSI to persons who do not have a need to know, must refer to TSA requests for disclosure by other persons, and is subject to a civil penalty for violation of these requirements.  49 C.F.R. § 1520, *et seq.*.

Under the circumstances, where Massport has complied with the relevant statute and regulations, and there being no authority for disclosure of SSI prior to a TSA determination, a motion to compel is meritless.

For the reasons stated above, Massport respectfully requests that the Court deny Plaintiff's Motion to Compel.

    MASSACHUSETTS PORT AUTHORITY

    By its attorneys,

    /s/ Sarah L. Levine
    Roscoe Trimmier, Jr.  (BBO #502506)
    Sarah L. Levine (BB) #651718)
     Ropes & Gray LLP
     One International Place
     Boston, Massachusetts 02110
     (617) 951-7000

Dated: January 25, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party on January 25, 2006, as follows:

By Hand:

Peter B. Krupp, Esq.
Lurie & Krupp
One McKinley Square
Boston, MA  02109

John Reinstein, Esq.
American Civil Liberties Union
 of Massachusetts
99 Chauncy Street
Boston, MA  02111

Mary O'Neil, Esq.
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108

By Overnight Mail:

Joseph P. Kittredge, Esq.
Law Offices of Timothy Burke
160 Gould Street, Suite 111
Needham, MA  02994

/s/ Sarah L. Levine
Sarah L. Levine