UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KING DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS PORT AUTHORITY, THE | ) | Civil Action No. 04-12513-RBC |
| MASSACHUSETTS DEPARTMENT OF STATE | ) | |
| POLICE, STATE POLICE TROOPER | ) | |
| THOMPSON, STATE POLICE SERGEANT | ) | |
| CROXTON, THOMAS G. ROBBINS, and | ) | |
| PETER J. DIDOMENICA, | ) | |
| | ) | |
| Defendants. | ) | |

## STATEMENT OF INTEREST BY THE UNITED STATES OF AMERICA

Pursuant to 28 U.S.C. § 517, the United States of America hereby files this Statement of Interest in order to attend to its interests concerning the requested disclosure of sensitive, aviation-related security information in this action. The government seeks to protect Sensitive Security Information ("SSI"), as defined by 49 C.F.R. Part 1520 (2004), see also 49 U.S.C. §§ 114(s) & 40119(b), as such information is critical to the United States' efforts to protect the general public from terrorist attacks like those committed on September 11, 2001. Individuals that supervise, carry out, or receive training for transportation security activities are authorized to have access to SSI, but may not disclose such information to persons without a regulatory "need to know." 49 C.F.R. §§ 1520.7, 1520.9, 1520.11. As neither plaintiff nor his counsel has a regulatory need to know this sensitive information, defendant Massachusetts Port Authority (hereafter "Massport") properly withheld SSI from its production while it sought authorization from the Transportation Security Administration ("TSA") for its release.

Congress expressly delegated to the Assistant Secretary of Homeland Security for TSA ("Assistant Secretary for TSA"), the authority to determine what is SSI and whether to allow disclosure of SSI. See 49 U.S.C. §§ 114(s). At this time, TSA is reviewing the documents submitted to it by Massport, has preliminarily identified SSI therein, and expects to issue a final determination shortly. See Declaration of TSA Deputy Administrator Robert D. Jamison (hereafter Jamison Decl.), ¶ 14, attached as Exhibit A.

As these documents are the subject of plaintiff's motion to compel, the United States opposes plaintiff's motion to the extent that it seeks access to SSI and respectfully advises that the Court lacks jurisdiction to review TSA's decisions with regard to the identification or disclosure of SSI.[1] By its involvement in this private litigation, the United States seeks only to protect against the unauthorized disclosure of SSI critical to the nation's transportation security and takes no position at this time on the underlying merits of this matter.

## BACKGROUND

A.    **Sensitive Security Information (SSI)**

1.    TSA's Statutory Authority to Protect SSI

The United States' interest in protecting sensitive information related to airline security is not new, but has taken on grave importance in the heightened threat environment in which we now live. In order to improve the security of the nation's aviation system following the tragic

---

[1] TSA is sensitive to the impact its non-disclosure policy has on civil lawsuits and is committed to working with the parties and the Court to find alternatives that may meet the parties' litigation needs without disclosing SSI. See Ex. A (Jamison Decl.), ¶ 15. If this effort is unavailing, and plaintiff seeks to challenge TSA's SSI designations, he may seek review in the appropriate forum. See 49 U.S.C. § 46110 (vesting exclusive jurisdiction over challenges to final orders of DOT and TSA on SSI matters in the United States courts of appeals) and discussion infra.

events of September 11, 2001, Congress passed the Aviation and Transportation Security Act ("ATSA"), by which it created TSA and charged it with oversight of the nation's aviation security system. See Pub. L. No. 107-71, § 101, 115 Stat. 597, 597-604 (2001). Subsequently, Congress transferred TSA to the newly created United States Department of Homeland Security, whose primary mission is to "prevent terrorist attacks within the United States, . . . [and] reduce the vulnerability of the United States to terrorism." Homeland Security Act of 2002, Pub. L. 107-296, § 101(b)(1), 116 Stat. 2135, 2142 (2002).

As part of ATSA, and again under the Homeland Security Act, Congress directed TSA, as it had previously directed the Federal Aviation Administration ("FAA"), to prohibit disclosure of sensitive information regarding transportation security. Specifically, Congress directed the Under Secretary of Transportation for Security, now the Assistant Secretary for TSA, to "prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out [civil aviation] security . . . if the Under Secretary decides that disclosing the information would -- be detrimental to the security of transportation." 49 U.S.C. § 114(s)(1)(c) (formerly codified at 49 U.S.C. § 40119(b)(1)(c)).

2.     TSA's SSI Regulations

In accordance with its statutory mandate, TSA adopted regulations regarding the protection of Sensitive Security Information, which largely recodified prior SSI regulations issued by the FAA. 49 C.F.R. Part 1520; 67 Fed. Reg. 8340, 8342-43 (Feb. 22, 2002), as amended 69 Fed. Reg. 28066 (May 18, 2004). Under TSA's regulations, SSI is "information obtained or developed in the conduct of security activities . . . which TSA has determined would -- be detrimental to the security of transportation." 49 C.F.R. § 1520.5(a)(3).

-3-

In its regulations, TSA established a non-exhaustive list of information that constitutes SSI. See 49 C.F.R. § 1520.5(b). For example, SSI includes certain aviation security documents that are issued or approved by the United States Department of Transportation ("DOT") or DHS. See, e.g., 49 C.F.R. § 1520.5(b)(1) (any security program or security contingency plan issued, established, required, received, or approved by DOT or DHS). The regulatory definition of SSI also includes general categories of sensitive information relating to civil aviation security, which may be contained in documents obtained or developed in the conduct of security activities. See, e.g., 49 C.F.R. § 1520.5(b)(2) (security directives); 49 C.F.R. § 1520.5(b)(3) (information circulars); 49 C.F.R. § 1520.5(b)(4) (performance specifications and descriptions of test object or test procedure); 49 C.F.R. § 1520.5(5) (vulnerability assessments directed, created, held, funded, approved by, or provided to DOT or DHS in support of a Federal security program); 49 C.F.R. § 1520.5(b)(6) (security inspection or investigative information); 49 C.F.R. § 1520.5(b)(8) (specific details of aviation transportation security measures); and 49 C.F.R. § 1520.5(b)(9) (information regarding security screening programs or systems). SSI also includes "[a]ny information not otherwise described in [§ 1520.5] that TSA determines is SSI under 49 U.S.C. § 114(s)." 49 C.F.R. § 1520.5(b)(16). Thus, information that is not specifically identified in the regulations may be considered SSI if, in TSA's judgment, its disclosure would be detrimental to the security of transportation. 49 U.S.C. § 114(s)(1)(c); 49 C.F.R. § 1520.5(a).

TSA's regulations restrict disclosure of SSI to those persons with a regulatory need to know the information. 49 C.F.R. §§ 1520.7, 1520.11. An individual may have a need to know SSI if that person needs the specific information: (1) to carry out transportation security activities approved, accepted, funded, recommended, or directed by DHS or DOT; (2) to advise covered

persons regarding federal security requirements; or (3) to represent covered persons in judicial or administrative proceedings regarding federal security requirements. Id. § 1520.11(a). Members of the public, however, including civil litigants and their attorneys, do not come within the regulatory need-to-know category and therefore are barred from gaining access to SSI. 49 C.F.R. §§ 1520.7, 1520.11.

For covered persons, who are authorized to have access to SSI, the regulations impose an express duty to protect the information. 49 C.F.R. § 1520.9. Specifically, the regulations require that such persons must "take reasonable steps to safeguard SSI . . . from unauthorized disclosure, . . . and refer requests by other persons for SSI to TSA." Id. § 1520.9(a). Violation of these and additional non-disclosure requirements "is grounds for a civil penalty and other enforcement or corrective action." Id. § 1520.17.

3.     Administrative Policy on SSI Disclosure in Civil Litigation

As set forth in the attached declaration of current TSA Deputy Administrator Robert D. Jamison, United States policy with regard to disclosure of SSI in civil litigation changed in response to the devastating attacks of September 11, 2001. Prior to that time, the FAA made limited accommodations in civil litigation that allowed air carrier counsel to provide SSI to opposing counsel pursuant to strict attorneys'-eyes-only protective orders. See Ex. A (Jamison Decl.), ¶ 9. In the wake of the September 11th attacks and in the current threat environment, TSA determined, and continues to determine, that it is in the best interests of the traveling public to restrict, to the greatest extent possible, the release of any SSI material that could be used to defeat standing security countermeasures by those intent upon committing criminal acts against civil transportation. Id., ¶ 6. Underlying TSA's decision is the extent to which SSI, if

compromised in whole or in part, would reveal systemic vulnerabilities of the transportation

system or of specific transportation facilities, leaving them more vulnerable to attack.  Id. ¶ 7.

TSA's policy is backed by current intelligence indicating that al-Qaeda, and other terrorist

operatives, continue to develop plans for catastrophic attacks against targets in the United States

and against United States' interests overseas involving commercial aircraft.  Id. ¶¶ 6, 8.

      Consistent with its regulatory standard of non-disclosure of SSI outside the need-to-know

category, and the determinations it has made in other civil litigation since the September 11th

attacks, TSA will not authorize disclosure of documents containing SSI to any civil litigant or

counsel outside the regulatory need-to-know category.  See Ex. A (Jamison Decl.), ¶¶ 5, 9-10.[2]

B.    SSI Handling in the Underlying Action

      On December 5, 2005, TSA Headquarters received 469 pages of documents from

Massport for SSI review.[3]  See Ex. A (Jamison Decl.), ¶ 14.  TSA is conducting a careful review

of these materials and has made a preliminary assessment that the material contains SSI.  Id.

Because at least some of the information withheld by Massport constitutes SSI and TSA has not

---

   [2] Since September 11, 2001, the government has intervened in the consolidated September 11 tort litigation, see, e.g., In Re: September 11, No. 21-MC-97 (AKH) (S.D.N.Y.), has filed statements of interest in a number of other civil actions, see Hansen v. Delta Airlines, No. 02-CV-7651 (N.D. Ill.); Kalantar v. Lufthansa Airlines, No. 01-CV-00644 (D.D.C.); Baig v. United Airlines, No. 400689 (Ca. Sup. Ct.); Ahmed v. American Airlines, No. A:02-CA-363 (W.D. Tex.); Hudgins v. Southwest Airlines, No. CV-2001-015620 (Az. Sup. Ct.); Chowdhury v. Northwest Airlines, No. C 02-2665 (N.D. Ca.); Clearinghouse v. JetBlue Airlines, No. 818603 (Cal. Sup. Ct.); City of Los Angeles v. Industrial Risk Insurers, No. 03-CV-5416 (C.D. Cal.); Villarreal v. Greyhound Bus Lines, Inc., No. BC282679 (Cal. Sup. Ct.), and is actively monitoring several other civil actions, in order to protect against unauthorized disclosure of SSI.

   [3] In particular, plaintiff sought documents relating, inter alia, to the "Behavioral Assessment" policy of Massport and the State Police, training provided to the individually named defendant police troopers, the Behavior Assessment Screening System ("BASS"), Screening of Passengers by Observation Techniques program ("SPOT"), and documents relating to racial and ethnic statistics for persons stopped under these policies and programs.

expressly authorized its disclosure or completed its review of the remaining documents, federal

law bars Massport from providing the unredacted information to plaintiff or plaintiff's counsel,

neither of whom has a permissible need to know.  See 49 U.S.C. § 114(s); 49 C.F.R. §§ 1520.7,

1520.11.

## DISCUSSION

### This Court Lacks Jurisdiction to Order Disclosure of SSI

Underlying plaintiff's request that the Court order the disclosure of the documents at

issue in this case is the assumption that the Court has jurisdiction to do so.  However, Congress

has vested exclusive jurisdiction in the United States Courts of Appeals to review TSA's final

security decisions regarding the disclosure of SSI.  Under 49 U.S.C. § 46110, in pertinent part:

> a person disclosing a substantial interest in an order issued by . . . the Under
> Secretary of Transportation for Security with respect to security duties and powers
> designated to be carried out by the Undersecretary . . . in whole or in part under
> this part, Part B, or subsection (l) or (s) of section 114 may apply for review of the
> order by filing a petition for review in the United States Court of Appeals for the
> District of Columbia Circuit or in the court of appeals of the United States for the
> circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a).  The courts of appeals, in turn, have "exclusive jurisdiction to affirm,

amend, modify, or set aside any part of the order."  49 U.S.C. §46110(c) (emphasis added).  See

Suburban O'Hare Comm'n v. Dole, 787 F.2d 186, 192-93 (7th Cir. 1986) (predecessor statute to

49 U.S.C. § 46110 "dictates broad construction" of what constitutes an order); Sima Products

Corp. v. McLucas, 612 F.2d 309, 312-14 (7th Cir. 1980) (same); see also Public Citizen v. FAA,

988 F.2d 186, 196-98 (D.C. Cir. 1993).

TSA's SSI determinations are among the security duties and powers designated to be

carried out by the agency under 49 U.S.C. §114(s), among other statutes, and are therefore

subject to Section 46110(a). Indeed, Congress recently amended Section 46110(a) to make clear

that it applies to orders issued pursuant to 49 U.S.C. §114(s), the primary source of TSA's

authority to prohibit disclosure of SSI. See Pub. L. No. 108-176, § 228, 117 Stat. 2490, 2532

(2003). Should TSA issue a final order designating the withheld information in this matter as

SSI, it will do so pursuant to 49 U.S.C. §114(s), as well as other statutes contained within Part A

of Subtitle VII of Title 49 (49 U.S.C. §§40101-46507). Accordingly, any such order must be

reviewed by the appropriate court of appeals. See Chowdhury v. Northwest Airlines Corp., 226

F.R.D. 608 (N.D. Cal. 2004); see also Suburban O'Hare, 787 F.2d at 193 ("since the FAA chose

to rely on [the predecessor statute to 49 U.S.C. § 46110], petitioners are effectively foreclosed

from pursuing their claims in the district court.").

    For instance, in Chowdhury, the plaintiff sought information that TSA had concluded was

SSI and argued that an attorneys'-eyes-only protective order was sufficient to safeguard the

United States' interest in protecting SSI. The Honorable Charles R. Breyer refused to order the

release of SSI even under a limited protective order because a challenge to TSA's determination

regarding the disclosure of SSI "lies exclusively with the Court of Appeals" due to section

46110. See Chowdhury, 226 F.R.D. at 615. The Court concluded that 49 U.S.C. §114(s)

"embodies explicit congressional intent to preclude all disclosure of information which the

[Assistant Secretary for TSA] determines would be detrimental to transportation safety if

disclosed." Id. at 611-12 (noting that the only statutory exception is for congressional

committees and that "the statute does not make an exception for civil litigation"). After

reviewing the statutory and regulatory scheme, the Court also found that TSA regulations are

clear and "do not include a 'civil litigant' or 'his attorney' as a person with a 'need to know.'" Id. at 3.[4]

Since September 11, 2001, courts have held explicitly that they lack jurisdiction to compel production of documents containing SSI after being advised of the interests of the United States, see, e.g., Ahmed v. American Airlines, No. A:02-CV-363, slip op. at 3 (W.D. Tex. Apr. 15, 2003) (finding lack of jurisdiction to review TSA decision prohibiting air carrier from disclosing SSI to civil litigant), attached as Ex. B; City of Los Angeles v. Industrial Risk Insurers, No. 03-CV-5416, slip op. at 1 (C.D.Cal. May 7, 2004) (same), attached as Ex. C. And, since that date, no court has compelled production of documents containing SSI after being advised of the interests of the United States, see, e.g., Kalantar v. Lufthansa, 276 F. Supp. 2d 5, 14 (D.D.C. 2003) (effectively vacating prior order that defendant air carrier publicly file motion containing SSI after the United States filed statement of interest).

As these cases establish, once TSA issues its final order regarding SSI, its decision not to permit plaintiff access to the withheld SSI, including the designation of particular information as SSI, constitutes a final order by the Assistant Secretary for TSA and is reviewable only in the United States courts of appeals. Therefore, plaintiff's recourse to challenge any such order is not before this Court.

---

[4] The district court granted the plaintiff's motion for an interlocutory appeal, but the Court of Appeals denied the petition on February 9, 2005. No. 04-80051 (9th Cir.). Plaintiff also petitioned for review of TSA's SSI determinations in the United States Court of Appeals for the Second Circuit. See Chowdhury v. Transportation Security Administration, Nos. 03-40783(L), 04-1131(Con), 04-1796(Con) (2d Cir.), where the matter is sub judice.

## CONCLUSION

Pursuant to federal statute and regulation, and for the reasons stated by current Deputy Administrator Jamison, it is TSA's expert judgment that SSI that is redacted or otherwise withheld from Massport's discovery responses cannot be released to plaintiff or his counsel in the interest of transportation security.  TSA has been reviewing the material and anticipates that a final determination will be made shortly.  As demonstrated above and recognized by every Court to consider the issue, this Court should deny plaintiff's motion for sanctions to the extent that it seeks production of SSI because this Court lacks jurisdiction to review TSA's security decisions or to compel the production of SSI.

Dated: March 7, 2006                        Respectfully submitted,

                                            PETER D.  KEISLER
                                            Assistant Attorney General

                                            MICHAEL J. SULLIVAN
Of Counsel:                                 United States Attorney

SARAH TAUBER                                SANDRA M. SCHRAIBMAN
Attorney-Advisor                            Assistant Branch Director
Office of Chief Counsel
Transportation Security Administration

                                            /s/ Jeffrey D. Kahn
                                            JEFFREY D. KAHN (MI # P65270)
                                            Trial Attorney, Federal Programs Branch
                                            Civil Division, United States Department of Justice
                                            P.O. Box 883 Ben Franklin Station
                                            20 Massachusetts Ave., N.W.; Rm. 7122
                                            Washington, D.C. 20044
                                            Tel.: (202) 514-3716
                                            Fax.: (202) 616-8470
                                            jeffrey.kahn@usdoj.gov

                                            Attorneys for the United States

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2(b) and Section E.2 of the Electronic Case Filing Administrative Procedures of the United States District Court for the District of Massachusetts (January 1, 2006), I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 7, 2006.

**Registered Participants**:

John Reinstein
reinstein@aclu-mass.org

Peter B. Krupp
pkrupp@luriekrupp.com

Roscoe Trimmier, Jr.
rtrimmier@ropesgray.com

Laura Gaffney Hoey
lhoey@ropesgray.com

Jean M. Kelley
jean.kelley@ago.state.ma.us

Mary E. O'Neil
mary.o'neil@ago.state.ma.us

Joseph P. Kittredge
jkittredge@timberkelaw.com

Suzanne T. Caravaggio
scaravaggio@timburkelaw.com

**Non-registered participants**:

There are no non-registered participants.

/s/ *Jeffrey D. Kahn*
JEFFREY D. KAHN (MI # P65270)

-11-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KING DOWNING,

          Plaintiff,

    v.

MASSACHUSETTS PORT AUTHORITY, THE
MASSACHUSETTS DEPARTMENT OF STATE
POLICE, STATE POLICE TROOPER
THOMPSON, STATE POLICE SERGEANT
CROXTON, THOMAS G. ROBBINS, and
PETER J. DIDOMENICA,

          Defendants.

Civil Action No. 04-12513-RBC

## STATEMENT OF INTEREST BY THE UNITED STATES OF AMERICA

## EXHIBIT A

## DECLARATION OF ROBERT D. JAMISON

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KING DOWNING,

       Plaintiff,

       v.

MASSACHUSETTS PORT AUTHORITY, et al.,

       Defendants.

Case No. 04-12513-RBC

### DECLARATION OF ROBERT D. JAMISON

I , Robert D. Jamison, do hereby declare as follows:

1.     I am the Deputy Administrator, Transportation Security Administration (TSA), United States Department of Homeland Security. In this position, I am responsible for assisting and acting on behalf of the TSA Administrator on security matters for all modes of transportation, including aviation, and related research and development activities. These responsibilities include, but are not limited to, developing policies, strategies, and plans dealing with the direction of Federal aviation security activities and programs with regard to all passenger, baggage, and cargo screening; enforcing security-related regulations and requirements with respect to aviation security measures performed by aircraft and airport operators operating within the United States, and by United States air carriers operating outside the United States; developing policies and plans for handling threats to transportation security and, specifically, threats against civil aviation; and carrying out such other duties and exercising such other powers relating to transportation security that the Administrator deems appropriate.

2.     The statements made in this Declaration are based upon my personal knowledge, information made available to me in my official capacity, and conclusions reached in accordance therewith.

3.     Pursuant to the Aviation and Transportation Security Act (ATSA), Pub. L. No. 107-71, 115 Stat. 597 (2001), and the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), TSA is responsible for prescribing regulations that prohibit disclosure of sensitive information relating to transportation security if the TSA decides that such disclosure would be detrimental to the security of transportation.  This statutory directive is codified at 49 U.S.C. § 114(s).

4.     Pursuant to this directive, TSA has enacted regulations, which appear at 49 C.F.R. Part 1520, setting forth particular categories of information that constitute Sensitive Security Information ("SSI").  Airport and air carrier security programs and plans, selection criteria used in security screening processes, threats of sabotage, terrorism or air piracy, Security Directives and Information Circulars, vulnerability assessments of transportation facilities, and technical specifications of security screening and detection systems and devices, among other types of information, all constitute SSI and are prohibited from being publicly disclosed.

5.     Access to SSI is strictly limited to those persons with a need to know, as defined in 49 C.F.R. § 1520.11, and to those persons to whom TSA authorizes disclosure under 49 C.F.R. § 1520.15.  In general, a person has a need to know specific SSI when he or she requires access to the information:  (1) to carry out transportation security activities that are government-approved, -accepted, -funded, -recommended, or -directed, including for purposes of training on,

-2-

and supervision of, such activities; (2) to provide legal or technical advice to airport operators, air

carriers or their employees regarding security-related requirements; or (3) to represent airport

operators, air carriers or their employees in judicial or administrative proceedings regarding

security-related requirements. Members of the public, including civil litigants, their attorneys,

and their expert witnesses, do not have a regulatory need to know, unless they fall into the

categories noted above.

    6.    Since September 11, 2001, it has been the consistent policy of TSA that the

present and continuing threat of terrorist attacks against aviation interests requires that the

number of persons having access to SSI be significantly and continually decreased, rather than

increased. TSA initially reached this conclusion in significant part because intelligence reports

indicated that al-Qa'ida operatives have, through media sources and other publicly available

research, obtained access to information concerning existing security vulnerabilities at American

airports.

    7.    Current intelligence information indicates that the terrorist threat against civil

transportation targets continues to be a grave and ongoing concern. Reports indicate that al-

Qa'ida and other terrorist operatives continue to develop plans for catastrophic attacks against

targets in the United States and against United States' interests overseas. Intelligence

information demonstrates that terrorists actively seek to discover security methods and

vulnerabilities they can exploit in planning future attacks against civil aviation.

    8.    This intelligence information is supported by the recent audiotape warnings issued

by Ayman Al-Zawahiri last week, and by Usama Bin Ladin and Al-Zawahiri in January 2006, the

deadly attacks carried out on the London subway and bus lines in July 2005, the Madrid subway bombings in March 2004, and the very real possibility of future (as yet undiscovered) plans for attacks on the United States.

9.    Prior to the attacks of September 11, 2001, the FAA made limited accommodations in civil litigation, authorizing counsel for covered parties to provide SSI to opposing counsel pursuant to protective orders. Since September 11, 2001, however, TSA has not granted any request for disclosure of SSI to civil litigants or their counsel who do not otherwise have a regulatory need to know.

10.    TSA's non-disclosure policy in civil litigation rests on an assessment of the security risks inherent in granting access to civil litigants in all civil litigation involving SSI. SSI is at issue in dozens of civil lawsuits at any given time, including in lawsuits alleging discriminatory application of security requirements, employment actions, patent infringement, and personal injury. In each of these lawsuits, there is at least one attorney who seeks access to SSI for purposes of pursuing the litigation, and often there are multiple attorneys who, as here, request access for themselves and for additional consultants. If access in civil litigation is provided, the number of persons with access to SSI necessarily multiplies with each new lawsuit filed, and the likelihood of inadvertent or intentional release or other misuse of SSI grows exponentially.

11.    TSA also cannot rule out the possibility that terrorists or their supporters might seek access to SSI by filing frivolous lawsuits and pursuing discovery, or that civil litigants might disclose SSI to terrorists.

-4-

12.    The agency cannot make meaningful security distinctions between civil litigants and is unwilling to favor certain litigants over others based on the perceived importance of any particular litigation.

13.    TSA receives regular requests for disclosure of SSI in civil litigation. In each case, TSA reviews the relevant documents, segregates or redacts the SSI within the documents, where practicable, and denies authorization to produce SSI in the litigation. It should be noted that, on two occasions, the TSA mistakenly authorized the release of a small number of names from so-called "No-Fly" lists. In another instance, the information in one Security Directive was authorized for release after TSA carefully considered the information and determined that it was obsolete, and no longer presented any security concern.

14.    In this matter, Massport sent to TSA 469 pages of material for review and final SSI determination, which documents TSA Headquarters received on December 5, 2005. TSA has been reviewing the material and has made a preliminary determination that the documents contain SSI. The agency anticipates that it will complete its line-by-line review of the documents and will issue a final determination shortly.

15.    TSA is sensitive to the impact its non-disclosure policy has on civil lawsuits and is committed to working with the parties and the Court to find alternatives that may meet the

#

parties' litigation needs without disclosing SSI.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is

true and correct.

Executed on the _____7ᵗʰ_____ day of March 2006.


Robert D. Jamison
Transportation Security Administration
United States Department of Homeland Security

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KING DOWNING, )
)
)
Plaintiff, )
v. )
)
MASSACHUSETTS PORT AUTHORITY, THE )        Civil Action No. 04-12513-RBC
MASSACHUSETTS DEPARTMENT OF STATE )
POLICE, STATE POLICE TROOPER )
THOMPSON, STATE POLICE SERGEANT )
CROXTON, THOMAS G. ROBBINS, and )
PETER J. DIDOMENICA, )
)
Defendants. )
)

## STATEMENT OF INTEREST BY THE UNITED STATES OF AMERICA

## EXHIBIT B

## SLIP OPINION

## Ahmed v. American Airlines, No. A:02-CV-363 (W.D. Tex. Apr. 15, 2003)

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

FILED
AUS~IN DIVISION

2003 AP 15 PM 4: 22

U.S. CLERK'S OFFICE

BY:_____

| | | |
|---|---|---|
| MOHAMMED ALI AHMED, et al. | § | |
| | § | |
| v. | § | CIVIL NO. A-02-CV-363 JN |
| | § | |
| AMERICAN AIRLINES, INC. | § | |

## ORDER

Before the Court are the Second Statement of Interest of the United States (Clerk's Doc. No. 41), Plaintiff's Response to Jurisdiction Argument in Second Statement of Interest of the United States (Clerk's Doc. No. 45), and Reply of the United States in Support of the Jurisdictional Argument in its Second Statement of Interest (Clerk's Doc. No. 49). Upon review of the pleadings, the applicable legal authorities, and the entire case file, the Court enters the following Order.

### *Background*

Plaintiff alleges that he and three of his minor children were excluded from Defendant's Flight 572 from Austin to Chicago on 29 September 2001 because of their race, ethnicity, and religion in contravention of various federal and state laws. Defendant has moved for summary judgment on Plaintiffs' claims. Contemporaneously with the Motion for Summary Judgment, Defendant filed a Statement of Facts in Support of Summary Judgment with accompanying affidavits and exhibits (collectively the "Statement of Facts"). Defendant also filed a Motion to Seal the Statement of Facts at the behest of the United

51

States Transportation Security Administration ("TSA") and the United States Department of Justice ("DOJ").[1]  The DOJ and the TSA requested that American move this Court to seal the information in the Statement of Facts as "sensitive security information." *See* 49 C.F.R. § 1520.7. Sensitive security information ("SSI") can only be released to parties with a "need to know." *See* 49 C.F.R. § 1520.5(b). Plaintiffs do not fall within any of the classes of "need to know." Be that as it may, the TSA and DOJ have released some of the information contained in the Statement of Facts to Plaintiffs in an effort to resolve the Motion to Seal without judicial intervention. This effort has proved to be unsuccessful as the Plaintiffs want access, understandably so, to *all* the information that may be used in deciding Defendant's Motion for Summary Judgment. In an effort to protect the remaining information at issue in the Statement of Facts, the Under Secretary of Transportation for Security, Admiral Loy, issued an order on 23 February 2003 (the "Loy Order") that seeks to prevent the remaining information from being released on the grounds that it is "information that must be protected as SSI in the interest of national security." The DOJ has taken the position that this Court lacks jurisdiction to review the Loy Order, to which the Court now turns.

### The Loy Order

The DOJ contends that this Court lacks jurisdiction to review the Loy Order. The Court agrees. A petition for review of an order from the Under Secretary of Transportation for Security with respect to security duties and powers must be filed in the United States

---

[1] The Motion to Seal seeks to seal the information contained in the Statement of Facts from everyone except the Court for *in camera* inspection, Plaintiffs and Plaintiffs' counsel included.

Court of Appeals for the District of Columbia circuit or in the court of appeals of the United

States for the circuit in which the person resides or has its principal place of business. *See*

49 U.S.C. § 46110(a).  The court of appeals "has exclusive jurisdiction to affirm, amend,

modify, or set aside any part of the order." 49 U.S.C. § 46110(c).  As the Court finds the Loy

Order to be a presumptively valid one pursuant to § 46110, this Court lacks jurisdiction to

review the Loy Order.[2]  Accordingly, if the Plaintiffs want any of the withheld portions of

the Statement of Facts, they will have to petition the court of appeals for that information.

Plaintiffs will inform the Court whether or not they intend to file such a petition at the 23

April 2003 docket call.

    It is so ordered.

    SIGNED AND ENTERED this ___15th___ day of April, 2003.


                                        JAMES R. NOWLIN
                                        CHIEF UNITED STATES DISTRICT JUDGE


_____

    [2]The Loy Order also states that "[t]his order constitutes a final order of the TSA for purposes of
49 U.S.C. § 46110(a)."

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KING DOWNING,　　　　　　　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　　　 ) | |
| 　　　　　　　Plaintiff,　　　　　　　　　 ) | |
| 　　v.　　　　　　　　　　　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　　　 ) | |
| MASSACHUSETTS PORT AUTHORITY, THE ) | Civil Action No. 04-12513-RBC |
| MASSACHUSETTS DEPARTMENT OF STATE ) | |
| POLICE, STATE POLICE TROOPER　　　　　 ) | |
| THOMPSON, STATE POLICE SERGEANT　　　 ) | |
| CROXTON, THOMAS G. ROBBINS, and　　　　 ) | |
| PETER J. DIDOMENICA,　　　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　　　 ) | |
| 　　　　　　　Defendants.　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　　　 ) | |

**STATEMENT OF INTEREST BY THE UNITED STATES OF AMERICA**


**EXHIBIT C**

**SLIP OPINION**

**City of Los Angeles v. Industrial Risk Insurers, No. 03-CV-5416 (C.D.Cal. May 7, 2004)**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No. <u>CV 03-5416-RSWL (Ex)</u>                          Date: <u>May 7, 2004</u>

Title: <u>CITY OF LOS ANGELES v. INDUSTRIAL RISK INSURERS, et al.</u>

---

DOCKET ENTRY

---

PRESENT:

HON.  **CHARLES F. EICK**, JUDGE

<u>STACEY PIERSON</u>                          <u>N/A</u>
DEPUTY CLERK                              COURT REPORTER

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None                                      None

PROCEEDINGS:    (IN CHAMBERS)                          (Page 1 of 2)

The Court has read and considered all papers filed in connection with the "Motion by Defendants/Counterclaimants to Compel Interrogatory Response and Production of Documents, or, in the Alternative, to Preclude Evidence" ("the motion"), filed April 12, 2004.  The Court heard oral argument on May 7, 2004.

Plaintiff forthwith shall submit the withheld documents, and a complete response to the subject interrogatory, to the Transportation Security Administration ("TSA") for a line-by-line review by TSA security experts to determine which portions of the submitted materials, if any, must be redacted from any disclosure of the materials to Defendants.  The parties promptly and reasonably shall follow-up with TSA, and confer with each other, in a good faith effort to eliminate their disputes regarding these materials.

Except as expressly stated herein, the motion is denied without prejudice.  The District Court lacks jurisdiction to compel the disclosure to Defendants of materials TSA determines to be sensitive security information.  See 49 U.S.C. § 46110 (vesting in the Circuit Courts the jurisdiction to review such TSA determinations).  The evidentiary preclusion issue raised by Defendants appears premature and, in any event, should be determined by the District Judge, rather than the Magistrate Judge.

MINUTES FORM 11                          D-M                    Initials of Deputy Clerk _____
CIVIL-GEN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No. CV 03-5416-RSWL (Ex)                          Date:  May 7, 2004

Title:  CITY OF LOS ANGELES v. INDUSTRIAL RISK INSURERS, et al.

---

DOCKET ENTRY

---

PRESENT:

### HON.  CHARLES F. EICK, JUDGE

STACEY PIERSON                                  N/A
DEPUTY CLERK                               COURT REPORTER

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None                                          None

PROCEEDINGS:    (IN CHAMBERS)                       (Page 2 of 2)

        Within twenty (20) days of the date of this order, Alisa Morgenthaler Lever shall show
cause, if there be any, why she should not be sanctioned monetarily for violating Ninth Circuit Rule
36-3 at pp. 21 and 28 of the "Joint Stipulation, etc." filed April 12, 2004.

        Any person seeking review of this order shall cause the preparation and filing of a transcript
of the May 7, 2004 hearing.

cc:     Judge Lew
        All Counsel of Record
        Counsel for the United States

MINUTES FORM 11                                                    Initials of Deputy Clerk _____
CIVIL-GEN                            D-M