UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>      Plaintiff,<br><br>v.<br><br>MASSPORT, MASSACHUSETTS STATE POLICE, ET AL,<br>      Defendants. | Civil Action No. 04-12513-GAO<br>(LEAVE TO FILE GRANTED 4/11/2007) |

**MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS: MASSACHUSETTS STATE POLICE, THOMAS G. ROBBINS, AND PETER J. DIDOMENICA**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Massachusetts State Police, Thomas G. Robbins, and Peter J. Didomenica move for summary judgment on all counts. The grounds for this motion are:

1. After extensive discovery there is no evidence that defendants Thomas G. Robbins or Peter J. Didomenica violated Massachusetts General Laws c. 12, § 11I, by violating plaintiff's civil rights through threats, intimidation, or coercion. Plaintiff lacks any evidence to show that the BASS behavior assessment tool improperly profiles African-Americans, or that the BASS behavior assessment tool was even used during the encounter with plaintiff. If there were any evidence, the defendants would have qualified immunity. Thus, summary judgment should enter for Robbins and DiDomenica in Count I;

2. For the same reasons, defendants Thomas G. Robbins or Peter J. DiDomenica are not liable under 42 U.S.C. § 1983 for violating plaintiff's civil rights. If there were any evidence, the defendants would be entitled to qualified immunity. Thus summary judgment should enter for Robbins

1

and DiDomenica in Count II;  and

      3.      Plaintiff has no justiciable claim for damages, and lacks standing to seek the declaratory relief requested against defendant Massachusetts State Police in Count III.

For these reasons, and for the arguments set out in their accompanying memorandum, defendants Thomas G. Robbins, and Peter J. DiDomenica request that the Court enter summary judgment for them on Counts I and II, the sole counts leveled against them.  And defendant Massachusetts State Police requests that the Court enter summary judgment for them on Count III, the sole count leveled against it.

    Respectfully Submitted,
    COMMONWEALTH OF MASSACHUSETTS
    MASSACHUSETTS STATE POLICE

    By its Attorneys,

    MARTHA COAKLEY
    ATTORNEY GENERAL

    /s/ Ronald F. Kehoe
    Ronald F. Kehoe, BBO #264260
    Assistant Attorney General
    Government Bureau/Trial Division
    One Ashburton Place, Room 1813
    Boston, MA 02108-1598
    (617) 727-2200 x 2626

Date:  April 17, 2007

### CERTIFICATION UNDER L.R. 7.1(A)

I, Ronald Kehoe, co-counsel for defendants Massachusetts State Police, Thomas G. Robbins, and Peter J. Didomenica state that I contacted counsel of record to narrow the issues in this motion.

    /s/ Ronald F. Kehoe
    Ronald F. Kehoe, Assistant Attorney General
    Government Bureau/Trial Division

**CERTIFICATE OF SERVICE**

      I, Ronald F. Kehoe, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 17, 2007.

                                                /s/ Ronald F. Kehoe
                                          Ronald F. Kehoe, Assistant Attorney General
                                          Government Bureau/Trial Division