UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>      Plaintiff,<br><br>v.<br><br>MASSPORT, MASSACHUSETTS STATE POLICE, ET AL,<br>      Defendants. | Civil Action No. 04-12513-RBC |

### MEMORANDUM IN SUPPORT OF DEFENDANT THOMAS ROBBINS'S MOTION FOR RECONSIDERATION

Defendant Thomas Robbins ("Robbins") moves this Honorable Court to reconsider its decision denying his Motion for Summary Judgment. Regarding Robbins, the decision found as follows:

> As to defendants Robbins and DiDomenica, if the jury finds that the plaintiff did, in fact, suffer deprivation of a constitutional right, there is sufficient circumstantial evidence upon which a jury could find that the existence of the B.A.S.S. program and the fact that Thompson and Croxton were trained in it were a proximate cause of the deprivation. There are clear indications that despite the fact that as a general proposition, the B.A.S.S. program, is stated to do no more than seek voluntary responses to the requests that police make of persons they select to approach, there are more specific provisions which could reasonably be found to be coercive, i.e., the directive that when a person refuses to answer questions or provide identification or travel documents, he or she is to be escorted away from the airport. Robbins and DiDomenica are not entitled to qualified immunity because it would be plainly unconstitutional to escort away a person (in the sense of forcing the person to leave accompanied by police officers) absent reasonable suspicion or probable cause.

Court's Order Dated November 7, 2007.

The reasons for this Motion are simple. First, Robbins was not involved in the encounter that Downing claims was unconstitutional. Second, the record is bare of any evidence that the B.A.S.S. program was even used in Downing's encounter. And the record is replete with testimony that the B.A.S.S. program was not used. And third, there is nothing in the record to establish that Robbins either authored the B.A.S.S. program or trained anyone in it. Indeed, Sergeant DiDomenica ("DiDomenica") has been quite clear that he is the author of the B.A.S.S. program. Thus, there is no basis upon which Robbins could even be connected to this lawsuit.

Even if the Court refuses to reconsider its observation that there exists circumstantial evidence that might support the idea that the B.A.S.S. program was used, this is insufficient to find Robbins liable. Downing is suing him under 42 U.S.C. sec. 1983 and the Massachusetts Civil Rights Act, G.L. c. 12, sec. 11I. Both statutes preclude liability under a theory of respondeat superior. *See Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658, 691 (1978)(no respondeat superior liability for section 1983 claims), *Lyons v. National Car Rental Systems, Inc. (of Delaware)*, 30 F. 3d 240 (CA1 1994)(Doctrine of respondeat superior does not apply to action brought under Massachusetts Civil Rights Act). And the only possible connection Robbins has to this lawsuit, is that he was Colonel of the State Police at the time of Downing's encounter: a respondeat superior theory of liability. And thus, one that is prohibited. Although the Massachusetts State Police ("State Police"), Robbins, and DiDomenica do not agree that any constitutional violation occurred here, if one had, it did not involve Robbins. He was neither a participant in the encounter, nor an architect of the program.

It is not enough that Robbins was Colonel at the time the B.A.S.S. program was taught. Downing is required to show that Robbins, himself, did something that created the constitutional violation. But there is nothing in the record to support this contention. In fact, beyond identifying his status as Colonel the record is bare of any evidence regarding Robbins's involvement with the specifics of the B.A.S.S. program. And, as the Court determined, there is nothing generally wrong with the program. It denounces and prohibits racial profiling, and it provides for voluntary encounters.

In a recent case the First Circuit reiterated that, "[s]upervisors may only be held liable under [section] 1983 on the basis of their own acts or omissions." *Whitfield v. Melendez-Rivera*, 431 F. 3d 1, 14 (CA 1)(2005). Robbins never directly participated in the alleged unconstitutional actions, so the only avenue for any potential liability would be where his subordinates acted unconstitutionally, **and** Robbins's action or inaction was affirmatively link[ed] to the behavior in the sense that it could be characterized as "supervisory encouragement, condonation or acquiescence" or " gross negligence ... amounting to deliberate indifference." *Id*.

To establish deliberate indifference, Downing needed to show: " (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) Robbins's failure to take easily available measures to address that risk. ... " *Camilo-Robles v. Hoyos*, 151 F. 3d 1, 7 (CA 1 1998). Downing was required to show that Robbins's action or inaction amounted to deliberate, reckless, or callous indifference to the constitutional rights of others. *Gutierrez-Rodriguez v. Cartagena*, 882 F. 2d 553, 562 (CA 1) (1989).

The record is completely bare of any facts supporting the contention that Robbins acted

unconstitutionally.  And the record is completely bare of any fact supporting the contention that, prior to Downing's encounter, Robbins was put on notice that there were constitutional issues with the B.A.S.S. program.  Simply put, Robbins is being subject to strict liability - a completely improper standard.  Downing's contention - notably absent of any facts or legal authority - appears to be that the mere existence of the B.A.S.S. program is enough to expose Robbins to liability.  But that is just wrong.

The proper standard here is not as simple as strict liability.  Indeed, the standard is greater than that required for negligence.  *Whitfield at* 14. And Downing fails to meet even a negligence standard.  Thus, Robbins should not be forced to trial.

     Finally, as set out in his Motion for Summary Judgment, Robbins is entitled to qualified immunity.  If he is wrong - which he is not - than he is still entitled to qualified immunity.  The defense exists to protect reasonable officials, even from their mistakes. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Nothing in the record indicates that Robbins is anything more than a reasonable official who acted reasonably in these circumstances.

                                      Respectfully Submitted,
                                      COMMONWEALTH OF MASSACHUSETTS

                                      By its Attorneys,

                                      MARTHA COAKLEY
                                      ATTORNEY GENERAL

                                      /s/ Mary O'Neil
                                      Mary O'Neil, BBO #379430
                                      Assistant Attorney General
                                      Government Bureau/Trial Division
                                      One Ashburton Place, Room 1813
                                      Boston, MA 02108-1598
Date:  November 16, 2007                (617) 727-2200 x 2636

## L.R. 7.1(A)(2) CERTIFICATION

Pursuant to L.R. 7.1(A)(2), the undersigned certifies that she conferred with counsel to resolve the issues in this Motion, but has been unable to do so.

## CERTIFICATE OF SERVICE

In accordance with L.R. 5.2(b) and Section E.2 of the Electronic Case Filing Administrative Procedures of the United States District Court for the District of Massachusetts, I, Mary O'Neil, hereby certify that on November 15, 2007, this Motion for Reconsideration was filed through the ECF system, and will be sent electronically to registered participants as identified in the Notice of Electronic Filing.

/s/ Mary O'Neil
Mary O'Neil, Assistant Attorney General
Government Bureau/Trial Division