UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KING DOWNING,<br>    Plaintiff<br><br>V.<br><br>MASSACHUSETTS PORT AUTHORITY,<br>THE MASSACHUSETTS DEPARTMENT<br>OF STATE POLICE, STATE POLICE TROOPER<br>THOMPSON, STATE POLICE SERGEANT<br>CROXTON, THOMAS G. ROBBINS, and<br>PETER J. DIDOMENICA,<br>    Defendants | )<br>)<br>)<br>)   C.A. No. 04-CV-12513-GAO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANT WILLIAM THOMPSON'S
MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE OF
THE BASS/PASS PROGRAM

Now comes William Thompson, the Defendant in the above-entitled matter, and respectfully requests this Honorable Court enter an Order in Limine precluding Plaintiff and his witnesses from seeking to introduce evidence of or otherwise referring to the Behavior Assessment Screening System and/or Passenger Assessment Screening System (hereinafter "BASS/PASS Program") in the upcoming trial of this matter.

As grounds for this Motion, Defendant states the following: After the terrorist attacks of September 11, 2001, Sergeant Peter DiDomenica of the MSP was asked by then Troop F Commander Thomas Robbins to train all the personnel assigned to Troop F in a behavioral assessment program designed to identify high-risk passengers. The purpose of this specialized training was to prevent another terrorist attack like 9/11 from occurring. *DiDomenica Tr., 14-15.* It has been Plaintiff's contention throughout the

litigation of the instant case, however, that the BASS/PASS Program condoned the use of racial and ethnic profiling by officers from the Massachusetts State Police in their dealings with persons at Logan International Airport and subjected persons to unconstitutional seizures.  Moreover, Plaintiff has suggested that Defendant Thompson utilized the Program during his encounter with Plaintiff at the Airport on October 16, 2003.  *See*, *e.g.*, Complaint, ¶¶ 10-13, 24-25, 35-38.   It is expected that at trial, Plaintiff will seek to introduce evidence of the existence of the BASS/PASS Program in order to prove or otherwise have the jurors draw an inference that:  1. the BASS/PASS Program does in fact promote the use of racial and ethnic profiling and 2. Defendant Thompson utilized the BASS/PASS Program as justification for conducting an unconstitutional stop of Plaintiff.

Plaintiff should be precluded from making any reference to the BASS/PASS Program as there simply is no evidence in the vast record before the Court either that the Program authorizes the use of racial profiling or that Defendant Thompson used any portion of the Program during his encounter with Plaintiff.  On the contrary, the undisputed evidence on the record states unequivocally that while all officers assigned to Troop F at Logan Airport were required to receive the PASS/BASS training, *DiDomenica Tr., 30-32,* Trooper Thompson did not utilize the BASS/PASS Program or otherwise engage in racial profiling during his encounter with Plaintiff.  *Thompson Tr.*, 41-42, 94.  More importantly, however, Plaintiff himself testified at his deposition that he does not know whether Trooper Thompson used his BASS/PASS training on that morning nor has he been able to offer any evidence to support his theory.  *Downing Tr.*, 100-101.  Short of being able to offer anything more than bald conclusions to the

contrary, there simply is no evidence to support Plaintiff's contention that the BASS/PASS Program authorized or otherwise condoned the use of racial and/or ethnic profiling or that Trooper Thompson utilized the BASS/PASS Program or engaged in racial profiling during his encounter with Plaintiff.

Where there exists no evidence that the BASS/PASS Program authorized racial and/or ethnic profiling or that Defendant Thompson either used the Program or engaged in racial and/or ethnic profiling with Plaintiff, any evidence concerning the Program is irrelevant and would only serve to confuse the jury and thus prejudice Defendant Thompson from receiving a fair determination of the true issues in this case.

WHEREFORE, Defendant Thompson respectfully request that this Honorable Court exercise its discretion and enter an order in limine precluding the Plaintiff and his witnesses from offering any evidence concerning the BASS/PASS programs.

> Respectfully submitted,
> For Defendant William Thompson,
> By his attorneys,
>
> RAFANELLI & KITTREDGE, P.C.
>
> /s/ Suzanne T. Caravaggio
> Joseph P. Kittredge, BBO #548841
> Suzanne T. Caravaggio, BBO #634175
> One Keefe Road
> Acton, MA 01720
> (978) 369-6001

CERTIFICATE OF SERVICE

      I hereby certify that on this date this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as of November 21, 2007.

Date: 11/21/07                              /s/ Suzanne T. Caravaggio
                                          Suzanne T. Caravaggio