**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| KING DOWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MASSACHUSETTS PORT AUTHORITY, THE ) | Civil Action No. 04-12513-RBC |
| MASSACHUSETTS DEPARTMENT OF STATE ) | |
| POLICE, STATE POLICE TROOPER ) | |
| THOMPSON, STATE POLICE SERGEANT ) | |
| CROXTON, THOMAS G. ROBBINS, and ) | |
| PETER J. DIDOMENICA, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MASSACHUSETTS PORT AUTHORITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE CERTAIN REDACTED MATERIALS AND, IN THE ALTERNATIVE, FOR LEAVE TO INTRODUCE THE UNREDACTED VERSION OF THOSE MATERIALS AND FOR A LIMITING INSTRUCTION**

Defendant Massachusetts Port Authority ("Massport") requests that the Court exclude from evidence two redacted power point slides entitled "Racial Profiling" (collectively, "the slides"). Any probative value of the slides in redacted form is outweighed by their prejudicial nature, and, accordingly, they should be excluded pursuant to Fed. R. Evid. 403.

Plaintiff seeks to introduce during trial portions of a slide presentation containing training materials for the behavioral assessment screening system ("the B.A.S.S. program") – a program he alleges condones racial profiling and resulted in an unconstitutional seizure of him by police at Logan Airport. The slides at issue are both entitled "Racial Profiling," and are attached hereto

as Exhibit A.[1]  Portions of the slides have been redacted by the Transportation Safety Administration ("TSA") because TSA has concluded that they contain Sensitive Security Information ("SSI") that is protected from disclosure and can only be produced in redacted form pursuant to 49 C.F.R. § 1520.  *See generally* 49. C.F. R. § 1520.1-.19; *see also id*. at § 1520.5(a)(3) (noting that the disclosure of SSI would, among other things "[b]e detrimental to the security of transportation").

**I.     THE SLIDES SHOULD BE EXCLUDED FROM EVIDENCE BECAUSE NEITHER PLAINTIFF NOR THE JURY SHOULD BE PERMITTED TO DRAW A NEGATIVE INFERENCE FROM THE REDACTIONS**

The redacted slides should be excluded from evidence in their entirety because they are prejudicial to Defendants given the inference Plaintiff intends to seek based upon the redactions. *See* Fed. R. Evid. 403 ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..."). Plaintiff (as he did in his Opposition to the various summary judgment motions) intends to rely upon the redactions contained in the slides to draw an inference that the B.A.S.S. program permits and condones racial profiling.  *See* Pl.'s Opp. to Defs.' S.J. Mots. at 3-4.  However, neither Plaintiff nor the jury can speculate about what underlies the redactions.  *See Cerqueira v. Am. Airlines, Inc.*, 484 F.Supp.2d 232, 235 (D. Mass 2007) (barring reference to material that was withheld from production as SSI unless fully revealed and subject to complete cross examination); *see also Kimball v. St. Louis Metro. Police Dep't*, 2006 WL 1994892, at *3 (E.D. Mo. July 14, 2006) (granting motion to strike proposed exhibit containing redacted material which movant argued "would leave the jury to speculate about the 'blacked-out' portions"). Here, where Massport did not make the redactions to the slides, but where it is nonetheless

---

[1] The slides at issue appear at the bottom of document MPSSI00052.  The slides at the top of the document are not subject to this Motion.

bound to respect the TSA redactions, Plaintiff should not be permitted to rely on them to draw the negative inference that the B.A.S.S. program permits or condones racial profiling. At best, all that Plaintiff or the jury can infer from the context is that the slides somehow relate to racial profiling, and that SSI material has been redacted from them. Whether the redacted language supports a conclusion that the B.A.S.S. program permits or prohibits racial profiling cannot be determined from the context of the unredacted portion of the slides.

In fact, relying upon the redacted slides to infer that racial profiling is condoned by the B.A.S.S. program is particularly inappropriate here, as other slides that are part of the same training materials expressly state that "Racial profiling practices are contrary to the fundamental values of our nation and serve to disenfranchise whole segments of our population," as recognized by Plaintiff. *See* Pl.'s Opp. to Defs.' S.J. Mots. at 3. Moreover, where no other evidence exists from which a jury could conclude that the B.A.S.S. program permits or condones racial profiling, it is impermissible to allow Plaintiff to rely upon the redacted slides to satisfy his burden of proof. *See* Massport's Memo. of Law in Support of its S.J. Mot. at 9-10.[2] To hold otherwise would unduly prejudice Defendants, and would permit the jury to read into the redactions something that is not there.

The historical events of this case further support the exclusion of the redacted slides. In 2004, Massport sent documents otherwise responsive to Plaintiff's requests for production to TSA, so that TSA could determine whether the documents contained SSI. As a result, TSA

---

[2] Even if evidence exists from which the jury could conclude that the B.A.S.S. program may have been the basis for the encounter between Plaintiff and the police, there is no admissible evidence from which the jury could conclude that the B.A.S.S. program condones racial profiling, *see* Downing Depo. Tr. at 100:7-101:8 (stating that he does not know whether the B.A.S.S. program condones racial profiling), previously provided, attached to Tenn. Aff. at Ex. A, March 1, 2007; *see also* DiDomenica Depo. Tr. at 39:16-23 (stating that the decision to approach a person under B.A.S.S. is no way based upon race and that race cannot be considered), previously provided, attached to Tenn. Aff. at Ex. F, March 1, 2007.

redacted substantial portions of various documents, including the slides at issue, which TSA redacted in their entirety but for the caption "Racial Profiling." Massport subsequently requested that TSA reconsider certain redactions made during the review process, which TSA did. As a result, some redactions, including redactions made to the slides, were removed so that additional information could be viewed. Massport alone initiated a further review of the documents so that more information could come to light. Plaintiff did not seek reconsideration and should not be permitted to use the redactions now to his tactical advantage. Furthermore, the Department of Homeland Security Appropriations Act of 2007 creates a procedure by which Plaintiff could have petitioned the Court for review of the unredacted versions of the slides prior to trial. *See* 2006 H.R. 5441; PL 109-295, § 525(d); 120 Stat. 1355, 1381-82 (Oct. 4, 2006). That Act provides that:

> [I]n civil proceedings in the United States District Courts, where a party seeking access to SSI demonstrates that the party has substantial need of relevant SSI in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the information by other means, the party or the party's counsel shall be designated as a covered person under 49 C.F.R. Part 1520.7 in order to have access to the SSI at issue in the case, provided that the overseeing judge enters an order that protects the SSI from unauthorized or unnecessary disclosure and specifies the terms and conditions of access. . . .

Plaintiff never took advantage of that procedure. Having failed to seek access to the substance of the redacted text, Plaintiff should not be permitted to rely upon the redactions now to create a negative inference concerning their substance.

II.  **ALTERNATIVELY, MASSPORT SHOULD BE ALLOWED TO INTRODUCE THE UNREDACTED VERSION OF THE SLIDES INTO EVIDENCE**

In the event the Court permits the introduction of the redacted slides, Massport respectfully requests that it be permitted to introduce the unredacted version of the slides into

evidence pursuant to the Department of Homeland Security Appropriations Act, *see* 2006 H.R. 5441; PL 109-295, § 525(d); 120 Stat. 1355, 1381-82 (Oct. 4, 2006), to eliminate the substantial risk that the jury will draw an impressible negative inference from the redactions or otherwise improperly speculate about the substance of the redacted material.  In conjunction with this Motion, Massport has sought, yet again, permission from TSA to disclose the full content of the slides.

In any event, Massport respectfully requests that the Court provide the jury with a limiting instruction that makes clear that TSA made the redactions to documents (including, but not limited to, the foregoing slides) in this case, not any of the Defendants, and that the jurors should not speculate about the contents of any redacted materials.  *See United States v. Fink*, 2001 WL 34008506, at *4 (N.D. Iowa Oct. 18, 2001) (holding that prosecutor could not ask FBI agent whether portions of a transcript that had been redacted were exculpatory and stating that "[t]o the extent the Government believes that the jury should be advised that they should not speculate about the contents of the redacted portion of an exhibit [or conclude that it contained exculpatory material], the appropriate way to handle that matter is to ask the Court to give an instruction").  Massport specifically requests that the Court instruct the jury that:  1) TSA, not Massport, made the redactions to the documents in this case; 2) redacted material is deemed by TSA to contain SSI that is protected from disclosure pursuant to federal law; 3) Massport is bound by TSA's determination of what constitutes SSI and what material should be redacted; and 4) the jury should not speculate about the contents of any redacted material.

## **CONCLUSION**

For the reasons set forth above, Massport respectfully requests that its Motion *In Limine* To Exclude Certain Redacted Materials And, In The Alternative, For Leave To Introduce The Unredacted Version Of Those Materials And For A Limiting Instruction should be granted.[3]

Date:   November 21, 2007

Respectfully submitted,

MASSACHUSETTS PORT AUTHORITY

By its attorneys,

/s/ Annmarie A. Tenn
Roscoe Trimmier, Jr.  (BBO #502506)
Annmarie A. Tenn (BBO #658789)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000
roscoe.trimmier@ropesgray.com
annmarie.tenn@ropesgray.com

---

[3] Massport's Proposed Order is attached hereto as Exhibit B.

**CERTIFICATE OF SERVICE**

In accordance with L.R. 5.2(b) and Section E.2 of the Electronic Case Filing Administrative Procedures of the United States District Court for the District of Massachusetts, I, Annmarie A. Tenn, hereby certify that on November 21, 2007, the within Memorandum Of Law filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing.

/s/ Annmarie A. Tenn
Annmarie A. Tenn

**EXHIBIT A**

SENSITIVE SECURITY INFORMATION
FOR LAW ENFORCEMENT USE ONLY






**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KING DOWNING,<br><br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY, THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SERGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-12513-RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PROPOSED ORDER**

It is hereby Ordered that Defendant Massachusetts Port Authority's Motion *In Limine* seeking, as alternative relief, leave to introduce unredacted versions of two redacted slides is granted pursuant to the Department of Homeland Security Appropriations Act of 2007, 2006 H.R. 5441; PL 109-295, § 525(d); 120 Stat. 1355, 1381-82 (Oct. 4, 2006).

                    _____
                     ROBERT B. COLLINGS
                     United States Magistrate Judge