# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MASSACHUSETTS PORT AUTHORITY, THE ) | Civil Action No. 04-12513-RBC |
| MASSACHUSETTS DEPARTMENT OF STATE ) | |
| POLICE, STATE POLICE TROOPER ) | |
| THOMPSON, STATE POLICE SERGEANT ) | |
| CROXTON, THOMAS G. ROBBINS, and ) | |
| PETER J. DIDOMENICA, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MASSACHUSETTS PORT AUTHORITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE TESTIMONY CONCERNING THE QUANTIFICATION OF DAMAGES**

Defendant Massachusetts Port Authority ("Massport") requests that the Court exclude any testimony by Plaintiff King Downing concerning damages or the quantification of damages allegedly suffered by him should proof of the allegations in his Complaint result in liability.

**HAVING FAILED TO PRESENT ANY EVIDENCE OF THE VALUE OF HIS ALLEGED DAMAGES DURING DISCOVERY, PLAINTIFF CANNOT NOW TESTIFY TO ANY MONETARY DAMAGES ALLEGEDLY SUFFERED**

Throughout the duration of this case, Plaintiff has failed to present any evidence concerning the value of his alleged damages. At the outset of the litigation, Plaintiff maintained that he was not able to quantify the damages he allegedly suffered. As stated in his Automatic Discovery Disclosures, "[a] 'computation' of damages within the meaning of Fed. R. Civ. P. 26(a)(1)(C) is not possible in this case because this case involved the violation of plaintiff's constitutional right to be secure in his person and property. The actions of the defendants in

stopping the plaintiff absent any reasonable suspicion of criminal activity, detaining him against his will, and forcing him to provide the police with identification and travel documents, resulted in plaintiff suffering public humiliation, embarrassment and delay." *See* Pl.'s Automatic Discovery Disclosures at 3. That disclosure has never been updated. *See* Fed. R. Civ. P. 26(3) (noting that parties have a continuing obligation to update automatic disclosures made pursuant to Fed. R. Civ. P. 26(a)). Moreover, during discovery, Plaintiff presented no evidence – by way of documents or expert testimony – from which to calculate any damages that may exist.

## **CONCLUSION**

For the reasons set forth above, Massport respectfully requests that its Motion *In Limine* To Exclude Testimony Concerning The Quantification Of Damages should be granted.

Date:   November 21, 2007                 Respectfully submitted,

                                          MASSACHUSETTS PORT AUTHORITY

                                          By its attorneys,

                                          /s/ Annmarie A. Tenn
                                          Roscoe Trimmier, Jr.  (BBO #502506)
                                          Annmarie A. Tenn (BBO #658789)
                                          Ropes & Gray LLP
                                          One International Place
                                          Boston, Massachusetts 02110
                                          (617) 951-7000
                                          roscoe.trimmier@ropesgray.com
                                          annmarie.tenn@ropesgray.com

## CERTIFICATE OF SERVICE

In accordance with L.R. 5.2(b) and Section E.2 of the Electronic Case Filing Administrative Procedures of the United States District Court for the District of Massachusetts, I, Annmarie A. Tenn, hereby certify that on November 21, 2007, the within Memorandum Of Law filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing.

/s/ Annmarie A. Tenn
Annmarie A. Tenn