UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE<br>MASSACHUSETTS DEPARTMENT OF STATE<br>POLICE, STATE POLICE TROOPER<br>THOMPSON, STATE POLICE SERGEANT<br>CROXTON, THOMAS G. ROBBINS, and<br>PETER J. DIDOMENICA,<br>　　　　Defendants. | Civil Action No. 04-12513-RBC |

PLAINTIFF'S MOTION FOR
INDIVIDUAL VOIR DIRE OF PROSPECTIVE JURORS

　　　Plaintiff King Downing moves the Court to allow limited attorney-conducted voir dire, or voir dire posed by the Court, of each juror individually and outside the presence of other persons called as jurors as provided by Fed. R. Civ. P. 47(a).  Alternatively, Mr. Downing requests the Court to pose specific questions to the entire venire with follow-up questions to individual jurors who indicate possible bias.   Mr. Downing also requests the Court to give the attached questionnaire to the venire.

　　　As discussed more fully below, a number of issues in this case necessitate individual voir dire of potential jurors to ensure that Mr. Downing is afforded a fair trial.

Relevant Facts

　　　This is a civil rights action in which Mr. Downing is seeking a declaratory judgment and monetary damages from the Massachusetts Port Authority ("Massport"), the Massachusetts Department of State of Police, and individual State Police employees for violation of his rights

under the Fourth and Fourteenth Amendments to be free from unreasonable search and seizure. Mr. Downing has alleged that on October 16, 2003, he was unlawfully detained by State Police troopers at Logan Airport and required, under threat of arrest and prosecution, to produce identification and travel documents. Mr. Downing alleges that his unlawful stop, questioning, arrest and temporary detention were carried out pursuant to the policy and practice established by Massport and the Massachusetts State Police directing law enforcement officials at Logan to question and remove from the airport persons who meet particular "behavioral" profiles notwithstanding the absence of reasonable suspicion to believe the person engaged in any wrongdoing.

<u>Individual Voir Dire</u>

Mr. Downing requests the Court to permit his counsel to conduct individual voir dire of the potential jurors, or requests the Court to question potential jurors outside the presence of the rest of the venire. Fed. R. Civ. P. 47(a) provides as follows:

> The court may permit the parties or their attorneys to conduct examination of prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions of the parties or their attorneys as it deems proper.

Given the highly sensitive and potentially controversial issues in this case, individual voir dire is appropriate. Individual questioning of prospective jurors is far more likely to evoke full and accurate answers to questions on these sensitive issues or to exposes any juror bias than is collective questioning of the entire venire. "Concealment of possible bias during voir dire can be sufficient to impair a party's right to exercise peremptory challenges as noted by the Sixth Circuit, '[T]he Constitution guarantees litigants in a civil case a fair and impartial tribunal, free

2

from actual bias or prejudice.'" Jimenez v. Heyliger, 792 F. Supp. 910, 918 (D.P.R. 1992), quoting McCoy v. Goldston, 652 F.2d 654, 659 (6th Cir. 1981). The court should permit potential jurors to be examined individually both to ensure that no juror is affected by bias, prejudice or interest, and to ensure that the parties may intelligently exercise their right to preemptory challenges.

Specifically, Mr. Downing requests individual voir dire in the following areas:

1. American Civil Liberties Union ("ACLU")

Mr. Downing is the National Coordinator of the ACLU's Campaign against Racial Profiling. One of his attorneys, John Reinstein, is employed as counsel for the ACLU of Massachusetts. It will be important to know whether jurors' attitudes or preconceptions about the ACLU will distract or prevent them from fairly considering the evidence in the case.

2. Law Enforcement Witnesses

This case will involve the conduct of State Police officers. Most of the witnesses will be State Police officers. The case will therefore require jurors who can carefully and critically evaluate the testimony of law enforcement witnesses. It will be important to know if potential jurors harbor preconceived opinions about the credibility of law enforcement officers.

3. Racial Bias and Racial Profiling

Mr. Downing is an African-American male. He has made allegations of racial profiling. A number of the responding police officers are also African-American. It will be important to know whether potential jurors harbor any prejudice or bias when it comes to people of color; or if they believe people of color are more likely to act in a particular way, or act toward another African-American male in a particular way. It is also important to know potential jurors'

attitudes towards racial profiling and whether they believe it is appropriate or effective in criminal investigation or as a tool for crime prevention.

    4.    <u>Pretrial Publicity</u>

The adoption of the behavioral profiling program at Logan Airport received a considerable amount of publicity when it was first launched. In addition, the filing of this case received considerable publicity because it challenged that behavioral profiling policy. It will be important in selecting a jury to determine if the prospective jurors have had contact with the pretrial publicity directly or indirectly associated with this case.

Alternative Court-Conducted Voir Dire Questions

If the Court is unwilling to permit individual attorney-conducted or Court-conducted voir dire, Mr. Downing requests the Court to have the venire complete the questionnaire attached hereto before jury selection so that the questionnaires may be available to the lawyers for purposes of jury selection; and to ask the following questions of the venire as a whole, with individual voir dire of jurors who exhibit a substantive response to particular questions:

A.    <u>The Parties</u>

    1.    The plaintiff is King Downing. Do you know or have you heard of King Downing?

    2.    The plaintiff is represented by attorney Peter Krupp of the law firm of Lurie & Krupp; and John Reinstein, a lawyer in Boston. Do you know or have you heard of Mr. Krupp, the law firm of Lurie & Krupp, or Mr. Reinstein?

    3.    Defendant Massport is represented by attorneys Roscoe Trimmier, Jr. and Annmarie Tenn, both of the law firm of Ropes & Gray. Do you know or have you heard of Mr. Trimmier, Ms. Tenn or the law firm of Ropes & Gray?

      4.      Defendant Massachusetts State Police, Thomas G. Robbins and Peter J. DiDomenica are represented by attorney Mary O'Neil of the Massachusetts Attorney General's Office. Do you know or have you heard of Ms. O'Neil or have you had any contact with the Massachusetts Attorney General's Office?

      5.      Defendant William Thompson is represented by attorney Joseph Kittridge of the law firm of Rafanelli & Kittredge. Do you know or have you heard of Mr. Kittredge or the law firm of Rafanelli & Kittredge?

B.    <u>The Witnesses</u>

      1.      The witnesses who may testify in this case may include [   ]. Do you know any of these potential witnesses?

C.    <u>News Media</u>

      1.      What newspapers do you regularly read?

      2.      How often do you read them?

      3.      Do you regularly watch any television programs with law or law enforcement related themes?

      4.      Do you think you may have seen any newspaper articles or televised news coverage about this case?

      5.      Do you think you may have seen any newspaper articles or televised news coverage about the behavioral profiling policy at Logan Airport?

D.     Law Enforcement/Massport

     1.     Have you, anyone in your immediate family or any of your close friends worked for a law enforcement agency (local, municipal, state or federal)?

          a.     If so, for what law enforcement agency?

          b.     When was this?

          c.     Have you discussed this law enforcement work with them or others?

          d.     Would their (or your) employment by this agency cause you to believe the testimony of a police officer or other law enforcement officer more or less than that of a civilian?

     2.     Have you, anyone in your immediate family or any of your close friends worked for the Massachusetts Port Authority ("Massport")?

          a.     If so, in what capacity?

          b.     When was this?

          c.     Have you discussed this work with them or others?

          d.     Would their (or your) employment by this agency cause you to believe the testimony of a Massport employee more or less than that of a civilian?

     3.     Do you have any sympathies with or hostilities toward law enforcement officials that would make it difficult for you to be completely neutral in deciding whether the testimony of law enforcement personnel is truthful and worthy of belief?

     4.     If the testimony of law enforcement personnel conflicts with the testimony of civilian witnesses in this case, would you be inclined to give more weight to the law enforcement officials' testimony? Do you feel for any reason that a police officer's testimony would be, in general, more or less believable than testimony of civilian witnesses?

      5.      Are you more or less likely to believe a police officer because he is a police officer?

E.      <u>The ACLU</u>

      1.      Have you heard of the American Civil Liberties Union, also known by its initials, the ACLU?

      2.      Have you or anyone in your immediate family ever worked for the ACLU?

      3.      (If the answer is yes) When was this?

      4.      What kind of job did you hold?

      5.      Why did you leave your job?

      6.      Do you have any opinions about the ACLU or its work that would make it difficult for you to be completely neutral reaching a decision in this case?

F.      <u>Racial Bias and Racial Profiling</u>

      1.      Do you have any prejudice or bias when it comes to people of color?

      2.      Will you be influenced in any way by Mr. Downing's race, or the race of other witnesses?

      3.      Would the fact that Mr. Downing is black make it more or less difficult for you to decide in his favor than if he were white?

      4.      Do you believe it is appropriate for law enforcement to consider a person's race, ethnicity or national origin in a criminal investigation?

G.      <u>Previous Jury Experience</u>

      1.      Have you served on a jury before?

      2.      Was it a jury in a criminal or civil case?

    3.    Was there anything about your prior service that you intend to apply or will apply to your present service, if you are chosen to sit on this jury?

H.    <u>General</u>

    1.    Are there any reasons that you might not be able to be a completely fair and impartial juror in this case?

Conclusion

For these reasons, Mr. Downing requests that the Court permit attorney-conducted voir dire, or that the Court conduct voir dire, of potential jurors on certain issues of sensitivity in this case. Moreover, Mr. Downing requests the Court to have the venire complete the attached questionnaire, which should serve to expedite the jury selection in this case. If the Court finds that individual voir dire of potential jurors is not warranted, Mr. Downing requests that the Court ask the questions set out above to the entire venire, with follow-up questions as needed to individual jurors.

KING DOWNING
By his attorneys,

/ S /  Peter B. Krupp

Dated: November 28, 2007

Peter B. Krupp
  BBO #548112
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Tel: (617) 367-1970

John Reinstein
  BBO # 416120
American Civil Liberties Union of Massachusetts
211 Congress Street, 3rd Floor
Boston, MA 02110
Tel: (617) 482-3170

## CERTIFICATE OF CONSULTATION

I, Peter B. Krupp, certify that I have consulted with opposing counsel and they have not assented to this motion.

/ S /  Peter B. Krupp

Peter B. Krupp

## CERTIFICATE OF SERVICE

I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 28, 2007.

/ S / Peter B. Krupp

Peter B. Krupp

Juror Number_____

GENERAL INSTRUCTIONS FOR COMPLETING QUESTIONNAIRE

This questionnaire will aid jury selection in the case <u>King Downing v. Massachusetts Port Authority, et al.</u>  Please answer all questions below completely and truthfully.  There are no right or wrong answers to these questions.  Your answers will be used only for the purpose of selecting the jury in this case.  If you have any difficulty answering any question, do not hesitate to consult the Court before answering that particular question.

Please keep in mind that you are answering these questions under oath and must be truthful.

NAME: _____

CITY/TOWN OF RESIDENCE: _____

1. How long have you lived at your current address?_____

2. Where have you lived in the last 10 years?

   _____

   _____

3. How long have you lived in Massachusetts?_____

4. What is your marital status (check one)?

   ☐ single
   ☐ married
   ☐ divorced
   ☐ other and explain _____

5. If married, please list your spouse's full name, occupation and prior occupations:

   _____

   _____

6. Do you have any children?

   ___Yes   ___No

   If yes, please state the number of children, each child's age, and whether or not the child resides with you:

   _____

   _____

7. What is your occupation or profession?  If retired, what was your occupation or profession?

   _____

8. Have you ever had a different occupation or profession?

   ___Yes   ___No

   If yes, what was it?

   _____

9. How far did you go in school? _____

10. Have you (or your spouse) ever served in the military?  If so, when and in what branch?

    _____

    _____

11. Have you ever served on a jury before?  If so, please state when and for what type of case:

_____

_____

12. Do you subscribe to any newspapers, magazines or periodicals?  If so, which ones?

_____

_____

13. Do you read any newspapers, magazines or periodicals regularly?  If so, which ones?

_____

_____

14. Do you watch television or cable newscasts regularly?  If so, which ones?

_____

_____

15. Have you had reason to use Logan International Airport in Boston in the last five years?  If so, please explain:

_____

_____

16. Have you, your spouse, a relative, or a close friend ever had any training, experience, or employment in law, legal procedures, criminal justice, or criminal investigation?

   ___Yes   ___No

   If yes, please describe:

   _____

_____

17. Have you, your spouse, a relative, or a close friend ever sought employment from, or been employed by, any federal, state or local law enforcement or military agency?

___Yes ___No

If yes, please describe:

_____

_____

18.  Are you aware of any prejudice which you might have for or against a witness or other individual in this case where that witness or individual is shown to be a law enforcement officer?

  ___Yes   ___No

19.  Have you, or any member of your immediate family, or anyone with whom you are close:

  (A)  ever answered charges (other than for an alleged moving traffic violation) in a criminal proceeding?

  (B)  ever filed a lawsuit or claim of any kind against any police or other law enforcement officer?

  (C)  ever engaged in litigation with the federal government, that is, ever filed a claim or lawsuit against the United States or any of its agencies, or answered some claim made against you by the federal government?

___Yes   ___No

If yes, please explain:

_____

_____

20. King Downing, the plaintiff in this case, claims that on October 16, 2003, he was approached in the public area of Logan Airport by Massachusetts State Police Trooper William Thompson and ultimately compelled to hand over his identification and travel document.  He claims that this was done in compliance with a policy adopted by Massport and the State Police and in violation of his constitutional rights.  Have you heard or read anything about this case?

   ___Yes   ___No

21. Have you heard or read anything about the adoption of any policies at Logan Airport to increase security?

   ___Yes   ___No

22. What are your feelings about improving airport security if it results in a decrease in civil rights?

   _____
   _____

23. Do you believe a police officer is more or less likely to tell the truth than an ordinary citizen (check one)?

   ☐   more likely
   ☐   less likely
   ☐   just as likely

24. Are there any reasons that you might not be able to be a fair and impartial juror in this case? If so, please explain:

_____

_____


The answers that I have given are true and correct to the best of my knowledge.

_____<br>Juror Signature