UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>   Plaintiff,<br><br>  v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SERGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA,<br>   Defendants. | Civil Action No. 04-12513-RBC |

PLAINTIFF'S CONSOLIDATED OPPOSITION TO
MASSPORT'S AND ROBBINS' MOTIONS FOR RECONSIDERATION
OF DENIAL OF THEIR MOTIONS FOR SUMMARY JUDGMENT

Plaintiff, King Downing, hereby opposes Defendant Massachusetts Port Authority's Motion for Reconsideration or, in the Alternative, for Clarification (Docket #69) and Defendant Thomas Robbins's Motion for Reconsideration (Docket #71).[1]

Both motions for reconsideration are based on disputed facts about the role the Behavior Assessment Screening System ("BASS") program played in the confrontation with and stop of Mr. Downing on October 16, 2003. Both motions are predicated on the argument that BASS played no role in the encounter. See Massport's Mem. at 2 ("Downing has produced no evidence -- only mere speculation -- that the B.A.S.S. program was the impetus for his encounter with police"), 3-4 (same); Robbins' Mem. at 2 ("the record is bare of any evidence that the B.A.S.S.

---

[1] In this opposition, Defendant Massachusetts Port Authority's Memorandum of Law in Support of its Motion for Reconsideration or, in the Alternative, for Clarification (Docket #70) is cited as "Massport's Mem."; and the Memorandum in Support of Defendant Thomas G. Robbins's Motion for Reconsideration (Docket #72) is cited as "Robbins' Mem."

program was even used in Downing's encounter"). In fact, as described in Mr. Downing's consolidated opposition to the various summary judgment motions, there was ample circumstantial evidence from which a jury could conclude that BASS played a role in the stop of Mr. Downing. See Plaintiff's Consolidated Opposition to Defendants' Motions for Summary Judgment ("Opp.") (Docket #58) at 2-4, 14-15; Statement of Material Disputes of Fact and Consolidated Response to Defendants' Statements of Undisputed Facts ("Downing Statement") (Docket #59) at 4-6.

Alternatively, Massport and Robbins move for reconsideration because they claim that there is no evidence that the BASS program is unconstitutional on its face, Massport's Mem. at 2, 4, or that Robbins played a role in adopting BASS. Robbins' Mem. at 2-3. In fact, as the Court found, "a jury could conclude that coercion, not voluntary compliance, most accurately describes" Downing's encounter with the police despite the absence of "either reasonable suspicion or probable cause" and, if the jury were to so find, "there is sufficient circumstantial evidence upon which a jury could find that the existence of the B.A.S.S. program and the fact that Thompson and Croxton were trained in it were a proximate cause of the deprivation." Docket Order (Nov. 7, 2007). See also Opp. at 14-15. Moreover, there are facts suggesting that Robbins actively participated in the decision to implement the BASS program at Logan Airport and to train all Massachusetts State Police officers assigned to Logan Airport in the program starting in the spring of 2003. Downing Statement at 4.

Finally, the Court should reject Massport's request that the Court render an advisory opinion about what matters are at issue at trial. See Massport's Mem. at 5 (requesting the Court to "clarify its Order and identity the genuine issues of material fact that it believes are in dispute concerning Massport's role in the instant action"). The scope of this case as against Massport --

and any of the other defendants -- is defined by the Complaint.  The Court has properly rejected the defendants' various motions for summary judgment.  The claims should now be tried.  The Court cannot and should not give an advisory opinion about the issues to be tried, or otherwise circumscribe the evidence.  All of the issues presented in the case remain to be tried.

For these reasons, as more fully set out in Plaintiff's Consolidated Opposition to Defendants' Motions for Summary Judgment (Docket #58), the Court should deny both of the motions for reconsideration.

KING DOWNING
By his attorneys,

/ S /  Peter B. Krupp

Dated:  November 28, 2007

Peter B. Krupp
  BBO #548112
Lurie & Krupp, LLP
One McKinley Square
Boston, MA  02109
Tel:  (617) 367-1970

John Reinstein
  BBO # 416120
American Civil Liberties Union of Massachusetts
211 Congress Street, 3rd Floor
Boston, MA  02110
Tel:  (617) 482-3170

CERTIFICATE OF SERVICE

I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 28, 2007.

/ S / Peter B. Krupp

Peter B. Krupp