UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KING DOWNING,<br>        Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SERGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-12513-RBC |

PLAINTIFF'S OPPOSITION TO
MOTION TO BIFURCATE THE TRIAL

      Plaintiff, King Downing, hereby opposes the Massachusetts State Police, Colonel Robbins, and Sergeant DiDomenica's Motion to Bifurcate the Trial (Docket #83). In opposition to this motion, Mr. Downing states as follows:

      The evidence in this case is likely to last 2-3 days and consist of about 7-8 witnesses. Despite the brevity of the trial, the Massachusetts State Police and the supervisory State Police employees seek to bifurcate the case so that the determination is first made as to whether the Behavior Assessment Screening System ("BASS") program played a role in the police encounter with Mr. Downing. To be sure, whether the BASS program played a role is a relevant factual determination for the jury, as are a number of other elements, but it makes no sense to bifurcate the trial to try that single element before another.

      The State Police's motion notably does not describe how bifurcating the issue of BASS' role would save any judicial resources, or what that issue would be bifurcated from. In fact, the

evidence and witnesses that relate to whether BASS was used (that is, among other things, what happened on October 16, 2003, what BASS requires, and how State Police employees were trained in the use of BASS) are all the same as would relate to other issues in the case, including what the requirements of the BASS program are (i.e. for example, do they violate the Fourth or Fourteenth Amendments), and how the police implemented that policy by approaching and stopping Mr. Downing, making sure he left the airport, and then still demanding to see his identification and travel documents.

     Far from saving judicial resources, bifurcation would confuse the jury and, to the extent it affected the presentation of evidence, would require the wholesale recall of witnesses and resubmission of related issues to the jury.  Such a procedure would prolong the trial unnecessarily.  Moreover, any concern about whether the jury will decide if BASS played a role in the police encounter with Mr. Downing can be addressed in the jury instructions or verdict form.

For these reasons, the Court should deny the Massachusetts State Police, Colonel Robbins, and Sergeant DiDomenica's Motion to Bifurcate the Trial.

|  |  |
|---|---|
|  | KING DOWNING<br>By his attorneys,<br><br>/ S / Peter B. Krupp |
| Dated: November 28, 2007 | Peter B. Krupp<br>  BBO #548112<br>Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA 02109<br>Tel: (617) 367-1970<br><br>John Reinstein<br>  BBO # 416120<br>American Civil Liberties Union of Massachusetts<br>211 Congress Street, 3rd Floor<br>Boston, MA 02110<br>Tel: (617) 482-3170 |

## CERTIFICATE OF SERVICE

I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 28, 2007.

/ S / Peter B. Krupp

Peter B. Krupp