UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>            Plaintiff,<br><br>      v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE<br>MASSACHUSETTS DEPARTMENT OF STATE<br>POLICE, STATE POLICE TROOPER<br>THOMPSON, STATE POLICE SERGEANT<br>CROXTON, THOMAS G. ROBBINS, and<br>PETER J. DIDOMENICA,<br>            Defendants. | Civil Action No. 04-12513-RBC |

PLAINTIFF'S OPPOSITION TO MOTIONS TO EXCLUDE
TESTIMONY REGARDING BASS/PASS PROGRAM

Plaintiff, King Downing, hereby opposes the two related motions seeking to bar testimony about the Behavior Assessment Screening System ("BASS") program, which are entitled Defendant William Thompson's Motion in Limine to Preclude the Introduction of Evidence of the BASS/PASS Program (Docket #75), and Defendants Massachusetts State Police, Colonel Robbins, and Sergeant DiDomenica's Motion in Limine to Exclude Testimony Concerning the BASS Program (Docket #86). In opposition to this motion, Mr. Downing relies on Plaintiff's Consolidated Opposition to Massport's and Robbins' Motions for Reconsideration of Denial of Their Motions for Summary Judgment, and further states as follows:

Both motions for reconsideration are based on disputed facts about the role the BASS program played in the confrontation with and stop of Mr. Downing on October 16, 2003. Both motions are predicated on the argument that BASS played no role in the encounter. In fact, as described in Mr. Downing's consolidated opposition to the various summary judgment motions,

there was ample circumstantial evidence from which a jury could conclude that BASS played a role in the stop of Mr. Downing.  See Plaintiff's Consolidated Opposition to Defendants' Motions for Summary Judgment ("Opp.") (Docket #58) at 2-4, 14-15; Statement of Material Disputes of Fact and Consolidated Response to Defendants' Statements of Undisputed Facts ("Downing Statement") (Docket #59) at 4-6.  It will be for the jury to decide if the BASS program played a role in the police interaction with Mr. Downing.  The jury plainly will have to look at the policy, and hear testimony about it, in order to make that determination.

For these reasons, the Court should deny Defendant William Thompson's Motion in Limine to Preclude the Introduction of Evidence of the BASS/PASS Program, and Defendants Massachusetts State Police, Colonel Robbins, and Sergeant DiDomenica's Motion in Limine to Exclude Testimony Concerning the BASS Program.

|  |  |
|---|---|
|  | KING DOWNING<br>By his attorneys,<br><br>/ S /  Peter B. Krupp |
| Dated:  November 28, 2007 | Peter B. Krupp<br>   BBO #548112<br>Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA  02109<br>Tel:  (617) 367-1970<br><br>John Reinstein<br>   BBO # 416120<br>American Civil Liberties Union of Massachusetts<br>211 Congress Street, 3rd Floor<br>Boston, MA  02110<br>Tel:  (617) 482-3170 |

## CERTIFICATE OF SERVICE

  I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 28, 2007.

                / S / Peter B. Krupp

                Peter B. Krupp