UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KING DOWNING, | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | C.A. No. 04-CV-12513-GAO |
| | ) | |
| MASSACHUSETTS PORT AUTHORITY, | ) | |
| THE MASSACHUSETTS DEPARTMENT | ) | |
| OF STATE POLICE, STATE POLICE TROOPER | ) | |
| THOMPSON, STATE POLICE SERGEANT | ) | |
| CROXTON, THOMAS G. ROBBINS, and | ) | |
| PETER J. DIDOMENICA, | ) | |
| Defendants | ) | |

## DEFENDANT WILLIAM THOMPSON'S PROPOSED JURY INSTRUCTIONS

Now comes William Thompson, the Defendant in the above-captioned matter, and pursuant to Rule 51 of the Federal Rules of Civil Procedure, respectfully requests that the following instructions be given to the jury. The Defendant further requests leave of this Court to submit appropriate amendments and supplements to this request.

Respectfully submitted
For Defendant William Thompson,
By his attorneys,

RAFANELLI & KITTREDGE, P.C.


 _/s/_ Suzanne T. Caravaggio_____
Joseph P. Kittredge, BBO #548841
Suzanne T. Caravaggio, BBO #634175
One Keefe Road
Acton, MA 01720
(978) 369-6001

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as of November 28, 2007.

Date: 11/28/07                              _/s/_ Suzanne T. Caravaggio_____
                                            Suzanne T. Caravaggio

Instruction No. 1

Evidence

You will decide what the facts are from the evidence which has been presented here in Court. That evidence has consisted of the testimony of witnesses, documents and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.    Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Instruction No. 2

Inferences

You are to consider only the evidence in this case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as you feel are justified in the light experience.

Inferences are conclusions which reason and common sense lead you to draw from facts which have been established by evidence in the case.  Federal Jury Practice and Instructions, Devitt, Blackmar & Wolf, section 11.00 and section 15.03.

<u>Instruction No. 3</u>

<u>Credibility of Witnesses</u>

In deciding whether or not you believe or do not believe any witness, you may ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell you the truth?   Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or evidence?  <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar & Wolf, section 71.03 at Supp. P. 173 (4th ed. 1987 and 1992 Supp.).

<u>Instruction No. 4</u>

<u>42 U.S.C. §1983</u>

The Plaintiff's claims are brought pursuant to the federal civil rights law: Section 1983. The United States Congress has passed various laws designed to protect the rights provided to each citizen by the Fourteenth Amendment. One of these, Section 1983 of Title 42 of the United States Code, provides a remedy for individuals who have been deprived of their <u>federal</u> constitutional rights by persons acting under color of state law. The Plaintiff claims that he was deprived of federal rights by the conduct or actions of the Defendant.

To prevail in a claim for relief under 42 U.S.C. § 1983, the Plaintiff must prove that the Defendant has violated a specific constitutional right of the Plaintiff. <u>Paul v. Davis</u>, 424 U.S. 693, 700 (1976). The burden of proof is on the Plaintiff for all of his claims.

Instruction No. 5

Color of State Law

The first element of the Plaintiff's §1983 claim is that the Defendant acted under the color of state law. I instruct you that the police officer whose conduct has been called into question in this case was acting under color of state law. In other words, the first statutory requirement is satisfied. Sand, <u>Modern Federal Jury Instructions</u>, ¶87.03 at instruction 87-70 (1990).

<u>Instruction No. 6</u>

<u>Loss of Federal Right</u>

The second element regarding the conduct of the police officer is a question of fact for you as jurors to decide.  In order for the Plaintiff to establish this second element of his §1983 claim, he must provide by a preponderance of the evidence that the police officer committed acts which caused the Plaintiff to suffer the loss of some federal right, and that in performing the acts alleged, the police officer acted intentionally or recklessly.  Sand, <u>Modern Federal Jury Instructions</u>, ¶87.03 at instruction 87-74 (1990).

Instruction No. 7

Intentional or Reckless Conduct

In examining the facts underlying each of the claims that federal rights were violated, I instruct you that a plaintiff must show that a federal right was denied due to action which was <u>intentional or reckless</u>.

An act is <u>intentional</u> if it is done knowingly, that is if it is done voluntarily and deliberately, and <u>not</u> because of mistake, accident, negligence or other innocent reason.

An act is <u>reckless</u> if it is done with the conscious, unjustified and unreasonable disregard of its known probable consequences.

In determining whether acts were intentional or reckless, you should remember that while witnesses may see and hear and be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. You must consider all the evidence, determine the facts, and then decide whether an act was intentional or reckless under the circumstances.

Even if you do find that a plaintiff was injured as a result of a police officer's actions, but you find only that the police officer's actions were <u>merely negligent</u>, you must return a verdict for the Defendant. An act is negligent if a police officer was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation. Sand <u>Modern Federal Jury Instructions</u>, ¶ 87.03 at instructions 87-75-78 (1990).

Instruction No. 8

Proximate Cause

Finally, the third element which Plaintiff must prove in order to establish a §1983 violation is that the illegal acts were a <u>proximate cause</u> of the injuries sustained by the Plaintiff.  Proximate cause means that there must be a sufficient connection between the act or omission of a police officer and any injury or damage sustained by a Plaintiff.  An injury or damage is proximately caused by an act or omission whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage.  Sand, <u>Modern Federal Jury Instructions</u>, ¶87.03 at instruction 87-79 (1990).

Instruction No. 9

Proximate Cause

In order to be the proximate cause of an injury, an act or omission must be the moving force which resulted in the injury or damage.  Bordanaro v. McLeod, 871 F.2d 1151, 1165-66 (1st Cir.1989).

Instruction No. 10

42 U.S.C. §1983

A number of police officers were present at various times in the incident involving Plaintiff. The Defendant is entitled to a fair consideration of his own defense, and not to be prejudiced by any belief, if you should so believe, that another officer violated the Plaintiff's rights. United States vs. Agueci, 310 F.2d 817, 829 (2nd Cir.1962), cert. den. 372 U.S. 959.

Instruction No. 11

Burden of Proof

For the Plaintiff to prevail, he must prove that he was deprived of a specific constitutional right without due process of law by the Defendant.  Graham v. Connor, _ U.S. ___, 109 S.Ct. 1865 (1989), Shillingsford vs. Holmes, 634 F.2d 263, 264 (5th Cir.1973). Specifically, the Plaintiff alleges that he was subjected to a stop without reasonable suspicion or a seizure without probable cause.  The burden of proof is on the Plaintiff for all of his claims.

Instruction No. 12

42 U.S.C. § 1983 – Fourth Amendment

Under the Fourth Amendment, individuals are afforded the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. Const.Amend. 4.  However, not every encounter between a citizen and a member of law enforcement rises to the level of a seizure under the Fourth Amendment.  United States v. Mendenhall, 446 U.S. 544, 552 (1980).  A police officer does not violate the Constitution by approaching individuals on the street or in other public places and asking them questions.  United States v. Drayton, 536 U.S. 194, 200-201 (2002); United States v. Mendenhall, supra; Terry v. Ohio, 392 U.S. 1 (1968) (White, J. concurring); Commonwealth v. Sanchez, 403 Mass. 640 (1988); Commonwealth v. Fraser, 410 Mass. 541 (1991).  The key inquiry in determining whether a permissible encounter becomes an unconstitutional seizure is whether the individual's freedom of movement was objectively restrained either through actual physical restraint by the officer or compelled by a show of authority.  United States v. Smith, 423 F.3d 25, 28 (2005).  In other words, an interaction will be deemed a seizure only when an objectively reasonable innocent person would not have felt free to terminate the conversation and leave the scene.  Id. at 28, n.5, citing Florida v. Bostick, 501 U.S. 429, 438 (1991).

Instruction No. 13

42 U.S.C. § 1983 – Fourth Amendment

Where an officer has not created the physical limitations on an individual's movement, perceived or otherwise, or physically prevented him from leaving the area, he cannot be held liable for violating the individual's Fourth Amendment rights.  See e.g. United States v. Smith, 423 F.3d 25, 30-31 (2005); Florida v. Bostick, 501 U.S. 429, 436 (1991); INS v. Delgado, 466 U.S. 210, 218-219 (1984); United States v. Brown, 169 F.3d 89,  92 (1st Cir.1999).  Thus, if you determine that Plaintiff was not able to leave the area but that Trooper Thompson did not create the conditions preventing him from doing so, then you must find no seizure occurred.

Instruction No. 14

Access to Airport

You have heard testimony regarding an incident which Plaintiff has alleged occurred at Logan International Airport.  While Logan International Airport is a publicly owned facility, by nature of its being an airport, access to the public may be restricted to only those who have legitimate business there.  United States v. Grace, 461 U.S. 171, 178 (1983); Perry Ed. Assn. v. Perry Local Educators' Assn., 460 U.S. 37, 53 (1983); United States v. Kokinda, 497 U.S. 720, 743 (1990) (Brennan, J., dissenting).

Instruction No. 15

M.G.L. c. 12, § 11I

The Plaintiff has also alleged that he has suffered a deprivation of rights in violation of the Massachusetts Civil Rights Act.  In order to sustain a claim under this Act, the Plaintiff must show, by a preponderance of the evidence, that the Defendants used threats, intimidation, or coercion to interfere, or to attempt to interfere, with the Plaintiff's exercise of rights secured by either federal or state law.  M.G.L. c. 12, §§11H-I; Brum v. Town of Dartmouth, 428 Mass. 684 (1999); Swanset Development Corp. v. Taunton, 423 Mass. 390 (1996).

<u>Instruction No. 16</u>

<u>M.G.L. c. 12, § 11I</u>

In order to establish liability under the Act, Plaintiff must prove three elements: (1) that his exercise or enjoyment of rights secured by the Constitution, or laws of the United States, or of the Commonwealth; (2) have been interfered with, or attempted to be interfered with; and, (3) such interference was by threats, intimidation, or coercion.  <u>Meaney v. Dever</u>, 170 F.Supp.2d 46 (D.Mass.2001); <u>Columbus v. Biggio</u>, 76 F.Supp.2d 43 (D.Mass. 1999).

<u>Instruction No. 17</u>

<u>M.G.L. c. 12, § 11I</u>

The Massachusetts Civil Rights Act, like Section 1983, requires an actual deprivation of constitutional rights.  <u>Therrien v. Hamilton</u>, 849 F.Supp. 110 (D.Mass.1994).  A mere violation of state or federal law does not trigger liability under the Act, rather it is violation of a state or federal right.  <u>Perkins v. Commonwealth</u>, 52 Mass.App.Ct. 175 (2001).  Obviously necessary to prove a violation of the Act is proof of the existence of a right secured by federal or state law.  <u>K. Hovnanian at Taunton, Inc. v. City of Taunton</u>, 37 Mass.App.Ct. 639, <u>review denied</u> 419 Mass. 1104 (1995).

17

Instruction No. 18

M.G.L. c. 12, § 11I

A defendant can be held liable under the Massachusetts Civil Rights Act only in situations that involve an actual or potential physical confrontation accompanied by a threat of harm.  Layne v. Superintendent, Mass. Correctional Inst., 406 Mass. 156 (1989); see also Wiletts v. Roman Catholic Archbishop, 411 Mass. 202 (1991); Longval v. Comm'r of Correction, 404 Mass. 325 (1988).  It is not enough that a plaintiff show that a defendant merely omitted to take action; rather, he must demonstrate some form of confrontation on the part of the defendant.  Redgrave v. Boston Symphony Orchestra, Inc., 399 Mass. 93, 96 (1987); Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 473-74, n.8 (1994).

Instruction No. 19

M.G.L. c. 12, § 11I

The Massachusetts Civil Rights Act is a statute parallel to the federal statute, 42 U.S.C., § 1983, that I previously instructed you on.  The major distinguishing feature between the two statutes is that, under the Massachusetts Civil Rights Act, the Plaintiff must show that the deprivation of his individual rights occurred via threats, intimidation, or coercion, while Section 1983 does not have such a requirement. Thus an action will only lie where the Defendant attempted to force the Plaintiff unwillingly to do or not to do something otherwise lawful.  Pheasant Ridge Assoc. v. Burlington, 399 Mass. 771 (1987).  In addition, while Section 1983 applies to government officials or individuals cloaked with governmental authority, the Act reaches private as well as governmental actors.  Therefore, a violation of the federal statute does not necessarily result in a valid claim under the Act.  Curran v. City of Boston, 777 F.Supp. 116 (D.Mass.1991).

Instruction No. 20

M.G.L. c. 12, § 11I

This requirement of threats, intimidation, or coercion essentially means that not every violation of law, or deprivation of constitutional liberties, constitutes a violation of the Act. In fact, a direct violation of an individual's constitutional right, without such threats, intimidation, or coercion, does not even implicate the Act. Under the Act, a threat involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm; intimidation involves putting a person in fear for the purpose of compelling or deterring lawful conduct; and, coercion is the application of force, physical or moral, to another so as to compel him to do something that he would not otherwise have done. Meaney v. Dever, 170 F.Supp.2d 46 (D.Mass.2001).

Instruction No. 21

M.G.L. c. 12, § 11I

Whether or not a statement or action is to be considered a threat or constitutes intimidation or coercion is to be measured by an objective standard and not the subjective viewpoint of either the plaintiff or the defendant. Sarvis v. Boston Safe Deposit and Trust Co., 47 Mass.App.Ct. 86 (1999), review denied 430 Mass. 1106.

Instruction No. 22

Damages

You should not interpret any instructions I give on the issue of damages as implying that you must award damages.  These instructions are for your guidance only.  You, the jurors, are the sole judges of whether or not, and in what amount, damages should be awarded.  The fact that I have instructed you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given only for your guidance in the event you should find in favor of a party by a preponderance of the evidence and in accordance with my other instructions.