# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KING DOWNING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASSACHUSETTS PORT AUTHORITY, THE )<br>MASSACHUSETTS DEPARTMENT OF STATE )<br>POLICE, STATE POLICE TROOPER )<br>THOMPSON, STATE POLICE SERGEANT )<br>CROXTON, THOMAS G. ROBBINS, and )<br>PETER J. DIDOMENICA, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-12513-RBC |

## DEFENDANT MASSACHUSETTS PORT AUTHORITY'S
## PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Pre-Trial Order issued November 8, 2007, Defendant Massachusetts Port Authority ("Massport") files its proposed jury instructions, attached hereto as Exhibit A.

Date:  November 28, 2007

Respectfully submitted,

MASSACHUSETTS PORT AUTHORITY

By its attorneys,

/s/ Annmarie A. Tenn
Roscoe Trimmier, Jr.  (BBO #502506)
Annmarie A. Tenn (BBO #658789)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000
roscoe.trimmier@ropesgray.com
annmarie.tenn@ropesgray.com

**CERTIFICATE OF SERVICE**

In accordance with L.R. 5.2(b) and Section E.2 of the Electronic Case Filing Administrative Procedures of the United States District Court for the District of Massachusetts, I, Annmarie A. Tenn, hereby certify that on November 28, 2007, the within Proposed Jury Instructions filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing.

/s/ Annmarie A. Tenn
Annmarie A. Tenn

**EXHIBIT A**

**PROPOSED JURY INSTRUCTION # 1**

Now that you have heard the evidence and the arguments in this case, I must instruct you on the law that you must apply. As jurors, you determine the facts, but it is your duty to follow the law as I will state it and to apply it to the facts as you find them from the admissible evidence in the case.

Do not consider any statement that I have made in the course of the trial or that I will make in these instructions as an indication that I have any opinion about the facts of this case. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are only there to assist the jury in understanding the evidence and the parties' arguments.

You must perform your duties as jurors without bias or prejudice as to any party. You are expected to carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

-2-

## PROPOSED JURY INSTRUCTION # 2

      Plaintiff King Downing must prove the elements of his case by a preponderance of the evidence. A preponderance of the evidence means that the amount of evidence persuades you that a claim is more likely true than not true. In order to find in favor of Plaintiff King Downing on any question below, you must find that the amount of evidence more likely supports his claim than it does not. In determining whether any fact has been proven by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of which party may have called them, and all exhibits received in evidence, regardless of which party may have produced them.

-3-

**PROPOSED JURY INSTRUCTION # 3**

You must consider only the evidence in this case. Evidence may be direct or circumstantial. Direct evidence is direct proof of fact, such as testimony by a witness about what that witness saw and heard directly. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both types of evidence. It is up to you to decide how much weight to give to any evidence.

-4-

**PROPOSED JURY INSTRUCTION # 4**

       In deciding the facts below, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In making these decisions, you may consider the witness' intelligence, the opportunity the witness had to see or hear the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner or demeanor of the witness while testifying, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

       In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent miss-recollection or lapse of memory or an intentional falsehood.

       The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.

-5-

## **PROPOSED JURY INSTRUCTION # 5**

      It is your duty as jurors to consult with one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.

## **PROPOSED JURY INSTRUCTION # 6**

Plaintiff King Downing alleges that on October 16, 2003, he was stopped by Trooper Thompson pursuant to a behavioral assessment screening system (known as "the B.A.S.S. program") instituted by Massport and the State Police that condones or encourages racial profiling. Plaintiff King Downing further alleges that as a victim of racial profiling, the State Police seized him without reasonable, articulable suspicion in violation of the Fourth Amendment, in violation of Title 42, Section 1983 of the United States Code, and in violation of Chapter 12, Section 11I of the Massachusetts General Law.

In order to hold Massport liable for the acts of the State Police, Plaintiff King Downing must establish by a preponderance of the evidence that he was stopped by the State Police pursuant to the B.A.S.S. program, that the B.A.S.S. program improperly condones or encourages racial profiling, that Downing was in fact the subject of racial profiling, and that as a result, there was an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution.

-7-

**PROPOSED JURY INSTRUCTION # 7**

      The first question you must answer is whether, based upon a preponderance of the evidence, the B.A.S.S. program was the basis of the encounter between Plaintiff King Downing and Trooper Thompson.  If you find that the B.A.S.S. program was not the basis for the interaction between Plaintiff King Downing and Trooper Thompson, you must return a verdict in favor of Massport.  If you find that the B.A.S.S. program was the basis for the interaction between Plaintiff King Downing and Trooper Thompson, you must make additional findings.

## **PROPOSED JURY INSTRUCTION # 8**

If you determine that the B.A.S.S. program was the basis for the encounter between Plaintiff King Downing and Trooper Thompson, the second issue you must determine is whether, based upon a preponderance of the evidence, the B.A.S.S. program condones or encourages racial profiling. If you find that the B.A.S.S. program does not condone or encourage racial profiling, you must return a verdict in favor of Massport. If you find that the B.A.S.S. program does condone or encourage racial profiling, you must make additional findings.

Racial profiling occurs when members of a particular race are singled-out for heightened investigatory scrutiny, based primarily or exclusively on racial characteristics that allegedly correlate with criminality.[1]

---

[1] *See Alshrafi v. Am. Airlines, Inc.*, 321 F.Supp.2d 150, 152 (D. Mass. 2004).

## **PROPOSED JURY INSTRUCTION # 9**

If you determine that the B.A.S.S. program condones or encourages racial profiling, you must then determine whether, based upon a preponderance of the evidence, Plaintiff King Downing was the subject of racial profiling by Trooper Thompson. If Plaintiff King Downing was not the subject of racial profiling, you must return a verdict in favor of Massport. If you find that Plaintiff King Downing was the subject of racial profiling, you must make additional findings.

**PROPOSED JURY INSTRUCTION # 10**

If you determine that Plaintiff King Downing was the subject of racial profiling, you must then determine whether he was also the subject of an unconstitutional seizure, which is a two-part test.

Plaintiff King Downing alleges that he was unreasonably seized in violation of the Constitution. The Fourth Amendment of the Constitution protects citizens from unreasonable searches and seizures.[2] Not all personal intercourse between policemen and citizens involves a "seizure" of a person.[3] A person has been "seized" only if an officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.[4] The relevant inquiry is whether in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.[5] A police officer, however, is free to ask a person for identification and their travel documents without implicating the Fourth Amendment.[6] Interrogation relating to one's identity or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure.[7]

If you find that Plaintiff King Downing was not the subject of a seizure, then you must return a verdict in favor of all Defendants. If you find that Plaintiff King Downing was the subject of a seizure, you must make additional findings.

---

[2] *Vernonia School District v. Acton*, 515 U.S. 646, 652 (1995); *see United States v. Viegas*, 639 F.2d 42, 44 (1st Cir. 1981).

[3] *See Terry v. Ohio*, 392 U.S. 1, 20 n.16 (1968).

[4] *Id*.

[5] *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (plurality opinion).

[6] *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humbolt County*, 542 U.S. 177, 185 (2004); *Florida v. Rodriguez*, 469 U.S. 1, 4-6 (1984) (per curiam).

[7] *Hiibel*, 542 U.S. at 185.

**PROPOSED JURY INSTRUCTION # 11**

       If you find that Plaintiff King Downing was seized, you must determine whether his seizure was unconstitutional.  As stated earlier, the United States Constitution protects citizens only from unreasonable searches and seizures.[8]  Typically, seizures must be supported by probable cause.[9]  Police, however, are permitted to detain individuals on the basis of less than probable cause, when police have reasonable, articulable suspicion that a crime has been or is about to be committed.  Police are also permitted to seize individuals on the basis of less than reasonable, articulable suspicion when special needs exist beyond the normal need for law enforcement.[10]  If you determine that Plaintiff King Downing was not unreasonably seized, you must return a verdict in favor of all Defendants.  If you find that he was unreasonably seized, you must make additional findings.

---

[8] *Vernonia School District v. Acton*, 515 U.S. 646, 652 (1995); *see United States v. Viegas*, 639 F.2d 42, 44 (1st Cir. 1981).

[9] *Vernonia School District,* 515 U.S. at 652-53.

[10] *Id.* at 653.

**PROPOSED JURY INSTRUCTION #12**

If you find that Plaintiff King Downing was unreasonably seized, you must next determine whether a violation of Title 42, Section 1983 of the United States Code occurred.

That statute states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to establish a violation of this statute, Plaintiff King Downing must prove, by a preponderance of the evidence, each of the following elements:

> First, that the conduct complained of was committed by persons acting under color of state law;
>
> Second, such conduct deprived him of rights, privileges or immunities secured by the Constitution of the United States; and
>
> Third, that Defendants' acts were the proximate cause of the injuries and damages sustained by Plaintiff King Downing.

Even if you find that the three elements are satisfied, you can only impose liability upon Massport if you find that any deprivation of rights resulted from the State Police officers' use of the B.A.S.S. program. Government agencies may not be sued under Section 1983 for an injury inflicted solely by its employees or agents.[11] Rather, only when execution of a government's policy or custom inflicts the injury can the government or a government agency be liable under Section 1983.[12]

---

[11] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978).

[12] *Id.* at 694; *Mailloux v. Town of Littleton*, 473 F. Supp.2d 177, 190 (D. Mass. 2007).

## **PROPOSED JURY INSTRUCTION #13**

If you find that Plaintiff King Downing was unreasonably seized, you must then determine whether a violation of Chapter 12, 11I of the Massachusetts General Law occurred.

The statute states:

Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H,[13] may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court.

In order to establish a violation of this statute, Plaintiff King Downing, must prove by a preponderance of the evidence:

> First, that the exercise or enjoyment of his rights secured by the Constitution or the laws of either the United States or the Commonwealth have been subjected to interference or attempted interference by the Defendants; and
>
> Second, that the interference or attempted interference was by threats, intimidation, or coercion.

Even if you find that the two elements are satisfied, you can only impose liability upon Massport if you find that any deprivation of rights resulted from the State Police officers' use of the B.A.S.S. program.

---

[13] Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured. M.G.L.A. ch. 12 § 11H.

## **PROPOSED JURY INSTRUCTION #14**

Even if you find that the State Police subjected Plaintiff King Downing to an unreasonable seizure of his person pursuant to the B.A.S.S. program in violation of his state and federal rights, the next question is whether three individual Defendants – Trooper Thompson, Colonel Robbins, and Sergeant DiDomenica – are subject to qualified immunity. Qualified immunity means that the three individuals are immune from liability and damages even if you find that they violated Plaintiff King Downing's Constitutional rights.

An individual Defendant is entitled to qualified immunity if you decide that a similarly situated reasonable official would not have understood that his conduct violated clearly established law. The Court, and not you as jurors, decides whether or not the Defendant's actions as you determine them violate clearly established law.

If the Court determines that the law is not clearly established then you must return a verdict in favor of all Defendants.[14] If the Court determines that the law is clearly established, then you must make an additional finding.

In deciding what a similarly situated reasonable official would have known about the legality of conduct of the individual Defendants, you may consider the nature of the individual Defendants' official duties, the character of their official position, the information which was known to them or not known to them, and the events which confronted them. You must ask yourself what a reasonable official in the individual Defendants' situation would have believed about the legality of their conduct. You should not, however, consider what the Defendants' subjective intent was, even if you find that a reasonable official in Defendants' situation would believe conduct to be lawful.

If you find that the three individual Defendants are entitled to qualified immunity, then you must also return a verdict in favor of all Defendants.

---

[14] *Joyce v. Town of Tewksbury*, 112 F.3d 19, 23 (1st. Cir. 1997) (en banc).