UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KING DOWNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MASSACHUSETTS PORT AUTHORITY, THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SERGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 04-12513-RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MASSACHUSETTS PORT AUTHORITY'S
PROPOSED JURY VERDICT FORM**

Pursuant to the Court's Pre-Trial Order issued on November 8, 2007, Defendant Massachusetts Port Authority ("Massport") files its proposed Jury Verdict Form, attached hereto as Exhibit A.

Date:　November 28, 2007　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　MASSACHUSETTS PORT AUTHORITY

　　　　　　　　　　　　　　　　　　　　　By its attorneys,

　　　　　　　　　　　　　　　　　　　　　/s/ Annmarie A. Tenn
　　　　　　　　　　　　　　　　　　　　　Roscoe Trimmier, Jr.  (BBO #502506)
　　　　　　　　　　　　　　　　　　　　　Annmarie A. Tenn (BBO #658789)
　　　　　　　　　　　　　　　　　　　　　Ropes & Gray LLP
　　　　　　　　　　　　　　　　　　　　　One International Place
　　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02110
　　　　　　　　　　　　　　　　　　　　　(617) 951-7000
　　　　　　　　　　　　　　　　　　　　　roscoe.trimmier@ropesgray.com
　　　　　　　　　　　　　　　　　　　　　annmarie.tenn@ropesgray.com

**CERTIFICATE OF SERVICE**

In accordance with L.R. 5.2(b) and Section E.2 of the Electronic Case Filing Administrative Procedures of the United States District Court for the District of Massachusetts, I, Annmarie A. Tenn, hereby certify that on November 28, 2007, the within Proposed Jury Verdict Form filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing.

/s/ Annmarie A. Tenn
Annmarie A. Tenn

# EXHIBIT A

**ATTENTION JURORS:**   THE QUESTIONS ON THIS FORM MUST BE ANSWERED IN ORDER, UNLESS DIRECTED OTHERWISE BY THE SPECIFIC INSTRUCTIONS CONTAINED WITHIN THIS FORM

**THE BASS PROGRAM**

**Question 1**

Was the behavioral assessment screening system ("the B.A.S.S. program") the basis of the interaction between Plaintiff King Downing and Trooper Thompson?

NO \_\_\_\_        YES \_\_\_\_

*(A finding of "no" is a finding in favor of Massport.  VERDICT FOR MASSPORT \_\_\_\_*

*If you answer "no" to Question 1, skip ahead to Question 4 to determine whether the remaining Defendants face liability.)*

**Question 2**

Does the B.A.S.S. program condone or encourage racial profiling?

NO \_\_\_\_        YES \_\_\_\_

*(A finding of "no" is a finding in favor of Massport.  VERDICT FOR MASSPORT \_\_\_\_*

*If you answer "no" to Question 2, skip ahead to Question 4 to determine whether the remaining Defendants face liability.)*

**Question 3**

Was Plaintiff King Downing the subject of racial profiling by Trooper Thompson?

   NO \_\_\_\_   YES \_\_\_\_

*(A finding of "no" is a finding in favor of Massport.*  VERDICT FOR MASSPORT \_\_\_\_

*If you answer "no" to Question 3, go on to Question 4 to determine whether the remaining Defendants face liability.)*

**SEIZURE**

**Question 4**

Was Plaintiff King Downing subjected to a seizure under the Fourth Amendment of the United States Constitution?

   NO \_\_\_\_   YES \_\_\_\_

*(A finding of "no" is a finding in favor of all Defendants.*

VERDICT FOR ALL DEFENDANTS \_\_\_\_

*If you answer "no" to Question 4, stop.)*

**Question 5**

If Plaintiff King Downing was subjected to a seizure, was Plaintiff King Downing's seizure unreasonable under the circumstances?

   NO \_\_\_\_   YES \_\_\_\_

*(A finding of "no" is a finding in favor of all Defendants.*

VERDICT FOR ALL DEFENDANTS \_\_\_\_

*If you answer "no" to Question 5, stop.)*

**Question 6**

Were Plaintiff King Downing's civil rights violated under 42 U.S.C. § 1983?

        NO \_\_\_\_             YES \_\_\_\_

*(If you answer "no," skip ahead to Question 8.)*

**Question 7**

If Plaintiff King Downing's rights were violated under 42 U.S.C. § 1983, did the violation result from the use of the B.A.S.S. program as the basis of his stop?

        NO \_\_\_\_            YES \_\_\_\_

**Question 8**

Were Plaintiff King Downing's civil rights violated under Chapter 12, § 11I of the Massachusetts General Laws?

        NO \_\_\_\_            YES \_\_\_\_

*(If you answer "no," skip ahead to Question 10.)*

**Question 9**

If Plaintiff King Downing's civil rights were violated under Chapter 12, § 11I of the Massachusetts General Laws, did the violation result from the use of the B.A.S.S. program as the basis for his stop?

        NO \_\_\_\_            YES \_\_\_\_

(*A finding of "no" on Question 7 and Question 9 constitutes a finding in favor of Massport.* VERDICT FOR MASSPORT \_\_\_\_)

-4-

**Question 10**

Assuming you answered "yes" to either or both of Question 6 or Question 8, are Trooper William Thompson, Colonel Thomas Robbins, and Sergeant Peter DiDomenica subject to qualified immunity as defined by the Court's instructions?

   NO \_\_\_\_    YES \_\_\_\_

*(A finding of "yes" is a finding in favor of all Defendants.*

 VERDICT FOR ALL DEFENDANTS \_\_\_\_

*If you answer "yes" to Question 10, stop.)*


**Question 11**

Assuming you answered "yes" to either or both of Question 6 or Question 8, did Plaintiff King Downing suffer any injury as a result of the violation of his rights?

   NO \_\_\_\_    YES \_\_\_\_

(*A finding of "no" is a finding in favor of all Defendants.*

 VERDICT FOR ALL DEFENDANTS \_\_\_\_

*If you answer "no" to Question 11, stop.)*

-5-

**VERDICT**

**Verdict for Plaintiff King Downing against:**

> **Trooper William Thompson**        \_\_\_\_
>
> **Colonel Thomas Robbins**        \_\_\_\_
>
> **Sergeant Peter DiDomenica**        \_\_\_\_
>
> **The State Police**        \_\_\_\_
>
> **Massport**        \_\_\_\_

**ATTENTION JURORS:**    THIS IS THE END OF THE JURY VERDICT FORM