UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>      Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SERGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA,<br>      Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-12513-RBC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS

    Pursuant to Fed. R. Civ. P. 51, plaintiff, King Downing, hereby requests the Court to give the jury the attached instructions on that law. Mr. Downing reserves the right to request amended or supplemental instructions as the case develops.

|  |  |
|---|---|
|  | KING DOWNING<br>By his attorneys,<br><br>/ S / Peter B. Krupp |
| Dated: November 29, 2007 | Peter B. Krupp<br>  BBO #548112<br>Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA 02109<br>Tel: (617) 367-1970<br><br>John Reinstein<br>  BBO # 416120<br>American Civil Liberties Union of Massachusetts<br>211 Congress Street, 3rd Floor<br>Boston, MA 02110<br>Tel: (617) 482-3170 |

2

## CERTIFICATE OF SERVICE

      I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 29, 2007.

                                                 / S / Peter B. Krupp

                                                 Peter B. Krupp

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1**

SECTION 1983: GENERAL INSTRUCTIONS

     Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983.  The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2**

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution. Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

To establish his claim under section 1983, the plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendant's conduct was under color of state law;

Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States [*or* a federal statute]; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

As to the first element—whether the defendant was acting under color of state law—there is no dispute in this case that during the events in issue here the defendants, exercising official authority and/or acting as police officers, were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case.

The second element of the plaintiff's claim is that defendant's conduct deprived plaintiff of a federal right. Plaintiff claims in this case that he was deprived of his right to be free of an unreasonable seizure under the Fourth Amendment to the federal Constitution and his right under the Fourteenth Amendment to be free from discrimination based on his race. I will explain the elements of these claims later in these instructions.

The third element that plaintiff must prove is that the defendant's conduct was a proximate cause of plaintiff's injury and damage. Under Section 1983 the defendant is responsible for the natural consequences of his or her actions. An act is a proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of the defendant's conduct. An injury that is a direct result, or a reasonably probable consequence of a defendant's conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury. If so, the conduct is a proximate cause.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3**

CAUSATION

Plaintiff must prove that the defendants caused the harm or injuries that he allegedly suffered. In determining the question of causation, you should decide whether the defendants' wrongful conduct was a substantial factor in the resulting injury or harm. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

A proximate cause need not always be the nearest cause either in time or in location. In addition, the law recognizes that there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

*Egervary v. Young*, 366 F.3d 238 (3d Cir. 2004), *cert. denied*, 543 U.S. 1049 (2005)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4**

SPECIFIC INTENT NOT REQUIRED

      It is not necessary to find that a defendant had any specific intent to deprive the plaintiff of his constitutional rights, or that a defendant acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if a defendant intended to do the actions which resulted in a violation of his constitutional rights.

*Graham v. Connor*, 490 U.S. 386, 397 (1989); *Parratt v. Taylor*, 451 U.S. 527 (1981) (overruled by *Daniels v. Williams*, 474 U.S. 327 (1986)); *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monroe v. Pape*, 365 U.S. 167 (1961); *Hudson v. New York City*, 271 F.3d 62 (2d Cir. 2001)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5**

WITNESSES

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case.  In evaluating a police officer's credibility you should use the same guidelines which you apply to the testimony of any witness.  You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.

*Butler v. City of Camden, City Hall*, 352 F.3d 811 (3d Cir. 2003); *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981);

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6**

FOURTH AMENDMENT

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. A seizure for purposes of the Fourth Amendment occurs "when government actors have, 'by means of physical force or show of authority, ... in some way restrained the liberty of a citizen.'"

*Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989), quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7**

  The protection of the Fourth Amendment is available even if the government restraint of individual liberty is of brief duration.

*United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8**

      A seizure of the person may occur without actual physical restraint. If an officer, by means of show of authority, even briefly restrains the liberty of a citizen, you may conclude that a seizure has occurred. A restraint of liberty occurs when, in view of the circumstances surrounding the incident, a reasonable person in the position of the person in question would believe that he was not free to leave the presence of the officer at that particular moment.

*United States v. Smith*, 423 F.3d 25, 28 (1st Cir. 2005), citing *Terry v. Ohio*, 392 U.S. 1, 19 (1968); *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9**

This case involves what is sometimes called an investigative stop or a Terry stop. A police officer who observes an individual under suspicious circumstances may approach and briefly detain that individual for the purpose of investigating possible criminal behavior. The officer may take such action even though he does not have what the law calls probable cause to arrest the individual. For this detention to be justified under the Fourth Amendment, however, the officer must have at least a reasonable and articulable suspicion that the individual detained is or was involved in criminal activity. Reasonable suspicion means that to justify the particular intrusion upon the individual, the police officer must be able to articulate specific facts which, taken together with rational inferences from the facts, reasonably warrant the conclusion that the individual is or was involved in criminal activity.

There must be a particularized and objective basis for suspecting legal wrongdoing. A gut instinct or hunch does not provide a particularized or objective basis for reasonable suspicion. Reasonable suspicion does not require proof of wrongdoing by a preponderance of the evidence, but it does require something more than a mere guess or hunch.

*Terry v. Ohio*, 392 U.S. 1 (1968).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10**

A person's race, ethnicity or national origin does not provide a police officer with grounds for making an investigative stop.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11**

  A person has a constitutional right not to identify himself to a police officer where the officer lacks reasonable suspicion to believe that the person has or is engaged in unlawful activity. The exercise of one's constitutional rights is not the type of specific and articulable fact that will itself or in combination with other less than sufficient facts justify an investigative stop.

*Brown v. Texas*, 443 U.S. 47, 53 (1979); *United States v. Berryman*, 717 F.2d 650, 651 (1st Cir. 1983).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12**

The plaintiff seeks recovery not only against Trooper Thompson, but also against the defendants DiDomenico, Robbins, the Massachusetts Department of State Police and the Massachusetts Port Authority. These defendants were not present when the events in question took place. They may be held liable for Trooper Thompson's conduct, however, if their own actions caused or was the moving force behind the alleged unconstitutional seizure of the plaintiff.

Thus, defendants DiDomenico, Robbins, the Massachusetts Department of the State Police and the Massachusetts Port Authority may only found liable if you find that (a) Trooper Thompson's detention of the plaintiff violated the plaintiff's rights under the Fourth Amendment, and (b) the BASS training was a cause or moving force behind the violation of the plaintiff's rights.

*Monell v. Department of Social Servicess of City of New York*, 436 U.S. 658, 694 (1978).

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13**

A supervisory officer subjects a person to a violation of his constitutional rights if he does an affirmative act and that act causes the violation of which the plaintiff has complained. Personal participation in the immediate act which violated the plaintiff's rights is not required. It is sufficient if the supervisor sets in motion a series of acts by which he knows or reasonably should know would cause others to inflict the constitutional injury. There is no dispute that the BASS program was created by Sergeant DiDominica and Superintendent Robbins and that state troopers assigned to Logan Airport received the BASS training. Thus, if you find that Trooper Thompson's detention of the plaintiff violated the plaintiff's rights under the Fourth Amendment, and that the BASS training was a proximate cause of that violation, you must find for the plaintiff against defendants DiDomenica and Robbins.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14**

  The Massachusetts Port Authority and the Massachusetts Department of State Police are defendants in this case and are liable for the violation of the constitutional rights of the plaintiff if they were caused by a Massport or State Police policy.  In order to impose liability on Massport or the State Police, you must find that there is an affirmative link between the Massport's or the State Police's action and any constitutional violations committed by the individual officer.  Massport's or the State Police's actions must be the cause of and the moving force behind any deprivation of constitutional rights in order to hold it liable.  It is not required that a policy be officially adopted by the Massport's directors or executive for Massport to be held liable.  It is not required that a policy be officially adopted by the commander of the Massachusetts State Police for the State Police to be held liable.  A policy can be set by those to whom the responsibility for developing the policy in the area in question has been delegated.

*Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Bordanaro v. McLeod*, 871 F.2d 1151 (1st Cir. 1989); *Weber v. Dell*, 804 F.2d 796 (2d Cir. 1986); *Mary Beth G. v. City of Chicago*, 723 F.2d 1263 (7th Cir. 1983)*;  City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15**

COMPENSATORY DAMAGES

The fact that plaintiff's rights are found to have been violated entitles him to compensation for the actual damages he has suffered. Therefore, if you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate her for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about. A deprivation of liberty resulting from a period of wrongful detention entitles a plaintiff to general damages for the loss of his time, fear, humiliation and mental suffering.

*Kerman v. City of New York,* 374 F.3d 93 (2d Cir. 2004)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 16**

NOMINAL DAMAGES

If you return a verdict in the plaintiff's favor on his 1983 claim, but find that he failed to meet his burden of proving that he suffered any actual injuries, then you must award the plaintiff "nominal damages" not to exceed one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 17**

PUNITIVE DAMAGES

If you have awarded the plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award the plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of the defendants that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.

*Smith v. Wade,* 461 U.S. 30 (1983); *Kolstad v. American Dental Association*, 119 S.Ct. 2118 (1999); *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999); *McKinley v. Trattles*, 732 F.2d 1320, 1326 n.2 (7th Cir. 1984).