UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>　　　　Plaintiff,<br><br>　　v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE<br>MASSACHUSETTS DEPARTMENT OF STATE<br>POLICE, STATE POLICE TROOPER<br>THOMPSON, STATE POLICE SERGEANT<br>CROXTON, THOMAS G. ROBBINS, and<br>PETER J. DIDOMENICA,<br>　　　　Defendants. | Civil Action No. 04-12513-RBC |

PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE
TESTIMONY CONCERNING THE QUANTIFICATION OF DAMAGES

Plaintiff, King Downing, hereby partially opposes Defendant Massachusetts Port Authority's Motion *in Limine* to Exclude Testimony Concerning the Quantification of Damages (Docket #78). In partial opposition to this motion, Mr. Downing states as follows:

Although captioned only to address "quantification" of damages, the motion filed by defendant Massachusetts Port Authority ("Massport") broadly purports to bar "any testimony by Plaintiff King Downing concerning damages or the quantification of damages allegedly suffered by him." (Emphasis added). Notably, the text of Massport's supporting memorandum addresses only the absence of any quantification or computation of damages, it does not address the issue of categorization of damages. See Defendant Massachusetts Port Authority's Memorandum of Law in Support of its Motion *in Limine* to Exclude Testimony Concerning the Quantification of Damages (Docket #79) at 1-2.

To be sure, Mr. Downing has taken the position that he cannot quantify his damages. That does not mean that a jury cannot be asked to do so. Nor does it mean that Mr. Downing cannot articulate the categories of damages (e.g. fear, humiliation, delay, anxiety) that he suffered as a result of the unconstitutional and rather public stop and detention of him by the police. Mr. Downing plainly may enumerate and describe the damages he suffered, even if he cannot quantify those damages, and even if his damages lay nothing more than a foundation for the award of nominal damages. See, e.g., Kerman v. City of New York, 374 F.3d 93 (2d Cir. 2004); Atkinson v. Taylor, 316 F.3d 257, 266 n. 6 (3d Cir. 2003); Williams v. Trader Pub. Co., 218 F.3d 481, 486 (5th Cir. 2000); Merriweather v. Family Dollar Stores of Indiana, Inc., 103 F.3d 576, 581 (7th Cir. 1996); Merrill v. Waffle House, Inc., 227 F.R.D. 467 (N.D. Tex. 2005).

For these reasons, the Court should deny so much of the Defendant Massachusetts Port Authority's Motion *in Limine* to Exclude Testimony Concerning the Quantification of Damages as seeks to bar any testimony about the damages Mr. Downing suffered as a result of the conduct by the defendants.

|  |  |
|---|---|
|  | KING DOWNING<br>By his attorneys,<br><br>/ S /  Peter B. Krupp |
| Dated:  November 29, 2007 | Peter B. Krupp<br>  BBO #548112<br>Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA  02109<br>Tel:  (617) 367-1970<br><br>John Reinstein<br>  BBO # 416120<br>American Civil Liberties Union of Massachusetts<br>211 Congress Street, 3rd Floor<br>Boston, MA  02110<br>Tel:  (617) 482-3170 |

## CERTIFICATE OF SERVICE

  I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 29, 2007.

                / S / Peter B. Krupp

                Peter B. Krupp