UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KING DOWNING,<br>      Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS PORT AUTHORITY; THE<br>MASSACHUSETTS DEPARTMENT OF STATE<br>POLICE, STATE POLICE TROOPER<br>THOMPSON, STATE POLICE SERGEANT<br>CROXTON, THOMAS G. ROBBINS, and<br>PETER J. DIDOMENICA,<br>      Defendants. | Civil Action No. 04-12513-RBC |

PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE
CERTAIN REDACTED MATERIALS AND, IN THE ALTERNATIVE,
FOR LEAVE TO INTRODUCE THE UNREDACTED VERSION
OF THOSE MATERIALS AND FOR A LIMITING INSTRUCTION

Plaintiff, King Downing, hereby partially opposes Defendant Massachusetts Port Authority's Motion *in Limine* to Exclude Certain Redacted Materials and, in the Alternative, for Leave to Introduce the Unredacted Version of Those Materials and for a Limiting Instruction (Docket #76). In partial opposition to this motion, Mr. Downing states as follows:

The selective redaction of the BASS training materials and other documents in this case are designed more to obstruct this case than they are calculated to truly safeguard sensitive security information. Mr. Downing agrees with defendant Massachusetts Port Authority ("Massport") that all of the relevant redacted slides should be provided in unredacted form so that they are available for review by the court and jury. Indeed, Mr. Downing has been pushing for such disclosure since the outset of this case. (Although Massport seeks disclosure of two

such redacted slides, Mr. Downing believes that at least a third such slide should also be produced in unredacted form.)

Absent the available slides in unredacted form, the jury may consider the text of the surrounding slides, the testimony of witnesses, and the unredacted portion of the partially redacted slides to infer the content of the redaction. This is not like a case in which redactions are made to protect the constitutional rights of a co-defendant under <u>Bruton v. United States</u>, 391 U.S. 123 (1968), nor is this a situation where there is insufficient surrounding detail to render the inference to be drawn from the available evidence wholly speculative. Nor is Massport or any other defendant without its arguments, which the jury is free to weigh, that there is insufficient evidence to determine the content of the redacted portion of the questioned slides.

The only SSI case cited by Massport is inapposite. In <u>Cerqueira v. American Airlines, Inc.</u>, 484 F. Supp. 2d 232, 235 (D. Mass. 2007), Judge Young confronted a situation where the defendant had failed to disclose an entire policy as SSI, rather than the type of selective redaction of a few words or a sentence that occurred in this case. Moreover, contrary to Massport's parenthetical description of <u>Cerqueira</u> at page 2 of its supporting memorandum, Judge Young barred the defendant from asking the jury to construe the contents of the redacted material as a *discovery sanction* against American for its non-disclosure. Here, in contrast, the selective redaction allows a reasonable inference about the content of the redacted sections of the relevant slides. Such an inference is not sought to be used as a weapon by the non-disclosing party (as in <u>Cerqueira</u>), but rather as evidence of a policy by the party to whom the redacted document was disclosed.

For these reasons, the Court should order the unredacted relevant slides to be produced and used in this case; or, alternatively, deny Defendant Massachusetts Port Authority's Motion *in*

*Limine* to Exclude Certain Redacted Materials and, in the Alternative, for Leave to Introduce the Unredacted Version of Those Materials and for a Limiting Instruction, and allow the jury to make what reasonable inferences it deems appropriate about the redacted portion of the relevant slides.

                                    KING DOWNING
                                    By his attorneys,

                                    / S /  Peter B. Krupp

Dated: November 29, 2007            Peter B. Krupp
                                        BBO #548112
                                    Lurie & Krupp, LLP
                                    One McKinley Square
                                    Boston, MA  02109
                                    Tel: (617) 367-1970

                                    John Reinstein
                                      BBO # 416120
                                    American Civil Liberties Union of
                                    Massachusetts
                                    211 Congress Street, 3rd Floor
                                    Boston, MA  02110
                                    Tel: (617) 482-3170

CERTIFICATE OF SERVICE

    I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 29, 2007.

                                    / S / Peter B. Krupp

                                    Peter B. Krupp