UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KING DOWNING, <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS PORT AUTHORITY, THE MASSACHUSETTS DEPARTMENT OF STATE POLICE, STATE POLICE TROOPER THOMPSON, STATE POLICE SERGEANT CROXTON, THOMAS G. ROBBINS, and PETER J. DIDOMENICA, <br><br> Defendants. | Civil Action No. 04-12513-RBC |

## DEFENDANT MASSACHUSETTS PORT AUTHORITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50(a) ("Rule 50(a)"), Defendant Massachusetts Port Authority ("Massport") moves for judgment as a matter of law at the conclusion of Plaintiff King Downing's case. Downing has failed to satisfy his burden of proof, because the evidence presented is legally insufficient to support a claim that the BASS program was the basis for his encounter with Trooper Thompson or played any role in the encounter, that the BASS program permits or condones racial profiling, that he was the subject of racial profiling, and that, as a result of the application of the BASS program, Downing was unreasonably seized in violation of the Fourth Amendment. Accordingly, this case should not be submitted to the jury for resolution, and, judgment as a matter of law should be entered for Defendant Massport. *See* Fed. R. Civ. P. 50(a)(1).

I.  **PLAINTIFF DOWNING HAS FAILED TO SATISFY HIS BURDEN OF PROOF**

Judgment as a matter of law is appropriate when the evidence "would not permit a reasonable jury to find in favor [of the nonmoving party] on any permissible claim or theory." *Espada v. Lugo*, 312 F.3d 1, 2 (1st Cir. 2002) (internal quotation marks omitted). The Court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party without making credibility determinations or weighing evidence. *Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133, 135 (2000).

A.  **BASS**

As alleged in his Complaint, Downing asserts that his interaction with Trooper Thompson resulted from the application of the BASS program. Downing, however, has only been able to assert evidence that the BASS program was implemented before October 16, 2003, and that members of Troop F received BASS training. No evidence connects the BASS program to the alleged events of October 16, 2003. Accordingly, Massport is entitled to judgment as a matter of law.

B.  **Racial Profiling**

Not only could a reasonable jury not find on the basis of Plaintiff's case that the BASS program was the basis for, or played a role in, Trooper Thompson's interaction with Downing, Downing has likewise failed to demonstrate that the BASS program permits or condones racial profiling or that Downing was the subject of racial profiling – threshold findings that must be made before any liability can attach to Massport. Downing has relied upon the BASS training materials to support his conclusion that BASS permits racial profiling. But nothing contained in the materials indicates that racial profiling is permitted or condoned by the BASS program. In fact, to the contrary, the same training materials expressly state that: "Racial profiling practices

are contrary to the fundamental values of our nation and serve to disenfranchise whole segments of our population." The materials also make clear that the BASS program is an ineffective tool to prevent terrorism – the very reason for the creation and implementation of the BASS program.

Equally as important, even if a jury could conclude that the BASS program permits racial profiling, Downing has failed to present any evidence beyond mere speculation to support the conclusion that he was in fact the subject of racial profiling. Absent that evidence, Downing lacks standing to challenge the BASS program.

Because Downing has not presented any evidence from which a reasonable jury could conclude that the BASS program permits or condones racial profiling or that Downing was in fact the subject of racial profiling, Massport is entitled to judgment as a matter of law.

C.      Seizure

Finally, Downing has not demonstrated that he was seized at any point by the police. The exchange between Downing and Trooper Thompson inside the airport was not a seizure as a matter of law. *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humbolt County*, 542 U.S. 177, 185 (2004) (holding that asking an individual for identification cannot by itself implicate the Fourth Amendment); *Florida v. Rodriguez*, 469 U.S. 1, 4-6 (1984) (per curiam) (holding that police can ask individuals for identification and travel documents without converting the voluntary encounter into a seizure). Moreover, when Downing refused to produce identification, Trooper Thompson said he would have to leave, which Downing did. The very fact that Downing left indicates that he believed he was free to go. *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (plurality opinion).

Downing's second encounter with the police was likewise not a seizure as a matter of law. Although more officers arrived, Downing was again asked for identification, this time by

Sergeant Kiley, which he produced. Downing was never handcuffed, never placed in a police cruiser, nor ever told to relocate to a different area of the airport. Downing had no reasonable basis to believe that he was not free to leave. Because Downing has presented no other evidence from which to conclude that he was seized, a jury cannot reasonably conclude that Downing was seized, and, accordingly, Massport (as well as all other Defendants) is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, Massport respectfully requests that its Motion For Judgment As A Matter Of Law be granted.

Date: December 4, 2007

Respectfully submitted,

MASSACHUSETTS PORT AUTHORITY
By its attorneys,

Roscoe Trimmier, Jr. (BBO #502506)
Annmarie A. Tenn (BBO #658789)
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000
roscoe.trimmier@ropesgray.com
annmarie.tenn@ropesgray.com