*Filed in open Court 12/5/07*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KING DOWNING,<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY, THE<br>MASSACHUSETTS STATE POLICE,<br>STATE POLICE TROOPER THOMPSON<br>STATE POLICE SERGEANT CROYTON<br>THOMAS G. ROBBINS, and PETER J.<br>DIDOMENICA,<br>    Defendants. | Civil Action No. 04-12513-RBC |

### DEFENDANTS MASSACHUSETTS STATE POLICE, THOMAS G. ROBBINS, and PETER J. DIDOMENICA'S MOTION FOR DIRECTED VERDICT AT CLOSE OF PLAINTIFF'S EVIDENCE

The Defendants, the Massachusetts State Police, Thomas G. Robbins and Peter J. Didomenica, now move under Fed. R. Civ. P. 50(b) for a directed verdict in their favor with respect to plaintiff's claims that either Robbins or Didomenica violated Massachusetts General Laws c. 12, § 11I and/or 42 U.S.C. § 1983 and plaintiff's claim that he is entitled to declaratory relief against the Massachusetts State Police. A directed verdict should be granted when, at the close of plaintiff's case in chief, there is a complete absence of probative facts to support a jury verdict. *Excel Handbag Co. v. Edison Bros. Stores, Inc.*, 630 F. 2d. 379 (5th Cir. 1980).

Plaintiff has failed to offer any evidence that either Sergeant Didomenica or former Colonel Robbins engaged in a single threatening, intimidating or coercive action in violation of G.L.c. 12, § 11I. Similarly, plaintiff has failed to offer any evidence that either Sergeant Didomenica or former Colonel Robbins committed an unconstitutional

act in violation of 42 U.S.C. § 1983. Liability under 42 U.S.C. § 1983 cannot be based upon a theory of respondent superior. *Barretto-Rivera v. Medina-Vargas*, 168 F. 3d 42, 48 (1st Cir. 1995). Absent direct participation, a supervisor can only be liable when an "affirmative link between the subordinate and the superiors whether through direct participation or through conduct that amounts to tacit authorization is established." *Velez-Rivera v. Agosto-Alicea*, 437 F. 3d. 145, 156 (1st Cir. 2006)(citations omitted)(emphasis added).

The uncontroverted evidence establishes that neither Sergeant Peter J. Didomenica or former Colonel Thomas G. Robbins were present at Logan International Airport on October 16, 2003 and had no interactions with Mr. Downing on that date. Plaintiff's sole basis for liability against these individuals is based on his claim that the BASS ("Behavior Assessment Screening System") program, developed by Mr. Didomenica at the direction of former Colonel Thomas G. Robbins, was employed against him by the state police officers on October 16, 2003. Liability, he claims, stems from two aspects of the BASS program.

First, he claims that BASS improperly profiles African Americans, and thus Mr. Downing as an African American male was racially profiled. As to this claim, an examination of plaintiff's evidence reveals just the contrary. The evidence establishes that the BASS tool explicitly condemns racial and ethnic profiling. Sergeant Didomenica testified that the BASS program specifically prohibits racial profiling. The BASS program materials acknowledge that "[r]acial profiling practices are contrary to the fundamental values of our nation and serve to disenfranchise whole segments of our population." *See* Exhibit 2. Two of the slides from the power point presentation given

to the officers as part of their training in the BASS program specifically note that such behavior is prohibited. *See id.* Each of those slides are entitled "Racial Profiling". One slide, for examples, states "In initiating contact with members of the pubic, officers shall not engage in a pattern of contacts based on beliefs that a person is of a certain race, ethnicity or religion, nor shall officers target persons of any race, ethnicity, religion for purposes of harassment." The second slide states, "Although PASS is based on voluntary encounters and does not implicate constitutional protections, use of race, ethnicity, or religion as a basis for encounters, is: harmful to police community relations, in violation of public policy- [and] ineffective in protecting the public from terrorism." *See id.* The only evidence offered by Mr. Downing that the BASS program permits racial profiling is his own speculation that since he was an African American male, Trooper Thompson must have racially profiled him. Aside from the fact that Mr. Downing admitted that four of the other officers involved were African American males, mere speculation and conjecture that because he was an African American male the BASS tool permits racial profiling is insufficient to support plaintiff's claim.

Second, he claims that the BASS program permits unlawful seizures based on elevated suspicion as that term is defined under the BASS program, and that he was the subject of an unlawful seizure based on elevated suspicion. Putting aside the issue of whether a seizure occurred, an examination of the evidence reveals that there is no evidence that the BASS tool was even used by any of the officers on October 16, 2003. In fact, Mr. Downing himself testified that he had <u>no idea</u> whether the BASS tool was used by any of the troopers on October 16, 2003.

Based on the lack of any evidence that the BASS tool played any role whatsoever

with the troopers encounter with Mr. Downing on October 16, 2003, no reasonably minded jury could find that either defendants Robbins or Didomenica violated his civil rights under either Massachusetts or federal law. In addition, the plaintiff is not entitled to equitable relief against the Massachusetts State Police. Accordingly, this Court should grant a directed verdict in favor of Peter J. Didomenica, Thomas G. Robbins and the Massachusetts State Police.

Even assuming that plaintiff was able to establish that the BASS tool was used, Defendants Didomenica and Robbins are entitled to qualified immunity. In determining the availability of this defense, the First Circuit has established a three part test. Under the first part of the test, the court must examine whether the plaintiff has alleged a violation of a constitutional right. If so, the court must then determine if the contours of the right were sufficiently established at the time of the alleged violation. Finally, if the claim meets the requirements of the first two parts of the test, the court should inquire whether an objectively reasonable official would have believed that the action taken or omitted violated that right. *Hatch v. Department of Children, Youth and their Families*, 274 F. 3d. 12, 20 (1st Cir. 2001).

Even assuming that plaintiff established the first part of this test, namely that he was the subject of a constitutional violation, neither Sergeant Didomenica or former Colonel Robbins had fair warning that the BASS tool might violate either federal or state constitutions. Sergeant Didomenica testified that he did extensive research, both nationally and internationally in developing this program. Nothing in his research or interviews with scholars on the subject suggested that such a screening device would be constitutionally suspect. Thus, Downing's claim does not meet the second requirement.

As for the final requirement, given the necessity of the program, and the extensive past and ongoing research on the program, these objectively reasonable officials would not have believed that they were violating any constitutional right. *Hatch*, 274 F.3d at 20. Thus, even if their actions were unconstitutional, they were objectively reasonable. *Wilson v. City of Boston*, 421 F. 3d 45, 55 (1st Cir. 2005). Therefore, as a matter of law, Defendants Didomenica and Robbins are entitled to qualified immunity. *Suboh v. District Attorney's Office*, 298 F. 3d 81, 90 (1st Cir. 2002).

Respectfully submitted,

MASSACHUSETTS STATE POLICE, THOMAS
G. ROBBINS and PETER J. DIDOMENICA,
By their Attorneys

MARTHA COAKLEY
ATTORNEY GENERAL


/s/ Lisa J. Fauth
Mary O'Neill, BBO # 379430
Lisa J. Fauth, BBO # 659505
Assistant Attorneys General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200

## CERTIFICATE OF SERVICE

    I, Lisa J. Fauth, Assistant Attorney General, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first class mail, postage prepaid.

                        /s/ Lisa J. Fauth
                        Assistant Attorney General
                        Trial Division